Peter Charles Horstmann
pete@horstmannlaw.com

March 30, 2005

AUSA Laura Kaplan
Assistant U.S. Attorney
U.S. District Attorney's Office
John Joseph Moakley U.S. Courthouse
One Courthouse Way
Boston, MA 02110

  Re:  *United States v. Scott R. Boidi;* Docket No.: 05CR10025-GAO

     Defendant Scott Boidi's Request For Discovery, Inspection,
     The Production of *Brady* Material, etc.

Dear Attorney Kaplan:

  Please accept this submission as the Defendant Scott Boidi's formal request for discovery, inspection, the production of "*Brady*" materials and other pre-trial and evidentiary matters.

    A. The Defendant's Request For Discovery And Inspection

  Discovery and inspection of the items described below is necessary to the preparation of the defense to the instant charges. This request for discovery and inspection relates to items in the possession, custody, or control of the prosecutors in this case as well as all federal and state agencies or other Governmental entities that may have jointly participated in the investigation and/or preparation of this case.

  With respect to those items which are requested, if the Government does not have physical possession of any or all such item(s), then the Defendant asks for a representation from the prosecution that, to its knowledge such items do not exist, or alternatively, that such items do exist but they are not in the physical possession or control of the Government. Further, if the prosecution in this case is aware that a requested item(s) exists, but it is not in its physical possession or control, then the Defendant requests that the prosecution disclose the whereabouts of such item(s).

A.U.S.A. Laura Kaplan
March 30, 2005
Page 2

      In this regard, the Government is requested to preserve and maintain any and all evidence that may be relevant to the Defendant's case pending resolution of disputed matters by the trial court. Moreover, the Government is asked to contact any or all federal, state and/or local Governmental agencies that participated in any manner in the investigation and preparation of this case to determine whether such agencies are in possession of any discoverable items, and if so, to secure such item(s), specifically including but not limited to any notes or reports (handwritten or otherwise), so that the Defendant may have discovery thereof.  It is the Defendant's position that this investigation has been in existence for over ten years and has involved many federal, state and local investigators.  The Government's attention is respectfully directed to the decision in *Kyles v. Whitley*, 514 U.S. 419 (1995), in which Mr. Justice Souter, expressing the opinion of the Court, explained the Government's obligation to determine the existence of, and to produce, "Brady" materials to a Defendant:

> [The State] suggested below that it would not be held accountable under *Bagley* and *Brady* for evidence known only to police investigators and not to the prosecutor.  To accommodate the State in this manner would, however, amount to a serious change of course from the *Brady* line of cases.  In the State's favor it may be said that no one doubts that police investigators sometimes fail to inform a prosecutor of all they know.  But neither is there any serious doubt that "procedures and regulations can be established to carry [the prosecutor's] burden and to insure communication of all relevant information on each case to every lawyer who deals with it."  Since, then, the prosecutor has the means to discharge the Government's *Brady* responsibility if he will, any argument for excusing a prosecutor from disclosing what he does not happen to know about boils down to a plea to substitute the police for the prosecutor, and even for the courts themselves, as the final arbiters of the Government's obligation the ensure fair trials.

*Id.* at 1568 (quoting *Giglio v. United States*, 405 U.S. 150, 154 [1972]).  Accordingly, the Government is requested to contact any and all such agencies that may have participated in the investigations of this case and to insure that the files of such agencies and their representatives are carefully examined to confirm that all items to which the Defendant is entitled are produced.[1]

---

[1]     As noted above, the Defendant's request that the Government produce any and all information as may be known to, or otherwise be in the possession, custody and/or control of any city, state or federal agency,  is not limited to such information and/or materials that they may be entitled to under the provisions of Rule 16 Fed. R. Crim. Pro., but his request is also for production of any and all "*Brady* and/or *Gigilo*" material and/or "*Jenks*" materials and/or statements (18 U.S.C. § 3500). See, *United States* v. *Paternina-Vergara*, 749 F.2d 993, 996-997 (2nd Cir. 1988).

A.U.S.A. Laura Kaplan
March 30, 2005
Page 3

As used herein, the term "document" means any tangible thing containing, reflecting or capable of reproducing or have reproduced from it, visually or orally, language, numerals or pictures, and relating or referring in any manner to the allegations of the Indictment and the matters referred to therein. It is requested that the Government disclose the following:

1.      The Government is requested to permit the Defendant and his counsel to inspect and or copy any relevant, written or recorded statements or copies thereof, within the possession, custody or control of the Government, the existence of which is known, or by the exercise of due diligence may become known to the prosecutors in this case, which were purportedly made by the Defendant, Scott Boidi or any unindicted co-defendant.

