UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS



| | |
|---|---|
| UNITED STATES OF AMERICA | ) Crim**05**CR **10025**GAO |
| | ) |
| | ) Violations: |
| | ) |
| v. | ) 18 U.S.C. §§ 1962, |
| | ) 1512, 1505, 924(c) and 2, 29 |
| | ) U.S.C. § 501(c), 21 U.S.C. |
| | ) §§ 841, 843(b) |
| | ) |
| SCOTT BOIDI | ) |
| Defendant | ) |

### FIRST SUPERSEDING INDICTMENT

The Grand Jury charges that:

At all times material to this Indictment:

1.  Local 88 of The Laborers' International Union of North America Compressed Air & Free Air Shafts, Tunnels, Foundations, Caissons Test-Boring, Subway, Sewer Cofferdam Construction Workers Union of Massachusetts and Vicinity (hereinafter referred to as "Local 88") is a labor organization which had as many as 830 members during the relevant time period.

2.  Local 88 had its principal offices located at 279 Northern Avenue, Boston, Massachusetts and 170 Washington Street, Quincy, Massachusetts.

3.  The defendant SCOTT BOIDI was elected Business Manager of Local 88 in June 1991 and served in such position through May 2002.

1

4.    Local 88 qualifies as a "labor organization" under the
Labor Management Reporting and Disclosure Act, Title 29, United
States Code, Section 402(i), and is subject to the various
provisions of the Labor Management Reporting and Disclosure Act
governing "labor organizations."

5.    Pursuant to the Labor Management Reporting and
Disclosure Act, Title 29, United States Code, Section 501(a),
"officers, agents, shop stewards, and other representatives of a
labor organization occupy positions of trust in relation to such
organization and its members as a group."  As Business Manager,
defendant SCOTT BOIDI was an officer of Local 88 and was subject
to Section 501(a) of the Labor Management Reporting and
Disclosure Act, Title 29, United States Code.  In such capacity,
defendant SCOTT BOIDI occupied a position of trust in relation to
Local 88 and its members as a group, and was subject to several
fiduciary duties pursuant to section 501(a) including: (1) the
duty to refrain from holding or acquiring any pecuniary or
personal interest which conflicts with the interests of Local 88;
and (2) the duty to account to Local 88 for any profit received
by him in whatever capacity in connection with transactions
conducted by him or under his direction on behalf of such
organization.

6.    Pursuant to the Labor Management Reporting and
Disclosure Act, Title 29, United States Code, Section 432(a)(4),

2

"Every officer of a labor organization and every employee of a labor organization (other than an employee performing exclusively clerical or custodial services) shall file with the Secretary of Labor a signed report listing and describing for his preceding fiscal year...any income or any other benefit with monetary value (including reimbursed expenses) which he or his spouse or minor child directly or indirectly derived from, a business any part of which consists of buying from, or selling or leasing directly or indirectly to, or otherwise dealing with such labor organization."

Defendant SCOTT BOIDI, as officer and employee of Local 88 not performing exclusively clerical or custodial duties, was subject to the reporting requirements within Section 432(a)(4).

7. The Uniform Local Union Constitution of the Laborers' International Union of North America, which was amended on September 9-12, 1991, sets forth the rules of every Local union of LIUNA and officers thereof. Said Constitution provides, among other things, the following:

(A) that the Local Union must conduct its affairs in a manner which would most tend to enhance, conserve and protect the welfare and interest of the International Union, its affiliates and members;

(B) that the Business Manager shall use all proper and lawful means of organizing the work coming within the territorial and craft jurisdiction of the Local Union; and

(C) that for all monies collected by the Business Manager in the field, he shall give an official receipt furnished by the International Union, which monies he shall then turn over to the

3

Secretary-Treasurer of the Local Union, as soon as is

practicable, and obtain a receipt therefor.

