UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
UNITED STATES              )
                           )
v.                         )
                           )     Criminal No.: 05 CR 10025-GAO
SCOTT R. BOIDI,            )
    Defendant.             )
_____)

**MOTION FOR DISCOVERY OF GRAND JURY MINUTES
AND INCORPORATED MEMORANDUM IN SUPPORT OF MOTION FOR
DISCOVERY OF GRAND JURY MINUTES**

NOW COMES the Defendant, Scott Boidi, ("Boidi"), through counsel, and respectfully moves this Honorable Court, pursuant to Rules 6, 12 and 16 of the Federal Rules of Criminal Procedure, for an Order requiring that the following matters relevant to the Grand Jury be disclosed forthwith:

1. The names and addresses of all attorneys for the Government appearing before, presenting evidence to, or making statements to, the Grand Jury.

2. A statement as to whether any unsworn witnesses or unauthorized persons were present in the Grand Jury room.

3. A statement as to when the Grand Jury first commenced its duties, and a copy of any documents or orders relating to or extending its legal authority or term.

4. A transcript of the Grand Jury minutes.

5. The Government has objected to the instant request.

1

6. The Court's attention is respectfully drawn to the Memorandum in support of the instant motion incorporated herein.

## I. INTRODUCTION

The Defendant, Scott Boidi, has moved this Honorable Court to order the Government to disclose specific testimony information and documents relating to the Grand Jury investigation in this case, pursuant to Fed.R.Crim.P. 6(e)(3)(C)(ii), to ensure that no abuse or defects of the grand jury proceeding exist which would warrant dismissal of the First Superseding Indictment against Scott Boidi. Counsel for Scott Boidi have a good faith basis for believing such abuse or defects may have occurred.

## II. FACTS

The First Superceding Indictment, ("the Indictment"), charges a substantive racketeering charge in Count One of the Indictment. Counts Two through Seven and Count Nine are identical to Racketeering Acts Three through Seven and Act Nine. Essentially, the Indictment charges that the racketeering enterprise was the Local 88 labor union of which Boidi was the Business Manager from June, 1991 through May 0f 2002. Racketeering Acts One and Two allege that Boidi accepted something of value in exchange for the union membership of two individuals. During this same period of time Boidi was responsible for the admission of hundreds of new members in to the union. The Government is known to have interviewed several other union members regarding whether they gave Boidi anything for membership. Negative reports would constitute exculpatory evidence.

Racketeer Acts Three, Four and Five (Counts Two, Three and Four) allege embezzlement of union assets by Boidi. Act Three, (Count Two), states that on October 10, 2001, Boidi embezzled $16,148.93 in union funds in a check made payable to himself. (*See* Exhibit 1, *attached hereto*). However, this was an expense reimbursement check for expenses approved by the union and which Boidi ultimately reimbursed the union $10,537.38 on December 31, 2001. (*See* Exhibit 2, *attached hereto*). The following facts, of which the Government is aware, do not support a charge of embezzlement under 29 U.S.C. § 501(c) and raise questions regarding the Government's presentation of its case to the Grand Jury.

Similarly, with respect to Act Four, (Count Three), the Government has charged an embezzlement of $1,802.56 for rental car expenses incurred by Boidi which were approved by the union at a board meeting. Boidi was never asked by the union to pay back any portion of these expenses. Once again, the Government's presentation to the Grand Jury that returned the Indictment is suspect based on these facts.

Additionally, Racketeering Act Seven, (Count Nine), charges that on June 13, 2002, Boidi tampered with a witness before the Grand Jury. However, at the time this alleged offense was committed, Boidi was at an inpatient drug treatment facility with restricted phone and visitor access. Once again calling into question the Government's presentation of its case to the Grand Jury. More importantly, the witness allegedly tampered with on June 13, 2002, has a lengthy criminal record and is believed to have provided testimony on other counts as well.

### III. ARGUMENT

This is a complicated racketeering Indictment with several seemingly unrelated crimes joined under a single alleged enterprise. It is important for Boidi, in light of other suspected irregularities set forth herein, to review the instructions given to the Grand Jury as to the racketeering charge and how the Government argued the crimes were related to the enterprise.

