UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO.
05-10025-GAO

UNITED STATES OF AMERICA

v.

SCOTT BOIDI

### ORDER ON DISCOVERY MOTIONS

June 15, 2005

DEIN, M.J.

This matter is before the court on Defendant's Discovery Motion (Docket No. 20) and Defendant's Motion for Discovery of Grand Jury Minutes (Docket No. 21). After consideration of the pleadings and oral argument of counsel, the motions are DENIED except that the government shall make its disclosures pursuant to L.R. 117.1(A)(4) no later than thirty (30) days before trial. In particular, this court rules as follows:

1. <u>Interviews with Local 88 members who stated that they did not give anything of value to the defendant in exchange for union membership and/or did not see the defendant using drugs and/or did not believe he stole union funds</u>. The defendant is seeking interview statements from these witnesses on the grounds that they constitute exculpatory evidence because, to the extent the defendant engaged in any wrongful behavior, such statements would further his argument that the acts were done individually and not as part of a racketeering enterprise involving the Union. The government has acknowledged its obligations under the Local Rules as well as <u>Brady</u>

and <u>Jencks</u> to produce exculpatory and impeachment evidence.  To the extent that the requested documents fit into any of those categories, the government has attested that it has been or will be produced, and this court finds no reason to enter an order compelling the production.  The defendant has cited no authority for the sweeping proposition he advocates – namely that any information the government may have that a witness was unaware of any wrongdoing on the part of the defendant – is discoverable.  The defendant has not persuaded this court that such a broad definition of exculpatory evidence is warranted in this case.

    2. <u>Disclosure of intention to offer Fed. R. Evid. 404(b) evidence</u>.  The defendant has requested the early disclosure of this information.  The government has indicated that it would be in a position to produce this information 30 days before trial.  Therefore, it is hereby ordered that the government make its production in accordance with L.R. 117.1(A)(4) thirty (30) days before the trial date.  The defendant has not convinced this court that earlier disclosure is necessary in this case.

    3. <u>Information relating to electronic surveillance</u>.  The government has confirmed that there is no Title III evidence in this case, and this court has no reason to believe that this representation is not accurate.  Therefore, the motion to compel this information is denied.

    4. <u>Early production of Jencks material</u>.  In accordance with L.R. 117.1(A)(5) the schedule for the production of <u>Jencks</u> material shall be established at the initial pretrial conference with the District Judge.  There is no reason to alter that schedule in the instant case.

5. <u>Grand Jury minutes</u>.  The defendant contends that he has been charged with wrongdoing for which he could not be liable either because he was not present on the date alleged, or there is evidence refuting the government's contention that his conduct was not authorized by the Union.  Consequently, the defendant contends that "there are questions about the accuracy of the Government's presentation to the Grand Jury" and he is seeking information about the grand jury as well as the grand jury minutes "in order that he be given a realistic opportunity to file a motion to dismiss the indictment based upon any abuse or defect of the grand jury proceeding he may recover." <u>Motion for Grand Jury Minutes</u> (Docket No. 21) at 5.

"It is now well-settled that '[a]n indictment returned by a legally constituted and unbiased grand jury, ... if valid on its face, is enough to call for trial of the charge on the merits.'" <u>United States v. Maceo</u>, 873 F.2d 1, 3 (1st Cir. 1989) (quoting <u>Costello v. United States</u>, 350 U.S. 359, 363, 76 S.Ct. 406, 409, 100 L.Ed. 397 (1956)).  Thus, "[a] court should not inquire into the sufficiency of the evidence before the indicting grand jury, because the grand jury proceeding is a preliminary phase of the criminal justice process and all constitutional protections will be afforded during trial." <u>Id.</u>  "If indictments were to be held open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury, the resulting delay would be great indeed. The result of such a rule would be that before trial on the merits a defendant could always insist on a kind of preliminary trial to determine the competency and adequacy of the evidence before the grand jury. This is not required by the fifth amendment." <u>Id.</u>, (quoting <u>Costello v. United States</u>, 350 U.S. 359, 362-63, 76 S. Ct.

406, 408-9, 100 L.Ed 397 (1956)).  Nevertheless, it may be appropriate to inquire into the proceedings surrounding a grand jury's decision to indict "if there has been prosecutorial misconduct that actually biases the grand jury in performing its fact-finding function."  Id. and authorities cited.

A defendant must make a showing of a "particularized need" for the disclosure of grand jury minutes.  United States v. Bertucci, 333 F.2d 292, 297 (3rd Cir. 1964) and authorities cited; United States v. LaRouche Campaign, 695 F. Supp. 1290, 1315 (D. Mass. 1988).  Here, the defendant has failed to meet that standard.

As determined at oral argument, some of the inconsistencies, such as where the defendant was located at a certain time, were due to confusion about the relevant time at issue.  There are also disagreements concerning the meaning and import of certain minutes of Union meetings.  At most, the defendant has argued that he has factual defenses to some of the charges.  He has not established any evidence of irregularities in the grand jury proceedings which would justify the disclosure of the requested materials.  See, e.g., United States v. Oliver, 570 F.2d 397, 402 (1st Cir. 1978) ("A claim that the indictment is based on hearsay is insufficient to meet the showing of particularized need prerequisite to ordering production of the grand jury minutes"); United States v. LaRouche Campaign, 695 F. Supp. at 1315 (defendants failed to produce evidence that suggests "that defendants were indicted by a grand jury that was not informed, independent, and impartial" so defendants' requested for production of grand jury transcripts denied).  Consequently, the motion to compel grand jury materials is denied.

                                            / s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge