UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
**UNITED STATES**          )
                           )
**v.**                     )
                           )    **Criminal No.: 05 CR 10025-GAO**
**SCOTT R. BOIDI,**        )
    **Defendant.**         )
_____)


**DEFENDANT'S MOTION TO DISMISS AND/OR SEVER COUNTS OF SECOND
SUPERCEDING INDICTMENT AND/OR FOR A BILL OF PARTICULARS**

NOW COMES the defendant Scott Boidi, through counsel, and respectfully moves this Honorable Court to dismiss and/or sever specific counts of the Second Superceding Indictment as set forth more fully herein and in the Memorandum of Law filed herewith and incorporated by reference and/or fro a Bill of Particulars.  Accordingly, the Defendant moves this Court:

1. For an Order, pursuant to Fifth and Sixth Amendments of the United States Constitution, Rules 7 and 12 of the Fed. R. Crim. Pro., and the inherent and supervisory powers of this Court, dismissing Count One of the Indictment, or in the alternative Racketeering Act No. 6, upon the grounds that the "pattern of racketeering" plead in Count One is defective, and therefore the Count fails to state a crime, and further;

2. For an Order, pursuant to Fifth and Sixth Amendments of the United States Constitution, Rules 7, 8 and 12 of the Fed. R. Crim. Pro., and the inherent and supervisory powers of this Court, dismissing Counts One, or in the alternative Racketeering Act No. 6(a) and Counts Five and Seven of the Indictment, upon the grounds that they are duplicitous, in that each charges more than one crime in a single count and/or racketeering act, and further:

3. For an Order, pursuant to Fifth and Sixth Amendments of the United States Constitution, Rules 7, 8 and 12 of the Fed. R. Crim. Pro., and the inherent and supervisory powers of this Court, dismissing Racketeering Act No. 6, upon the grounds that it is duplicitous,

1

in that it charges two separate independent crimes, in a single racketeering act, and further;

    4.    For an Order, pursuant to Fifth and Sixth Amendments of the United States Constitution, Rules 7, 8 and 12 of the Fed. R. Crim. Pro., and the inherent and supervisory powers of this Court, dismissing Racketeering Act No. 6(a) and Counts Five and Seven because they are constitutionally insufficient, in that they fail to provide sufficient factual allegations to state a crime or otherwise satisfy constitutional standards for the sufficiency of a criminal charge, or in the alternative, ordering the government to file a Bill of Particulars pursuant to Rule 7(f) as to such Racketeering Act and Counts, and further;

    5.    For an Order, pursuant to Fifth and Sixth Amendments of the United States Constitution, Rules 7, 8 and 12 of the Fed. R. Crim. Pro., and the inherent and supervisory powers of this Court, dismissing Count Seven upon the grounds that because it is linked to Count Five which is duplicious, Count Seven is similarly rendered duplicious, and thereby defective, and further;

    6.    For an Order, pursuant to Fifth Amendment of the United States Constitution, Rules 7, 8(a) and 12 of the Fed. R. Crim. Pro., and the inherent and supervisory powers of this Court, severing Counts Five, Six and Seven from this Indictment, upon the grounds that such counts are misjoined as a matter of law, in that the conduct alleged in such counts is not of the same or similar character, based upon the same acts or transactions, or otherwise connected with or constituting parts of a common scheme or plan as the conduct alleged in the other counts of the Indictment, and because the failure to sever such counts would be unfairly prejudicial to the defendant, and further;

    7.    For an Order, pursuant to Fifth Amendment of the United States Constitution, Rules 7, 8(a) and 12 of the Fed. R. Crim. Pro., and the inherent and supervisory powers of this Court, dismissing Racketeering Act No. 6(b), upon the grounds that it does not qualify as a "racketeering act" within the meaning of 18 U.S.C. §1961(5), and further;

    8.    And for such other and further relief as to this Court may deem just and proper.

WHEREFORE, based upon the foregoing arguments and authorities this Honorable Court is respectfully urged to dismiss and/or sever the foregoing counts of the Second Superceding Indictment and/or for a Bill of Particulars.

Respectfully submitted:

*[signature]*

Peter Charles Horstmann, Esquire
BBO #556377
PARTRIDGE, ANKNER & HORSTMANN, LLP
200 Berkeley Street
Boston, Massachusetts 02116
(617) 859-9999

Co-counsel, pending admission *pro hac vice*
John W. Mitchell, Esquire
43 Greenwich Street, Suite 6E
New York, New York, 10013
(212) 696-9500

Attorneys for Defendant
Scott Boidi

## CERTIFICATE OF SERVICE

I, Peter Charles Horstmann, Esquire, hereby certify that on this 6th day of September, 2005, a copy of the foregoing DEFENDANT'S MOTION TO DISMISS AND/OR SEVER COUNTS OF SECOND SUPERCEDING INDICTMENT AND/OR FOR A BILL OF PARTICULARS was served, electronically upon Laura Kaplan, Assistant United States Attorney, United States Attorneys Office, One Courthouse Way, Boston, MA 02210.

*[signature]*

Peter Charles Horstmann, Esquire