2.      The Government is requested to produce for the Defendant's inspection and/or copying, that portion of any written record containing the substance of any relevant oral statement(s) that may have been made by the Defendant or any unindicted co-defendant.

3.      The Government is requested to produce for the Defendant's inspection and/or copying, the substance of any other relevant oral statement made by the Defendant or any unindicted Co-Defendant, whether before or after arrest in response to any person then known by the Defendant or any unindicted Co-Defendant, to be an agent of the Government or any investigating agency, if the Government intends to use such statement(s), in any manner, at trial.

4.      The Government is requested to produce, for the Defendant's inspection and/or copying, in whatever form, and any and all books, papers, documents, photographs, tangible objects, buildings places or copies of portions thereof, which are within the possession, custody or control of the Government in this case and which are material to the preparation of the Defendant's defense or which are intended for use by the prosecutors in this case as evidence-in-chief at the trial or were obtained from or belong(ed) to a Defendant.

5.      The Defendant further requests production of any books, papers, documents, photographs, tangible objects, buildings or places, or copies thereof, which are within the possession, custody or control of the prosecution that (a) are referred to directly or indirectly in the Indictment; (b) relate to any statement of fact in the Indictment, and/or will be alleged to constitute the fruits or means of perpetuating any offense set forth in the Indictment.

6.      The Government is requested to produce for the Defendant's inspection and/or copying any results or reports of physical or mental examinations and/or any scientific tests or experiments, or copies thereof, which are within the possession, custody or control of the Government in this case, the existence of which is known, or by the exercise of due diligence may become known to the prosecutors in this case and which are material to the preparation of the Defendant's defense. Your attention is respectfully drawn to the fact that this obligation to provide discovery is not limited to only such reports, etc., which the Government intends to offer

A.U.S.A. Laura Kaplan
March 30, 2005
Page 4

during its case-in-chief, but applies to all such information whether the prosecution intends to offer it as evidence or not.

      7.      The Defendant requests a designation by the prosecution in this case of those persons it intends to call as witnesses at the trial of the Indictment and the addresses of such parties. See, *United States v. Sainato*, 33 F.Supp. 155, 161 (E.D.N.Y. 1998).

      The Government is respectfully reminded of its "continuing duty to disclose" any and all additional evidence or other material which has been previously requested or ordered to be disclosed or produced by the Court, or which is subject to discovery under Rule 16 of the Fed. R. Crim. Pro., or otherwise. In the event such additional evidence or information becomes known to the Government, counsel for the Government is requested to contact defense counsel as soon as possible so that discovery and/or inspection thereof can be accomplished. (See, Rule 16 [c]).

      B.    *Brady/Gigilo/Bagley/Kyles* Material

      1.      The Government is requested to disclose at this time, the names and addresses of any person whom the prosecution knows or through the exercise of due diligence may come to know, to have relevant information regarding any of the areas specifically described below, and/or any such information which the Government has reason to believe may tend to exculpate the Defendant, or which may otherwise reflect adversely or be inconsistent with the theory(ies) of the Government's case or which may impeach some or all of the information provided by any Government witnesses or potential witnesses, or otherwise adversely reflects upon any potential Government witness or any person who has supplied information to law enforcement agents in connection with the charges laid in the instant Indictment.

      2.      In this regard, the Defendant respectfully asserts that any information which falls under the broad purview of *Brady* and its progeny - and in particular so-called *Gigilo*[2] or "impeachment materials" - must be turned over at this time. See, *United States v. Sainato*, *supra* at 161.

      3.      The Government is requested to produce at this time, copies of all documents, statements, and any other evidence including, but not limited to, a written summary of all oral evidence and statements, known to the prosecutors in this case or which may become known or which through due diligence may be learned from the investigating agents or witnesses in this case or persons interviewed in connection with this investigation, which is exculpatory in nature or favorable to the Defendant, or which tends to negate or mitigate the guilt of the Defendant as to the offenses charged, or any uncharged criminal conduct which will be proffered by the Government, or which would tend to reduce any punishment therefore, or which may otherwise

---

[2] See, *Gigilo v. United States*, 405 U.S. 450 (1972).