8.   The LIUNA Ethical Practices Code, which was promulgated

on February 15, 1995, sets forth ethical practices applicable to

every Local Union of LIUNA and officers thereof.   The Ethical

Practices Code specifies that:

> "The Union shall ensure that its operations shall be
> conducted in a democratic and fair matter.   Corruption,
> discrimination, or anti-democratic procedures shall not be
> permitted under any circumstances...
> Union funds are held in trust for the benefit of the
> membership...
> Nor shall any officer, representative or employee... of any
> Local Union accept personal profit or special advantage
> from any action or any officer or representative of the
> Union.
> Any person who represents LIUNA and its members, whether
> elected or appointed, has a sacred trust to serve the best
> interests of the members and their families.   Therefore,
> every officer and representative must avoid any outside
> conflicts of interest.   The special fiduciary nature of the
> Union office requires the highest loyalty to the duties of
> the office.
> [n]o officer or representative of the Union shall have a
> personal financial interest which conflicts with his/her
> Union duties."

SCOTT BOIDI, as an officer and representative of Local 88, had a

duty to perform his duties in accordance with the requirements of

the Uniform Local Union Constitution of the LIUNA and the LIUNA

Ethical Practices Code.

4

## COUNT ONE
### (Racketeering)

9.   The allegations numbered one through eight are realleged and incorporated herein.

### A.   The Enterprise

10.   Local 88 was a labor union.  Local 88, including its leadership, membership and associates, constituted an "enterprise" as defined by Title 18, United States Code, Section 1961(4).  The Enterprise consisted of a labor union known as Local 88.  Local 88 was engaged in, and its activities affected, interstate commerce.

11.   As Business Manager, the defendant participated in the operation and management of Local 88.

12.   At all times relevant to this Indictment, defendant SCOTT BOIDI was a Business Manager of Local 88 who directed and supervised other members of the enterprise in carrying out unlawful and other activities in furtherance of the conduct of the enterprise's affairs.  As Business Manager, BOIDI had the authority and responsibility, among other things, to process membership applications, which included collecting initiation fees from prospective members to obtain their union book, and place members in jobs.  In performing his duties with respect to referring members to jobs, BOIDI was required to follow the LIUNA Job Referral Rules which were promulgated at or about the same time as the Ethical Practices Code, in order for LIUNA and its

5

subordinate Local unions "to maintain and administer a processing system for referral of members to employment in a fair and equitable manner."

13. Defendant SCOTT BOIDI was engaged in, among other things, mail fraud, embezzlement, distribution of drugs, and witness tampering.

14. Beginning in or about September 1994 and continuing to on or about June 13, 2002, within the District of Massachusetts and elsewhere, defendant SCOTT BOIDI, being a person employed by and associated with Local 88, an enterprise engaged in, and the activities of which affected, interstate commerce, knowingly and intentionally conducted and participated, directly and indirectly, in the conduct of the affairs of Local 88 through a pattern of racketeering activity, that is, through the commission of the acts more fully described below.

## B. The Pattern of Racketeering Activity

15. The pattern of racketeering activity as defined in Title 18, United States Code, Sections 1961(a) and (5) consisted of the following acts:

### Racketeering Act One: (Honest Services Mail Fraud)

In or around September 28, 1994, in the District of Massachusetts, the defendant SCOTT BOIDI did unlawfully, and knowingly devise and intend to devise a scheme and artifice to defraud Local 88 and its members.

6

The scheme and artifice to defraud by defendant SCOTT BOIDI was intended to deprive Local 88 and its members of their intangible right to the defendant's honest services, including the honest services defendant owed to Local 88 and its members pursuant to Sections 501(a), and 432(a)(4) of the Labor Management Reporting and Disclosure Act, and the Uniform Local Union Constitution of LIUNA.

It was part of said scheme and artifice to defraud that the defendant agreed to accept and accepted a thing of value from John Doe 1 with the intent to be influenced in his decisions regarding the admission of an individual to membership in Local 88 and the placement of the individual in a job.