The Court, in its discretion, may release grand jury material prior to trial. *See United States v. Horsley*, 621 F.Supp. 1060, 1066 (W.D.Pa. 1985). In order for such a disclosure of grand jury materials to be ordered by the Court, Scott Boidi must make a showing that there exists a "particularized need" for such disclosure. *United States v. Bertucci*, 333 F.2d 292, 297 (3d Cir. 1964). In order for Boidi to meet the "particularized need" test he must show: (1) that the need for the disclosure outweighs the need for secrecy; (2) that the materials are necessary to avoid injustice; and (3) that the request is structured to cover only those materials that are needed. *Id.* at 569.

In the instant case, the disclosure of the requested grand jury material clearly outweighs the need for secrecy. Boidi is charged with crimes, which, if he is convicted, carry a consecutive five-year mandatory minimum sentence. More importantly, the United States Supreme Court's holding in *United States v. Mechanik*, 475 U.S. 66 (1986), and its progeny, have firmly established that any claim for abuse or defect of the grand jury must be remedied prior to trial because in *Mechanik*, the Supreme Court held that a verdict of guilty insulates such a claim from appellate review by finding such error harmless. Therefore, it is essential that Scott Boidi be provided disclosure of the specific

grand jury material requested in order that he be given a realistic opportunity to file a motion to dismiss the indictment based upon any abuse or defect of the grand jury proceeding he may uncover.  As discussed, there are questions about the accuracy of the Government's presentation to the Grand Jury and a Government witness may have presented perjured testimony to the Grand Jury regarding alleged witness tampering.  At a minimum it appears that the Government may have failed to present exculpatory evidence to the Grand Jury as to Racketeering Acts One, Two, Three, Four and Seven.

Further, the instant case requires disclosure where late disclosure would inevitably violate due process because of the anticipated voluminous nature of such evidence. *See United States v. Ahmad*, 53 F.R.D. 186, 192-193 (M.D. Pa. 1971). (Government ordered to disclose all Brady material thirty (30) days prior to trial.)

The Defendant also meets the second prong of the "particularized need" test. As discussed above, since *Mechanik*, the Defendant is limited to making all claims regarding an abuse or defect of the grand jury proceeding pretrial. If this Court denies Scott Boidi's disclosure of the grand jury material he requested, the Defendant in essence is denied the opportunity to raise and preserve any constitutional claims he may have arising from an abuse or defect of the grand jury proceeding which culminated in his indictment. There are several other abuses or defects that would warrant dismissal of the instant indictment. For instance, the Government may have violated the strict secrecy requirements as proscribed by Rule 6(d) and 6(e) of the Federal Rules of Criminal Procedure. See *United States v. Furman*, 507 F.Supp. 848, 853 (D.Md. 1981); *United States v. Echols*, 542 F.2d 948, 951 (5th Cir. 1976). Second, the Government may have violated its ethical and Fifth

5

Amendment duty to present exculpatory evidence to the grand jury. See *United States v. Samango*, 607 F.2d 877, 881 (9th Cir. 1979).

Third, the grand jury may have been presented with hearsay evidence under guise of eye-witness testimony. See *United States v. Estepa*, 471 F.2d 1132 (2d Cir. 1972). Fourth, the grand jury may have been presented with other improper evidence. See *United States v. Garrett*, 797 F.2d 656 (8th Cir. 1986). Fifth, the grand jury may have been improperly instructed on the applicable law. See *United States v. Williams*, 378 F.Supp. 61, 64 (W.D. Mo. 1974). However, unless the Defendant is granted disclosure of the grand jury materials he requested, the Defendant cannot substantiate any claim and faces the potential of waiving his right to raise such claims if their existence surfaces at a later time.

Scott Boidi has also specifically limited his request as required by the third prong of the "particularized need" test. He has only requested that information regarding the grand jury that would allow him to determine whether any abuse or defect of the grand jury proceeding exists.