A.U.S.A. Laura Kaplan
March 30, 2005
Page 5

reflect adversely or be inconsistent with the theory(ies) of the Government's case or which may impeach some or all of the information provided by any potential Government witness or any person who has supplied information to law enforcement agents in connection with the charges laid in the instant Indictment. Please include the names, addresses, and telephone numbers of all persons who know or may know of any such favorable or exculpatory evidence.

   4. With respect to each person the prosecution may call as a witness at the trial of this Indictment, the Government is respectfully requested to identify and produce, in whatever form, any agreement(s) and/or understanding(s) to take any action, or refrain from taking any action, or to take or refrain from taking any action(s) at anytime in the future, which exist between such prospective witness and the prosecutor's office or between such witness and any city, state or federal Governmental agency, which has served, or arguably served, as any form of inducement or reward to such putative witness, or which the witness believes will or may enure to his benefit or to the benefit of any member of such witness' family (herein after "benefits"), boyfriend, girlfriend, lover, or to any business or criminal associate(s) of such witness (herein after "persons"). Such "benefits" are intended to include, but are not limited to:

    a. With respect to any indictments, complaints and/or informations brought against any "person(s)" by the federal Government, or by any state or local Government, or any disciplinary actions, licensure proceeding or the like, against any such "persons" - the Government is asked to disclose what actions have been taken, or proposed, including but not limited to, the disposition of any and all charges, consideration in sentencing or other punishment, or any agreement to adjourn the disposition of or not to bring charges. The Government is requested to disclose the circumstances underlying any convictions, dismissals, or understandings to dismiss at a future date, with respect to any "persons." The Government is asked to provide copies of any relevant documents, including but not limited to, any indictments, complaints and/or informations, as well as the date or dates of any dismissals, adjournments, pleas of guilty, or other dispositions, if any, that may have occurred, or will occur in the future, with respect to any such "persons." The Government is asked to disclose the names of the any judges or hearing officers before whom any such relevant actions took place. If the prosecution does not have copies of all indictments, complaints, information, or disciplinary actions, state the dates and places of arrests, hearings, indictments, information, etc., please provide a statement describing any charges brought, and the disposition of those charges so far as they are known.

    b. Set forth a written summary of all charges which could have been brought by any federal, or state of local Government, against any "person," but which have not or may not be brought, or which the witness believes have not or

A.U.S.A. Laura Kaplan
March 30, 2005
Page 6

>may not be brought because the witness is cooperating with or has cooperated with the federal, state or city Governments, in connection with this case.

     5.     Include copies of all "cooperation agreements," or "plea agreements," or "memoranda of understanding" between the prosecutors in this case and any potential witnesses (or his counsel), whether by way of a letter to the attorney for a witness or otherwise. In this regard, and in light of existing case law,[3] this request expressly includes a request for disclosure of any benefits extended to a witness(es) regarding his (their) conditions of confinement, access to contact visits, telephone privileges, or the like. By extension, this request also embraces any inducements or promises or benefits conferred on any other "person" at the behest of any individual whom the prosecution intends to call as a witness at the trial.

     6.     The Government is requested to disclose at this time, all information which may bear on the credibility of any witness and all information bearing on his/her relationship to any federal, state or city agency or agent, and any services or acts performed by him/her with the knowledge of, or at the request of any state, city or federal Government agency.

     7.     The Government is requested to disclose at this time, all documents and other evidence regarding drug or alcohol usage and/or dependency by any individual the prosecution intends to use as a witness at trial, including but not limited to, records relating to treatment of such individuals in any federal, state, city or military drug or detoxification program.

     8.     The Government is requested to disclose at this time, all documents and other evidence or information regarding any physical or mental disease, disability, or disorder, past or present, regarding any individual the prosecution intends to use as a witness at trial, including but not limited to records of hospitalization or other treatments for such physical or mental disease, disability, or disorder.

     9.     The Government is requested to disclose at this time, all information which may demonstrate an inconsistency or arguable inconsistency by a witness with another statement made by another person or that person and all information which may demonstrate a lack of knowledge or denial of knowledge by a witness about the facts of this case or the guilt or innocence of the Defendant.

     10.     The Government is requested to disclose at this time, all information and/or documents relevant to social services, welfare, and other services provided free or at a reduced cost by the City, State or Federal Government to any prosecution witness.

---

[3] See, *United States v. Burnside*, 824 F.Supp. 1215 (N.D. Ill. 1993).