On or about September 28, 1994, in the District of Massachusetts and elsewhere, defendant SCOTT BOIDI, having devised and intending to devise the aforementioned scheme and artifice to defraud described above, and for the purpose of executing said scheme and artifice and attempting to so, did knowingly place or cause to be placed the following matter and thing, namely a Report of Initiation for John Doe 2, in a post office and authorized depository for mail to be sent and delivered by the Postal Service to LIUNA at 905 16th Street, N.W., Washington, D.C. according to the direction thereon, in violation of Title 18, United States Code, Sections 1341, 1346 and 2.

## Racketeering Act Two:
## (Honest Services Mail Fraud)

In or around August 31, 1998, in the District of
Massachusetts, the defendant SCOTT BOIDI did unlawfully, and
knowingly devise and intend to devise a scheme and artifice to
defraud Local 88 and its members.

The scheme and artifice to defraud by defendant SCOTT BOIDI
was intended to deprive Local 88 and its members of their
intangible right to the defendant's honest services, including
the honest services defendant owed to Local 88 and its members
pursuant to Sections 501(a), and 432(a)(4) of the Labor
Management Reporting and Disclosure Act, the LIUNA Ethical
Practices Code and the LIUNA Job Referral Rules.

It was part of said scheme and artifice to defraud that the
defendant agreed to accept and accepted a thing of value from
John Doe 1 with the intent to be influenced in his decisions
regarding the admission of an individual to membership in Local
88 and the placement of the individual in a job.

On or about August 31, 1998, in the District of
Massachusetts and elsewhere, defendant SCOTT BOIDI, having
devised and intending to devise the aforementioned scheme and
artifice to defraud described above, and for the purpose of
executing said scheme and artifice and attempting to so, did
knowingly place or cause to be placed the following matter and
thing, namely a Report of Initiation for John Doe 3, in a post

8

office and authorized depository for mail to be sent and delivered by the Postal Service to LIUNA at 905 16th Street, N.W., Washington, D.C. according to the direction thereon, in violation of Title 18, United States Code, Sections 1341, 1346 and 2. 39(a).

## Racketeering Act Three
### (Embezzlement of Union Assets)

On or about October 10, 2001, in the District of Massachusetts and elsewhere, defendant SCOTT BOIDI, while an officer of Local 88, did embezzle, steal and unlawfully and willfully abstract and convert to his own use the moneys, funds, securities, property, and other assets of said labor organization, namely a check made payable to himself in the approximate amount of $16,148.93, in violation of Title 29, United States Code, Section 501(c) and Title 18, United States Code, Section 2.

## Racketeering Act Four
### (Embezzlement of Union Assets)

Between in or about October 2001 through November 2001, in the District of Massachusetts and elsewhere, defendant SCOTT BOIDI, while an officer of Local 88, did embezzle, steal and unlawfully and willfully abstract and convert to his own use the moneys, funds, securities, property, and other assets of said labor organization in the approximate amount of $1,802.56, said sum constituting payment for a Hertz rental car for his personal use, in violation of Title 29, United States Code, Section 501(c)

9

and Title 18, United States Code, Section 2.

### Racketeering Act Five
### (Embezzlement of Union Assets)

Between in or about January 2002 and in or about March 2002, in the District of Massachusetts and elsewhere, defendant SCOTT BOIDI, while an officer of Local 88, did embezzle, steal and unlawfully and willfully abstract and convert to his own use the moneys, funds, securities, property, and other assets of said labor organization in the approximate amount of $7,500, said sum constituting union dues received by Local 88, in violation of Title 29, United States Code, Section 501(c) and Title 18, United States Code, Section 2.

### Racketeering Act Six
### (Possession With Intent to Distribute Cocaine and Use of Communication Facility)

The defendant committed the following acts of racketeering, any one of which alone constitutes the commission of Racketeering Act Six.