At minimum, if this Honorable Court denies disclosure of the requested grand jury materials to the defense, it is respectfully submitted that this Court should conduct an in camera proceeding to review the grand jury record to determine whether there was any abuse or defect in the Defendant's grand jury proceeding. See *United States v. Edelson*, 581 F.2d 1290, 1291-1292 (7th Cir. 1978), cert. denied, 440 U.S. 908 (1979).

## IV. CONCLUSION

Based upon the foregoing, the Defendant respectfully requests this Honorable Court to enter an order granting the relief requested and for such other and further relief as this Court deems necessary and proper.

                                       Respectfully submitted,

Peter Charles Horstmann, Esquire
BBO #556377
PARTRIDGE, ANKNER & HORSTMANN, LLP
200 Berkeley Street
Boston, Massachusetts 02116
(617) 859-9999

Attorney for Defendant
Scott Boidi

## CERTIFICATE OF SERVICE

I, Peter Charles Horstmann, Esquire, hereby certify that on this 27th day of May, 2005, a copy of the foregoing MOTION FOR DISCOVERY OF GRAND JURY MINUTES AND INCORPORATED MEMORANDUM IN SUPPORT OF MOTION FOR DISCOVERY OF GRAND JURY MINUTES was served, electronically upon Laura Kaplan, Assistant United States Attorney, United States Attorneys Office, One Courthouse Way, Boston, MA 02210.

Peter Charles Horstmann, Esquire

# EXHIBIT 1

**COMPRESSED AIR FREE AIR TUNNEL WORKERS LOCAL UNION NO. 88**
AFL-CIO
170 WASHINGTON STREET  617-479-1088
QUINCY, MA 02169

1859
5-7017/2110
628

DATE 10-10-01

PAY TO THE ORDER OF  Scott Boidi    $ 16,148.93

Sixteen thousand one hundred forty eight — 93/100 DOLLARS

CITIZENS BANK
Massachusetts

FOR 9/01, 10/01 AmEx bill

Barry O'Brien  PRES.
Dominic Miggeo  TRES.

⑈001859⑈ ⑆211070175⑆ 1103148661⑈  ⑈0000161489⑈

# EXHIBIT 2

# CITIZENS BANK

Performance Business 200
Account Statement

1-800-862-6200

3 OF 3

Call Citizens' PhoneBank anytime for account information,
current rates and answers to your questions.

Beginning December 01, 2001
through December 31, 2001

Commercial Checking continued from previous page

Other Credits (continued)

COMPRESSED AIR FREE AIR
TUNNEL WORKERS LOCAL UNION NO
Performance Business 200
110314-866-1

| Date | Item No. | Amount | Description |
|------|----------|--------:|-------------|
| 12/17 | 70634717 | 2,835.00 | Deposit |
| 12/17 | 70634688 | 2,362.00 | Deposit |
| 12/21 | 77421165 | 72,189.98 | Deposit |
| 12/31 | 83429768 | 10,537.38 | Deposit |

Total Deposits & Credits
+ ----------------------------
98,200.36

Current Balance
= ----------------------------
226,220.64

00572

Deposit 12/31/01
    10,537.38

Payroll 12/21/01
  Check $3005.57
       1745.63
  Fee.    39.31
  Total $1110.11

Payroll 12-25-01
  Check 2,739.31
  Tax   1543.33
  ADP    39.31
  Total $4,321.85

Scott
Deposit 12/31/01
    10,537.38

**Rockland Trust**  
ROCKLAND, MA 02370

TREASURER'S CHECK

472526

53-447 / 113

DATE December 20, 2001

TO THE ORDER OF   LOCAL 88

PAY TEN THOUSAND FIVE HUNDRED THIRTY-SEVEN AND 38/100

$10,537.38

IF THIS CHECK IS LOST OR STOLEN, AN INDEMNITY BOND WILL BE REQUIRED FOR REPLACEMENT.

PURCHASER   SCOTT BOIDI

**CUSTOMER COPY**

P.02
7818299116
MAY-27-2005 02:11 PM  Elaine.Boidi