A.U.S.A. Laura Kaplan
March 30, 2005
Page 7

  11. The Government is requested to disclose at this time, copies of any and all records of any law enforcement or other Governmental agency reflecting any commendations, awards, or recognition of any kind received by, or requests for any commendations, awards or recognition of any kind made by, any Governmental attorney, agent or law enforcement officer for any work, action or conduct undertaken in connection with the investigation and prosecution of this case.

  The law is well settled that it is not for the prosecutor to serve as the exclusive arbiter to unilaterally decide what material falls within the purview of *Brady* and its progeny. Accordingly, we ask that any information, which arguably falls within the aforementioned categories be disclosed to defense counsel or at least submitted to the Court for a judicial determination.

  C. <u>Search, Seizure, Identifications and Related Material</u>

  1. The prosecutors in this case are requested to disclose any and all applications (and attendant documents and/or exhibits), affidavits, testimony, inventories and/or orders seeking, granting or denying judicial permission to conduct a physical search of the person of Scott Boidi or any premises in which the Defendant had a reasonable expectation of privacy, which are within the possession, custody or control of the prosecutors, the existence of which is known or through the exercise of due diligence may become known to prosecutors in this case.

  2. The Government is requested to disclose any and all documents, objects or other tangible things which were obtained by virtue of any physical search and/or seizure of the person of Scott Boidi or any premises in which the Defendant had a reasonable expectation of privacy, with or without prior judicial authorization, and which are within the possession, custody or control of the Government, the existence of which is known or through the exercise of due diligence may become known to counsel for the Government.

  3. The Government is requested to disclose whether any pre-trial identification procedures were used in this case, and which concerned the defendant Scott Boidi, including but not limited to photographic displays, lineups, show-ups, etc. If so, the Government is requested to disclose at this time, the nature and circumstances of such identification procedure as well as the time, date, and place of the identification. State whether any witnesses were able and/or unable to identify of the defendant Scott Boidi, made a mistaken identification, or were uncertain in making an identification of the Defendant.

  4. The Government is requested to disclose any and all information, documents, reports, orders, affidavits, etc., which relate in any way to any "mail cover" operations or the examination of the mail of any of the Defendant in this case.

A.U.S.A. Laura Kaplan
March 30, 2005
Page 8

     5.     The Government is requested to disclose any and all information, documents, reports, orders, affidavits, etc., which relate in any way to any "pen register" operations or to the affixing of any instruments to record the telephone number of any incoming or outgoing telephone calls which were utilized in the investigation of this case and which are within the possession, custody or control of the Government, the existence of which is known or through the exercise of due diligence may become known to counsel for the Government.

     6.     The prosecutors in this case are requested to disclose any and all photographs (still photography), as well as any and all video recordings or motion pictures which were made in conjunction with this case, or which relate in any manner to this case, which are within the possession, custody or control of the Government, the existence of which is known or through the exercise of due diligence may become known to counsel for the Government.

     7.     The prosecutors in this case are requested to disclose any and all applications, affidavits, orders or other documents which relate to any telescopically enhanced surveillance which was conducted in conjunction with the investigation underlying this case or which relate in any manner to this case, which is in the possession, custody or control of the Government, the existence of which is known or through the exercise of due diligence may become known to counsel for the Government. If telescopically enhanced surveillance was accomplished without court order, please indicate this, including relevant dates, times, places, etc.

     8.     If any "consent" search of any person or premises was conducted, provide all details of date, time, place and results. The prosecutors in this case are requested to disclose any and all forms, affidavits, or other documents which purport to grant consent to search any individuals, persons or premises which relate, in any manner, to this case and which are in the possession, custody or control of the Government, the existence of which is known or through the exercise of due diligence may become known to counsel for the Government.

     9.     The prosecutors in this case are requested to disclose any and all court-authorized or non-court authorized observations by law enforcement officers of the Defendant that were made from: (a) airplanes, helicopters or other airborne devices; (b) property owned, leased or in which any Defendant had a possessory, leasehold or ownership interest.

     10.     The prosecutors in this case are requested to disclose whether there was any use of any sort of electronic tracking devices (including the tracking of any cellular phones), and if so, whether the use of such devices was pursuant to court or not. The Government is requested to state, if any electronic tracking devices was used, whether such device was wired to any vehicle. If any device was utilized pursuant to the order of any court, then the Government is asked to disclose any and all applications (and attendant documents and/or exhibits), affidavits, testimony, inventories and/or orders seeking, granting or denying judicial permission to use such device(s).