**(a)   (Possession With Intent to Distribute Cocaine)**   Between in or about January 2000 and in or about June 2002, in the District of Massachusetts, the defendant, SCOTT BOIDI, did knowingly and intentionally possess cocaine, a Schedule II controlled substance, with intent to distribute and did distribute cocaine, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

10

It is further alleged that the offense described herein involved five hundred (500) grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B)(ii)(II).

**(b) (Use of Communication Facility)** On or about November 7, 2001, in the District of Massachusetts, and elsewhere, defendant SCOTT BOIDI knowingly and intentionally used a communication facility, namely a telephone, in committing, causing and facilitating the offense set forth in Racketeering Act Six (a) and Count Five of this Indictment incorporated by reference herein, in violation of Title 21, United States Code, Section 843(b).

## Racketeering Act Seven
## (Witness Tampering)

On or about June 13, 2002, in the District of Massachusetts and elsewhere, defendant SCOTT BOIDI did intimidate, threaten, and corruptly persuade John Doe 4 by instructing John Doe 4 to lie to a federal grand jury sitting in the District of Massachusetts with the intent to influence, delay or prevent the testimony of John Doe 4 in the grand jury, in violation of Title 18, United States Code, Section 1512(b)(2).

All in violation of Title 18, United States Code, Section 1962(c).

11

## COUNT TWO
### (Embezzlement of Union Assets)

16. On or about October 10, 2001, in the District of
Massachusetts and elsewhere, defendant

SCOTT BOIDI,

while an officer of Local 88, did embezzle, steal and unlawfully
and willfully abstract and convert to his own use the moneys,
funds, securities, property, and other assets of said labor
organization, namely a check made payable to himself in the
approximate amount of $16,148.93.

All in violation of Title 29, United States Code, Section
501(c) and Title 18, United States Code, Section 2.

12

## COUNT THREE
### (Embezzlement of Union Assets)

17.  Between in or about October 2001 through November 2001, in the District of Massachusetts and elsewhere, defendant SCOTT BOIDI, while an officer of Local 88, did embezzle, steal and unlawfully and willfully abstract and convert to his own use the moneys, funds, securities, property, and other assets of said labor organization in the approximate amount of $1,802.56, said sum constituting payment for a Hertz rental car for his personal use.

All in violation of Title 29, United States Code, Section 501(c) and Title 18, United States Code, Section 2.

13

## COUNT FOUR
### (Embezzlement of Union Assets)

18.   Between in or about January 2002 through in or about
March 2002, in the District of Massachusetts and elsewhere,
defendant

### SCOTT BOIDI,

while an officer of Local 88, did embezzle, steal and unlawfully
and willfully abstract and convert to his own use the moneys,
funds, securities, property, and other assets of said labor
organization in the approximate amount of $7,500, said sum
constituting union dues received by Local 88.

All in violation of Title 29, United States Code, Section
501(c) and Title 18, United States Code, Section 2.

14

## COUNT FIVE
## (Possession With Intent to Distribute Cocaine)

19.  Between in or about January 2000 through in or about June 2002, in the District of Massachusetts, the defendant,

SCOTT BOIDI

did knowingly and intentionally possess cocaine, a Schedule II controlled substance, with intent to distribute and did distribute cocaine.

It is further alleged that the offense described herein involved at least five hundred (500) grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.  Accordingly, Title 21, United States Code, Section 841(b)(1)(B)(ii)(II) applies to this Count.

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

15

## COUNT SIX
## (Use of Communication Facility)

20. On or about November 7, 2001, in the District of
Massachusetts, and elsewhere, the defendant,

SCOTT BOIDI

did knowingly and intentionally use a communication facility,
namely a telephone, in committing, causing and facilitating the
offenses set forth in Racketeering Act Six and Count Five of this
Indictment incorporated by reference herein.

All in violation of Title 21, United States Code, Section
843(b).