A.U.S.A. Laura Kaplan
March 30, 2005
Page 9

      D.      <u>Wiretapping, Eavesdropping and Consensual Recordings and Related Materials</u>

      1.      Discovery is sought as to all documents, applications, affidavits, supplemental affidavits, exhibits, transcripts, testimony, memoranda, warrants, orders, etc., which purport to grant permission to intercept the "oral," "wire" and/or "electronic" communications (as those terms are defined in 18 U.S.C. § 2510[1], [2]&[5]) of the Defendant and which were issued by any federal, state or city judicial officer, or which relate to communications that emanated from any premises or over any instrument in which any Defendant possessed a proprietary interest, or which were made in connection with a court ordered eavesdropping warrant in which the Defendant was a person against whom the interception of any wire, oral or electronic communication was directed.

      2.      Discovery is also sought as to any and all statements of the Defendant, whether oral, recorded or written, which were seized pursuant to court-ordered eavesdropping, or which emanated from any premises or over any instrument in which the Defendant possessed a proprietary interest, or which were made in connection with a court ordered eavesdropping warrant in which the Defendant was a person against whom the interception of any wire, oral or electronic communication was directed, which are within the possession, custody or control of the Government, the existence of which is known or through the exercise of due diligence may become known to counsel for the Government.

      3.      Discovery is sought as to any and all mechanical or electronic recordings and/or tapes that contain the Defendant's, "oral communications," and/or any "wire communications" which emanated from any premises or over any instrument in which the Defendant possessed a proprietary interest, or which were made in connection with a court ordered eavesdropping warrant in which the Defendant was a person against whom the interception of any wire, oral or electronic communication was directed or who was named as a party to be intercepted or was a person who was in fact intercepted.

      4.      Discovery is sought as to any and all memoranda, logs, line sheets, reports, notes, summaries, transcripts, periodic reports or other written or oral communications whatsoever, which were made by any public servant, or their duly authorized representatives, which relate in any way to any wiretapping or eavesdropping conducted by agents of federal, state or city Governments in which the "oral communications," of the Defendant, were intercepted, or any "wire communications" which emanated from any premises or over any instrument in which the Defendant possessed a proprietary interest, or which were made in connection with a court ordered eavesdropping warrant in which the Defendant was a person against whom the interception of any wire, oral or electronic communication was directed or who was named as a party to be intercepted or was a person who was in fact intercepted.

A.U.S.A. Laura Kaplan
March 30, 2005
Page 10

     5.     Discovery is sought as to any and all requests, applications (whether granted or not) and/or orders seeking or granting any order for the renewal or extension of any previously existing eavesdropping order(s), authorizing the interception of the of the Defendant's communications, whether issued in accordance with 18 U.S.C. §2518 (1)(f) and (3), or which relate to communications that emanated from any premises or over any instrument in which the Defendant possessed a proprietary interest, or which were made in connection with a court ordered eavesdropping warrant in which the Defendant was a person against whom the interception of any wire, oral or electronic communication was directed.

     6.     Discovery is sought as to copies of any and all progress reports, or orders to make such reports, whether issued in accordance with 18 U.S.C. §2518 (6), or otherwise.

     7.     Discovery is sought as to any and all requests, applications and/or orders amending any eavesdropping order or warrant to retroactively authorize the seizure of conversations, of the Defendant dealing with offenses other than those specified in the original order, or any extensions or renewals thereof, made in accordance with the provisions of 18 U.S.C. § 2517 (5), or otherwise.

     8.     Discovery is sought as to any schedule(s), or logs or other documents maintained during or made in conjunction with the interception of any wire or oral communications of the Defendant by law enforcement personnel, which relate to efforts to minimize (as required by 18 U.S.C. §2518[5])  the seizure of privileged communications or communications not otherwise subject to interception under the terms and conditions imposed by the judicial eavesdropping order(s) extent.

     9.     Discovery is sought as to any and all requests, applications and/or orders seeking or requiring the sealing of tapes recordings (as required by 18 U.S.C. § 2518[8][a]) that relate to this case, specifically including any submissions made by any Government representative to any judge, and/or the transcript(s) or record(s) of any proceedings and any affidavits or other written papers submitted in connection therewith, which relate to the sealing of any tapes, or the failure to seal or the failure to "immediately" seal any tape recordings that relate to this case.  Discovery of such information is also requested as to any "agent," co-Defendant, or alleged "co-conspirator" of the Defendant.