## COUNT SEVEN
### (Carrying a Firearm)

21.   Between in or about January 2000 through in or about June 2002, in the District of Massachusetts, the defendant,

### SCOTT BOIDI

did knowingly use and carry a 9 millimeter handgun during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, namely possessing cocaine with intent to distribute as charged in Count Five.

All in violation of Title 18, United States Code, Section 924(c)(1)(A).

17

## COUNT EIGHT
### (Witness Tampering)

22. On or about October 12, 2000, in the District of Massachusetts and elsewhere, defendant

SCOTT BOIDI

did corruptly, and by threats, influence, obstruct and impede and endeavor to influence, obstruct and impede the due and proper administration of the law under which a proceeding was pending before a department or agency of the United States, namely, the National Labor Relations Board ("NLRB").

All in violation of Title 18, United States Code, Section 1505.

## COUNT NINE
### (Witness Tampering)

23.   On or about June 13, 2002, in the District of
Massachusetts and elsewhere, defendant

### SCOTT BOIDI

did knowingly intimidate, threaten, and corruptly persuade John
Doe 4 by instructing John Doe 4 to lie to a federal grand jury
sitting in the District of Massachusetts with the intent to
influence, delay or prevent the testimony of John Doe 4 in the
grand jury.

All in violation of Title 18, United States Code, Section
1512(b)(2).

19

## CRIMINAL FORFEITURE ALLEGATION
## (18 U.S.C. § 1963)

24. The allegations contained in Count One of this Indictment are hereby repeated, realleged, and incorporated by reference herein as though fully set forth at length for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 1963. Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 1963 in the event of the defendant's conviction under Count One of this Indictment.

25. The defendant,

## SCOTT BOIDI,

i. has acquired and maintained an interest in violation of Title 18, United States Code, Section 1962, which interest is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(1);

ii. has property constituting and derived from proceeds which he obtained, directly and indirectly, from racketeering activity, in violation of Title 18, United States Code, Section 1962, which property is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(3).

26. The interest of the defendant subject to forfeiture

20

to the United States pursuant to Title 18, United States Code, Section 1963(a)(1) and (a)(3), includes but is not limited to at least \$25,000.

27.   **Substitute Assets** (18 U.S.C. §§ 1963(m)): If any of the property described in paragraphs 24 and 25 above, as a result of any act or omission of the defendant --

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third party;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value;  or

(5) has been commingled with other property which cannot be divided without difficulty;

the court shall order the forfeiture of any other property of the defendants up to the value of any property set forth in paragraphs 24 and 25 above.

All in violation of Title 18, United States Code, Section 1963 and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

## CRIMINAL FORFEITURE ALLEGATION
## 18 U.S.C. §981(a)(1)(C) and 28 U.S.C. §2461(c)

Upon conviction of one or more of the offenses alleged in Counts Two, Three and Four of this Indictment, Embezzlement of Union Assets in violation of 29 U.S.C. §501(c), defendant,

### SCOTT BOIDI,

shall forfeit to the United States, pursuant to 18 U.S.C. §981(a)(1)(C) and 28 U.S.C. §2461(c), any property, constituting or derived from proceeds obtained directly or indirectly as a result of the said violations, including, but not limited to the following:

the amount of $25,451.45

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third party;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21,

22

United States Code, Section 853(p), as incorporated by 28 U.S.C.
§2461, to seek forfeiture of any other property of the said
defendant up to the value of the forfeitable property described
above.

All in violation of Title 18, United States Code, Section
981(a)(1)(C) and Title 28, United States Code, Section 2461(c)
and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

23

## FORFEITURE ALLEGATION
### (21 U.S.C. §853)

Upon conviction of one or more of the controlled substances offenses in violation of Title 21, United States Code, Section 841, alleged in Count Five of this Indictment, the defendant,

### SCOTT BOIDI

shall forfeit to the United States pursuant to 21 U.S.C. §853, any property constituting or derived from, proceeds obtained, directly or indirectly, as a result of the said violations and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violations.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(1)  cannot be located upon the exercise of due diligence;

(2)  has been transferred or sold to, or deposited with, a third person;

(3)  has been placed beyond the jurisdiction of the Court;

(4)  has been substantially diminished in value; or

(5)  has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. §853(p), to seek forfeiture of any other property of said defendant up to the value of the above-described forfeitable

24

property.