     10.     Any and all documents which relate to the use of "pen registers," "trap" or "trace" devices by law enforcement personnel in conjunction with this case.

     11.     Copies of any and all inventories prepared in conjunction with wiretapping or eavesdropping activity, which relate to this case.

A.U.S.A. Laura Kaplan
March 30, 2005
Page 11

      12.      Copies of any and all transcripts prepared from tapes made in conjunction with or subsequent to wiretapping or eavesdropping activity, which relate to the present case.

      13.      Copies of any and all reports required pursuant to 18 U.S.C. § 2519(1) or state counterparts thereof.

      14.      Copies of any and all orders served in conjunction with the requirement to provide notice of overhear, pursuant to 18 U.S.C. § 2518 (8)(d) or otherwise, and any and all documents relevant to extensions or renewals thereof.

      15.      Any and all documents which reflect the consent of any person to have his or her wire or oral communications intercepted, which are in the possession, custody or control of the Government, the existence of which is known or through the exercise of due diligence may become known to the Government;

      16.      Any and all applications, requests or correspondence seeking the permission of the Attorney General of the United States or any other federal or state law enforcement officer, to consensually record wire or oral communications, which are in the possession, custody or control of the Government, the existence of which is known or through the exercise of due diligence may become known to counsel for the Government;

      17.      Any and all transcripts, tapes or recordings (made pursuant to consent of the party[ies] or by court order) in the possession, custody or control of the Government, the existence of which is known or through the exercise of due diligence may become known to counsel for the Government, which were made by a person who had given prior consent to such interception whether or not such person was a law enforcement officer or Government employee;

      18.      Any and all orders permitting the interception of radio communications and all tapes or recordings produced in accordance therewith.

      19.      Any and all subscriber or customer records of the Defendant obtained pursuant to Section 2703 of the Electronic Communications Privacy Act of 1986, and any documents which authorized the Government to obtain such information.

A.U.S.A. Laura Kaplan
March 30, 2005
Page 12

> E. The Defendant Requests That The Government Give Notice Of And Identify, Any Evidence Of Uncharged Crimes Or Alleged Prior And/Or Subsequent Acts Of Moral Turpitude, Which The Government Proposes To Introduce Pursuant To <u>Rule 404 (b) Of The Fed. R. Evid.</u>

Pursuant to Rule 404(b), the Government is required to "provide [the defense with] reasonable notice, in advance of trial . . . of the general nature of any such evidence it intends to offer at trial." The notes of the Committee on Judiciary indicate that the disclosure of such "other crimes" proof is not limited to evidence which the Government intends to offer in its case-in-chief; "the amendment requires the prosecution to provide notice, regardless of how it intends to use the extrinsic act evidence at trial, i.e., during its case-in-chief, for impeachment, or for possible rebuttal." Accordingly, the Defendant respectfully requests that the Government provide notice, at this time, of any evidence, which would be subject to the provisions of Rule 404(b).

The Defendant's request for "other crimes" proof is also predicated upon the authority of Rule 12(d)(1) and (2) of the Federal Rules Criminal Procedure. As Judge Elfvin explained in *United States v. Gullon*, 672 F.Supp. 99, 105 (W.D.N.Y. 1987), "one of the purposes of Rule 12(d) is to obviate the need for Defendant to make motions against evidence which will not be introduced at trial." "Other crimes" proof has specifically been deemed to fall within the purview of Rule 12(d)(2).[4] Thus, the Defendant relies upon the authority of Rule 12(d) as a supplementary basis to seek pretrial disclosure of such proof.

> F. Defense Request Pursuant To Rule 12 (d)(2) For Notice By <u>The Government Of Its Intention To Use Evidence</u>

The Defendant respectfully requests that the Government give notice of its intention to offer evidence in accordance with the provisions of Rule 12 (d)(2) of the Fed. R. Crim. Pro. In order to afford the Defendant a full and fair opportunity to move to suppress or otherwise exclude evidence pursuant to, *inter alia*, Rule 12 (b)(3) of the Fed. R. Crim. Pro., 18 U.S.C. § 3504, 18 U.S.C. § 2515 and 2518 (9)&(10)(a) and the Fourth Amendment of the United States Constitution, the Government is herewith requested to give notice at this time of its intention to use any evidence, including but not limited to, evidence that the Defendant is entitled to discover under Rule 16, 18 U.S.C. 2518 *et seq*, or under the authority of any other Rule, statute or by Order of this Court.