All in violation of Title 21, United States Code, Section 853 and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

**A TRUE BILL**

**FOREPERSON OF THE GRAND JURY**

LAURA J. KAPLAN
Assistant U.S. Attorney

MAR 31 2005
DISTRICT OF MASSACHUSETTS; March   , 2005.

Returned into the District Court by the Grand Jurors and filed.

Noreen Russo Deputy Cler
@11:40 A.M,

25

%JS 45 (5/97) - (Revised USAO MA 1/15/04)

| **Criminal Case Cover Sheet** | **U.S. District Court - District of Massachusetts** |
|---|---|

**Place of Offense:** Boston/Quincy    **Category No.** 2    **Investigating Agency** DEA,DOL,BICE,BPD

**City** Boston/Quincy    **Related Case Information:**

**County** Norfolk/Suffolk

Superseding Ind./ Inf. X    Case No. 05-10025(GAO)
Same Defendant    x    New Defendant
Magistrate Judge Case Number
Search Warrant Case Number
R 20/R 40 from District of

**Defendant Information:**

Defendant Name  SCOTT BOIDI    Juvenile  ☐ Yes  ☒ No

Alias Name  n/a

Address  32 Water St., Pembroke, MA

Birth date (Year only): 1958  SSN (last 4  956  Se  m  Race:  white    Nationality  us

**Defense Counsel if**    Peter Horstmann, Esq.    **Address:** 200 Berkeley, Boston, MA

**Bar Number:**

**U.S. Attorney Information:**

**AUSA** Laura J. Kaplan    **Bar Number if**

Interpreter:  ☐ Yes ☒ No    List language and/or dialect:

Matter to be SEALED:  ☐ Yes ☒ No

☐ **Warrant Requested**    ☒ **Regular Process**    ☐ **In Custody**

**Location Status:**

**Arrest Date:**

☐ **Already in Federal Custody**  _____ in _____ .
☐ **Already in State**  _____  ☐ **Serving Sentence**  ☐ **Awaiting Trial**
☒ **On Pretrial**    **Ordered** _____ **on** _____

**Charging Document:**  ☐ Complaint    ☐ Information    ☒ Indictment

**Total # of Counts:**  ☐ Petty _____  ☐ Misdemeano _____  ☒ Felony  9

**Continue on Page 2 for Entry of U.S.C. Citations**

☐    I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are accurately set forth above.

**Date**  March 31, 2005    **Signature of**  *Laura Kaplan*

JS 45  (5/97) - (Revised USAO MA 3/25/02) Page 2 of 2 or Reverse

**District Court Case Number  (To be filled in by deputy**

**Name of Defendant    Scott Boidi**

## U.S.C. Citations

| Index Key/Code | Description of Offense Charged | Count Numbers |
|---|---|---|
| Set 1    18 U.S.C. § 1962 | RICO | 1 |
| Set 2    29 U.S.C § 501(c) | Embezzlement of Union Assets | 2-3-4 |
| Set 3    21 U.S.C. § 841 | Distribution of Drugs | 5 |
| Set 4    21 U.S.C. § 843(b) | Use of Communication Facility | 6 |
| Set 5    18 U.S.C. § 941(c) | Carrying a Firearm | 7 |
| Set 6    18 U.S.C. § 1512(b)(1)(A) | Witness Tampering | 8-9 |
| Set 7 | | |
| Set 8 | | |
| Set 9 | | |
| Set 10 | | |
| Set 11 | | |
| Set 12 | | |
| Set 13 | | |
| Set 14 | | |
| Set 15 | | |

**ADDITIONAL INFORMATION:**