---

[4] See also, *United States v. Padilla*, 744 F.Supp. 1425, 1427 (N.D.Ill. 1990); *United States v. Cole*, 707 F.Supp. 999, 1004 (N.D.Ill. 1989).

A.U.S.A. Laura Kaplan
March 30, 2005
Page 13

        G.    Request Pursuant To Rule 807 Of The Federal Rules Of Evidence

The Defendant respectfully requests that the Government provide his counsel with notice, at this time, of any evidence which it will seek to offer pursuant to Rule 807 of the Federal Rules of Evidence. This Rule provides, *inter alia*, that a hearsay statement offered under this exception may not be admitted ". . . unless the proponent of it makes known to the adverse party, sufficiently in advance of trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponents intention to offer the statement and the particulars of it, including the name and address of the declarant." Accordingly, in the event that the Government intends to offer any evidence pursuant to Rule 807, it is requested to make pretrial disclosure of all relevant information at this time.

        H.    Notice Of The Government's Intention To Offer Any Statements, Pursuant To 18 U.S.C. § 3501 Or Otherwise, Alleged To Be A "Confession" Of The Defendant, Or Any "Confession(s)" Of Any Co-Defendant(s) That May, Directly Or Indirectly, Implicate Such Defendant

The Defendant respectfully requests that the Government, at this time, provide notice of its intention to offer any evidence which could be deemed to constitute a "statement" and/or a "confession" by any co-Defendant of the Defendant, Scott Boidi, and/or the "statements" and/or "confession(s)" of any co-Defendant(s), which arguably implicate, directly or indirectly, Mr. Scott Boidi. Notice of any confessions by any co-Defendant(s) is sought so that the Defendant may move, pursuant, *inter alia*, to 18 U.S.C. § 3501 and/or *Bruton v. United States*, 392 U.S. 123 (1968) and its progeny, to suppress or otherwise exclude such evidence. Also see, 18 U.S.C. §3501

        I.    Miscellaneous Materials

    1.    The Defendant Scott Boidi requests a copy of his prior criminal record. In addition, he requests the prior criminal record, if any, of any unidicted Co-Defendant and/or alleged agents or co-conspirators if the prosecution intends to offer such records at trial.

    2.    State whether any witness or prospective witness was hypnotized. If so, describe the circumstances surrounding the hypnosis and provide copies of any video and/or tape recordings which may have been prepared to memorialize the hypnotic procedure.

    3.    The Defendant requests timely production of all statements required to be disclosed under the provisions of 18 U.S.C. § 3500, including but not limited to handwritten and other informal notes of interviews. The Government is also requested to produce all responsive materials prepared by or in the possession of any participating agencies. *See United States v.*

A.U.S.A. Laura Kaplan
March 30, 2005
Page 14

*Paternina-Vergara*, 749 F.2d 993, 997 (2d Cir. 1984).  Additionally, the Defendant requests that rough drafts or handwritten notes of such statements be preserved and produced.  In this regard the Government is specifically requested to immediately contact any and all law enforcement agents, agencies, individuals or entities that may possibly have information or statements subject to production under 18 U.S.C. §3500 and to inform them to preserve any and all rough drafts, handwritten notes, recordings or other memorialized statements or information.  If any such statements, drafts or notes have been or are intended to be discarded or destroyed, please identify such statements and notes in sufficient detail to permit a request to the Court for appropriate relief in advance of trial.

      4.    The Defendant requests that the Government produce any and all "draft transcripts" which it may have created from any electronically recorded communications which relate to this case, and to continue to produce such additional "draft transcripts" as may subsequently be created in preparation for the trial of this matter.  In this regard counsel for the Defendant will agree to enter into and execute a stipulation representing that he will not utilize such draft transcripts as may be produced by the prosecution for the purpose of cross examining any Government witness as to the accuracy of any such transcript or the contents of any underlying tape recording.

      J.    <u>Conclusion</u>

If you would like to discuss any of the items or information requested, or the basis upon which any request is predicated, please do not hesitate to contact my office. Your attention to this matter is greatly appreciated.

      Very truly yours,


      Peter Charles Horstmann, Esquire


cc:    Clerk of the Court
      United States District Court, Electronically