UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA       )
                               )
          v.                   )     CRIMINAL NO. 05-10025-GAO
                               )
SCOTT BOIDI                    )


GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
AND/OR SEVER COUNTS OF SECOND SUPERSEDING INDICTMENT
AND/OR FOR A BILL OF PARTICULARS

The United States of America, by and through its attorneys,
Michael J. Sullivan, United States Attorney, and Assistant U.S.
Attorney Laura J. Kaplan, submits this memorandum in support of
its motion in opposition to defendant's motion to dismiss and/or
sever filed on September 6, 2005.

Many of defendant's arguments focus on the purported
duplicity of Racketeering Act 6 and Count 5. These arguments are
now moot in light of the government's decision to supersede the
indictment. The Third Superseding Indictment now charges
Racketeering Act 6 and Count 5 as drug conspiracy counts (not
substantive drug counts) and no longer sub-predicates
Racketeering Act 6. The defendant's remaining arguments focus on
dismissal and/or severance of Count 1 (RICO) and Count 7
(firearm).

## I.  INTRODUCTION

Defendant has moved to dismiss Count I of the Second
Superseding Indictment, which charges a substantive violation of
the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C.

§1962(c) ("RICO"). In essence, the defendant claims that the Indictment does not contain sufficient allegations of the "pattern" element of the offense.  In particular, he claims that the Indictment contains insufficient allegations that the alleged racketeering acts possess the requisite relatedness and continuity to establish a "pattern" under the RICO statute.

The RICO count adequately charges a substantive offense because it tracks the applicable statutory language in alleging all the RICO elements.  There is no requirement that a RICO indictment plead, even in conclusory terms, the concepts of relatedness and continuity. Even if some such requirement exists, the instant Indictment more than supplies the necessary facts from which it can be inferred that the charged racketeering acts, which spanned from 1994 to 2002, were both related and continuous.  Thus, the defendant's Motion to Dismiss should be denied.

## II.  COUNT I OF THE INDICTMENT SUFFICIENTLY ALLEGES A "PATTERN" OF RACKETEERING ACTIVITY

As a general matter, on a motion to dismiss an indictment before trial, review of an indictment is governed by Rule 7(c)(1) of the Federal Rules of Criminal Procedure, which requires only that "[t]he indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged."  A RICO indictment, like any other charge, is "sufficient if it contains the elements of the

2

offense charged and fairly informs a defendant of the charge against which he must defend, and second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." United States v. McDonough, 959 F.2d 1137, 1139 (1st Cir. 1992) (RICO count which tracked the statute gave defendant sufficient notice of the charges); Hamling v. United States, 418 U.S. 87, 117 (1974).  A court reviewing an indictment for sufficiency should "view the indictment 'as a whole,' however, and [] give the words their 'plain and sensible meaning.'" United States v. McLennan, 672 F.2d 239, 243 n.4 (1st Cir. 1982) (quoting United States v. Haas, 583 F.2d 216, 220 (5th Cir. 1978), cert. denied, 440 U.S. 981 (1979)).  That is, a court must accept the allegations as true, and should "construe the allegations in a practical sense, with all necessary implications." United States v. Barker Steel Co., 985 F.2d 1123, 1125 (1st Cir. 1993).  Thus, to decide a motion to dismiss for failure to state an offense, the Court must only consider the face of the indictment. See United States v. Sampson, 371 U.S. 75, 78-79 (1962) (pretrial dismissal of mail fraud counts reversed).

### A.    The Indictment.

Count I of the Indictment is stated in ¶¶1 through 15. Paragraph 14 of the charge incorporates most of the operative allegations of the RICO charge, Count I.  Paragraph 10 fully

details the enterprise and paragraphs 12-13 outlines the unlawful conduct that the enterprise and the defendant were involved in. Obviously, the above paragraphs in and of themselves allege all of the elements of a substantive RICO violation, 18 U.S.C. §1962(c). Paragraph 15 then specifies the racketeering acts the defendant engaged in. Through the incorporated paragraphs of Count I, these racketeering acts are laid out in substantial factual detail. How these allegations easily resolve the "pattern" issues raised by the defendant will be discussed in detail below.

   **B.    The Indictment Sufficiently Alleges a RICO Pattern.**

   To prove a substantive RICO offense, the government must show "(1) conduct (2) of an 'enterprise' (3) through a 'pattern' (4) of 'racketeering activity,' which in turn necessitates (5) the commission of two or more predicate crimes. United States v. Ruiz, 905 F.2d 499, 503 (1st Cir. 1990); see also Sand, Modern Federal Jury Instructions, §52.04, Instruction 52-19; Salinas v. United States, 522 U.S. 52, 61 (1997). Here, the RICO count is adequate because it tracks the applicable statutory language as to all the essential RICO elements, including the pattern and enterprise elements. Further, through the incorporated paragraphs, the individual acts of racketeering are laid out in great detail. An indictment need plead nothing more.

### 1.    The RICO Counts Need Not Allege *Facts* Sufficient To Establish Continuity and Relationship.

The Defendant argues that the RICO counts do not adequately allege a RICO "pattern of racketeering activity" because they do not sufficiently show that the racketeering acts were continuous and horizontally or vertically related.  The implicit and explicit thrust of the Defendant's "sufficiency" claims - that the Government will not be able to prove the matters they claim are lacking in the indictment - is not cognizable on a motion to dismiss. See United States v. McDonough, 959 F.2d at 1139; United States v. Alfonso, 143 F.3d 772, 776-77 (2nd Cir. 1998) (reversing district court's dismissal of indictment, stating that a pretrial ruling on challenge to sufficiency of evidence was not appropriate).

The First Circuit has held that "continuity" is not an "element" of a RICO offense that must be alleged with particularity in the indictment.  Rather, it is a "necessary characteristic of the evidence used to *prove* the existence of a pattern."  United States v. Boylan, 898 F.2d 230, 250 (1st Cir. 1990) (emphasis added) ; see also United States v. Palumbo Brothers, Inc., 145 F.3d 850, 877-78 (7th Cir. 1998) ("an indictment does not have to allege continuity with particularity to survive a motion to dismiss"); United States v. Mavroules, 819 F. Supp. at 1110-11, 1117-19 (in RICO prosecution of public official for extortion and other crimes, denying motion to

5

dismiss based on argument that allegations of indictment did not establish elements of "continuity" or "relatedness")

The applicable statutory element is a "pattern of racketeering activity." The RICO count adequately alleges this element because it charges that the defendant engaged in a pattern of racketeering activity, and the racketeering acts are set forth in detail. No greater specificity is required.

> **2. The RICO Counts Reasonably Allege Facts Which Provide a Basis for the Existence of Continuity and Relationship.**

Assuming *arguendo* that the RICO charge is required to allege facts which, if proven, are sufficient to establish continuity and relationship, the present RICO count satisfies that standard. The Indictment establishes relationship because the racketeering acts have similar participants, results, and purposes, and because they are all related to the same enterprise. See <u>H.J. Inc</u>., 492 U.S. at 229; <u>United Stats v. Anquilo</u>, 897 F.2d 1169, 1180 (1st Cir.)(noting that "two racketeering acts that are not directly related to each other may nevertheless be related indirectly because each is related to the RICO enterprise"), <u>cert. denied</u>, 498 U.S. 845 (1990).

> **a. <u>H.J.</u>, Continuity, and Relatedness.**

In the seminal case discussing the pattern element, the Supreme Court concluded that "a prosecutor must prove continuity of racketeering activity, or its threat, *simpliciter*." 490 U.S.

at 241.2[1]  Because the proof could be made in many ways, the
Court declined to formulate a general test for continuity in the
abstract. Instead, it provided the following explanation:

> "Continuity" is both a closed and open-ended concept,
> referring either to a closed period of repeated conduct,
> or to past conduct that by its nature projects into the
> future with a threat of repetition....
>
> Whether the predicates proved establish a threat of
> continued racketeering activity depends on the specific
> facts of each case.... Suppose a hoodlum were to sell
> "insurance" to a neighborhood's storekeepers to cover them
> against breakage of their windows, telling his victims he
> would be reappearing each month to collect the "premium"
> that would continue their "coverage." Though the number of
> related predicates involved may be small and they may occur
> close together in time, the racketeering acts themselves
> include a specific threat of repetition extending
> indefinitely into the future, and thus supply the requisite
> threat of continuity. In other cases, the threat of
> continuity may be established by showing that the predicate
> acts or offenses are part of an ongoing entity's regular way
> of doing business.... The continuity requirement is likewise
> satisfied where it is shown that the predicates are a
> regular way of conducting defendant's ongoing legitimate
> business (in the sense that it is not a business that exists
> for criminal purposes), or of conducting or participating in
> an ongoing and legitimate RICO "enterprise."

492 U.S. at 241-43 (citations omitted).

As to the "relationship" factor in the establishment of a
"pattern," the H.J. Court stated that [i]t is not the number of
predicates but the relationship that they bear to each other or
to some external organizing principle that renders them 'ordered'

---

[1] In H.J., the Supreme Court rejected a rigid test employed
by the Eighth Circuit for proving a pattern of racketeering. The
Court made no mention of a requirement to *allege* continuity in an
indictment, focusing instead upon what must be *proved* to a jury.

or 'arranged.'" <u>Id.</u> at 238. The Court then adopted the definition of "pattern" found at (the former) 18 U.S.C. §3575(e): "criminal conduct forms a pattern if it embraces criminal acts that have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events." <u>Id</u> at 229.

Following <u>H.J.</u>, the courts have upheld the sufficiency of the evidence of continuity on both a closed-ended and open-ended basis. <u>See</u> <u>United States v. Ruiz</u>, 905 F.2d 499, 504-505 (1st Cir. 1990) (acts spanned six years; held to be "regular way of doing business"). In some cases, the courts upheld convictions of individuals who participated in the misconduct for less than a year, or even a shorter time period. <u>See</u>, <u>e.g.</u>, <u>United States v. Shenberg</u>, 89 F.3d 1461, 1474 (11th Cir. 1996) (six months)**;** <u>United States v. Khan</u>, 53 F.3d 507, 515 (2nd Cir. 1995) (nine weeks); <u>United States v. O'Connor</u>, 910 F.2d 1466, 1468 (7th Cir. 1990) (two months)**;** <u>United States v. Indelicato</u>, 865 F.2d 1370, 1381-85 (2nd Cir. 1989) (three nearly simultaneous shootings)

Moreover, the courts of appeals have held that the totality of the evidence against all the members of the enterprise, and not only the charged racketeering acts, may be considered as proof of the nature of the RICO enterprise and the threat of continuity, and that therefore uncharged racketeering acts by any

8

member of the enterprise may be considered to show the requisite
threat of continuity. See, e.g., United States v. Kaplan, 886
F.2d 536, 543 (2nd Cir. 1989) cert. denied, 493 U.S. 1076 (1990);
United States v. Gonzalez, 921 F.2d 1530, 1544-45 & n.23 (11th
Cir. 1991).

### b. Application of the law to the Defendant

The racketeering count does not describe a crime committed
during one "moment," but rather a continuous series of crimes
which began in or about September 1994 and continued through June
13, 2002, a span of eight years.  It is clear that the illegal
activity alleged in the Indictment threatened to go on
indefinitely into the future, "absent outside intervention."
United States v. Coiro, 922 F.2d 1008, 1017 (2nd Cir. 1991).
Indeed, the conduct by Boidi in the racketeering count is closely
akin to the "hoodlum" protection racket described as an example
of continuous conduct by the Court in H.J. See supra at 6-7;
H.J., 492 U.S. at 242.

That the individual racketeering acts were related to the
others is easily shown by their relationship to one of the
overarching purposes of the enterprise: that of carrying out
unlawful and other activities.  As with other racketeering acts
alleged in this Indictment, the defendant used his position as
Business Manager and the money from the enterprise to engage in
various illegal activities,, i.e. embezzling money from the

union, defrauding the union by use of the mails, conspiring to possess and distribute drugs and using a firearm in furtherance of same and tampering with witnesses.

Specifically, defendant complains that Racketeering Acts 6 (conspiracy to possess cocaine) and 7 (telephone count) are not horizontally or vertically related to each other or to the other racketeering counts or to the enterprise. This is simply not so. In the conspiracy drug charge (as it has been charged in the Third Superseding Indictment), the defendant is alleged to have conspired to possess cocaine with the intent to distribute it. The evidence will demonstrate that the defendant used his position in the union to embezzle money from the members' dues which he then used to purchase cocaine. The defendant used his office at the union hall to meet with his sources of supply and was observed taking money out of his desk drawer to pay for it. Thus, the defendant was able to commit the offense solely because of his position in the enterprise. This conduct had everything to do with the "conduct of the affairs of the enterprise."

The defendant also represented to his sources of supply that he needed the cocaine to distribute to his workers, or for a union meeting. In addition, the sources of supply witnessed other individuals with the defendant at the union hall when the defendant engaged in his drug transactions. The defendant used

10

the enterprises cellular telephone to call his sources of supply
to order up cocaine.  The sources of supply will testify that
they had no other relationship with the defendant other than as
seller-customer.  The sources of supply, as well as other
witnesses, will testify that they observed the defendant on
countless occasions with a gun or guns on his person when he
engaged in a drug transaction with them.  Moreover, the defendant
held himself out to be an important person with "connections."

In these racketeering acts, the defendant is charged with
conspiring to possess cocaine from 2000 through 2002.  The RICO
charge spans a longer time period but encompasses the drug
conspiracy. No further allegation of "continuity" should be
required.

Defendant complains that the racketeering acts are not
related to each other.  Where racketeering acts are related to
the purposes of the enterprise, they are related.  As the First
Circuit stated clearly in <u>United States v. Angiulo</u>, 897 F.2d 1169
(1st Cir. 1990), "two racketeering acts that are not directly
related to each other may nevertheless be related indirectly
because each is related to the RICO enterprise." <u>Id</u> at 1180.
Courts have held diverse predicate acts to be related, where the
acts served the purposes of the enterprise.  The relatedness
requirement is met even if the predicate acts "are functionally
unrelated predicate acts and offenses, if the predicates are

undertaken in association with, or in furtherance of criminal purposes of the same organized crime enterprise." United States v. Eufrasio, 935 F.2d 553, 565 (3rd Cir. 1991) (acts of gambling, extortion, and murder were related).

In United States v. Masters, 924 F.2d 1362 (7th Cir. 1991), the court held that the jealousy-induced murder of one defendant's wife was related to the main business of the enterprise, which was for Masters (an attorney) to obtain bribes through his corrupt relationship with two police officers and two police departments. Id. at 1365-66. The court dismissed complaints that the acts were unrelated because the murder proceeded from personal, as opposed to business, affairs:

> [a] criminal enterprise is more, not less, dangerous if it is versatile, flexible, diverse in its objectives and capabilities. Versatility, flexibility, and diversity are not inconsistent with pattern. . . . The acts of a criminal enterprise within the scope of the enterprise's evolving objectives form pattern enough to satisfy the requirements of the RICO statute."

Id. at 1367.

Thus, even if an indictment is required to plead sufficient facts to satisfy the "continuity plus relationship" test, such facts are adequately pled in this case.  It is clear that the defendant was able to commit these acts solely because of his position in the enterprise.  He used the enterprise to commit these acts which all personally enriched the defendant and his associates.  The defendant's motion should therefore be

12

dismissed.

### III.  Defendant is Not Entitled to a Bill of Particulars On Racketeering Act 6 and Counts 5 and 7.

The defendant has filed a motion for a bill of particulars seeking information concerning the substantive drug charges in Racketeering Act 6 and Count 5.  With the Third Superseding Indictment, these charges will now be conspiracy drug counts. The government, however, anticipates that the defendant would make the same motion with respect to the conspiracy counts and therefore responds below.

The defendant, I assume, would request that the government provide particulars including the specific dates of the conspiracy, the dates each co-conspirator was a member, the precise circumstances under which the defendant joined the conspiracy, the specifics of each act the defendant took in furtherance of the conspiracy, the date and place of each sale of controlled substances, and the roles played by each co-conspirator.

"The function of a bill of particulars is to provide the defendant with the necessary details of the charges against him to enable him to prepare his defense, to avoid surprise at trial, and to protect against double jeopardy."  United States v. Abreu, 952 F.2d  1458, 1469 (1st Cir. 1992).  A bill of particulars should be granted only when the indictment is so vague that it does not comply with these purposes.  United States v. Bloom, 78

13

F.R.D. 591, 599 (E.D. Pa. 1977); see United States v. Andrus, 775
F.2d 825, 843 (7th Cir. 1985) (bill required only when indictment
so general that it fails to advise defendant of the specific acts
charged).  Such a motion is unnecessary.

A request for a bill of particulars rests within the sound
discretion of the trial court.  United States v. Paiva, 892 F.2d
148, 154 (1st Cir. 1989); United States v. Arboleda, 929 F.2d
858, 869 (1st Cir. 1991).  The test is not whether the
particulars sought would be "useful" to the defense but whether
the information is "necessary."  United States v. Guerrerio, 670
F. Supp. 1215, 1224 (S.D. N.Y. 1987).  A bill is also not an
appropriate way of obtaining information on evidentiary matters
and is not designed to permit defendants to preview the evidence
or the government's theory of the case.  See United States v.
Johnson, 504 F.2d 622, 628 (7th Cir. 1974); Overton v. United
States, 403 F.2d 444, 446 (5th Cir. 1986); Hemphill v. United
States, 392 F.2d 45, 49 (8th Cir.); United States v. Wolfson, 413
F.2d 804, 808 (2d Cir. 1969) (identities of persons present at
time of offense).  United States v. Remy, 658 F. Supp. 661, 669-
70 (S.D.N.Y. 1987) (government not under any duty to detail
"precise manner in which crimes alleged in the indictment were
committed"); United States v. Finley, 705 F. Supp. 1272, 1278
(N.D. Ill. 1988) (government not required to provide defendant
with details of the evidence it intends to introduce or the

14

purposes for which it intends to introduce the evidence).

In this case, the government has provided voluminous materials that far exceeds what is required.  Because this information has given defendant substantial details of the alleged offense, a bill of particulars is not necessary or warranted.  See United States v. Long, 706 F.2d 1044, 1054 (9th Cir. 1983) (government may obviate need for bill of particulars by disclosing additional details about charges during discovery).

Defendant relies only on the claim that the charges in the indictment fail to recite sufficient factual allegations to state a crime or otherwise satisfy constitutional standards for the sufficiency of a criminal charge.  They do not argue or suggest that the discovery has been insufficient.  Accordingly, the motion should be denied.

It should be noted that the other racketeering acts provide substantial detail about the nature of the enterprise, its members, and its drug activities.

Moreover, courts routinely deny motions for bills of particulars that seek, among other things, the precise date on which conspirators agreed to their illegal plan.  See, e.g., United States v. Dicesare, 765 F.2d 890, 897-98 (9th Cir. 1985); United States v. Long, 449 F.2d 288, 294-95 (8th Cir. 1971). Indeed, in Paiva, supra, the First Circuit upheld the district court's denial of a motion for bill of particulars in a cocaine

conspiracy case in which the defendant requested "the precise dates upon which the conspiracy began and ended, and the precise dates upon which he [i.e. the defendant] allegedly joined and withdrew from the conspiracy." 892 F.2d at 153. The First Circuit held that the information provided in the indictment and in discovery was sufficient to prevent the defendant from being unfairly surprised at trial. Id. at 152-53. This case is no different from Paiva and requires the same result.

The government respectfully requests that the motion be denied.

### IV.  Count 7 is Not Duplicitous or Defective.

The government believes this argument is now moot with the return of the Third Superseding Indictment. Defendant argues that Count -- the firearm charge is defective because Count Five to which it is connected is defective. Count Five has now been changed to a conspiracy count and is no longer defective. Moreover, the evidence will show at trial that the defendant carried a gun during and in relation to a drug trafficking crime, i.e., whenever he purchased cocaine. Count 7 should not be dismissed.

### V.  Defendant is Not Entitled to a Severance of Counts 5, 6 and 7.

Boidi next claims that severance is necessary in order to prevent spill-over prejudice. Boidi makes no specific allegation

16

of prejudice, nor is it clear how such general prejudice operates.  Conclusory allegations of prejudice do not suffice to overcome the presumption in favor of joinder. <u>United States v. Neal</u>, 36 F.3d 1190, 1204 (1st Cir. 1994).  Thus, there is simply no factual foundation for the claim of spillover prejudice. <u>United Stated v. Houle</u>, 237 F.3d 71, 75 (1st Cir. 2001)(disparity of evidence, violence of co-defendants, and potential for juror confusion did not require severance of non-RICO defendant in RICO case); <u>United States v. DeLeon</u>, 187 F.3d 60, 63 (1st Cir. 1999)(holding that repeated inquiries about third-party fear based on co-defendant's violent nature did not warrant severance).  In any event, it is well understood that "a measure of evidentiary spillover is a foreseeable concomitant of virtually every joint trial, yet seldom indicates undue prejudice." <u>United States v. DeLuca</u>, 137 F.3d 24, 36 (1st Cir. 1998).

The defendant claims that the drug and firearm counts have nothing to do with the other counts in the indictment.  This is simply not true.  They are all part of the same conspiracy.  The defendant was able to engage in his criminal activity solely because of his position in the enterprise.  Boidi used and exploited the enterprise to engage in a pattern of racketeering activity with the clear intent to enrich himself and his associates.  To excise certain racketeering acts from the RICO

counts would prejudice the government since the jury would only
be permitted to hear part of the story about this defendant and
his criminal endeavors.  Boidi embezzled money from the
enterprise to pay for, among other things, cocaine.  Severance
would also be a complete waste of judicial economy since there
would have to be two trials with the same witnesses at both.  The
drug conspiracy and gun counts therefore go hand in hand with the
embezzlement counts and should not be severed.

### VI.  21 U.S.C. §843(b) Is a Racketeering Act Within the Meaning of 18 U.S.C. §1961

Defendant argues that Racketeering Act 6(b), now charged as
Racketeering Act 7 in the Third Superseding Indictment, does not
qualify as a predicate act and should be dismissed.[2]

Section 1961(1) defines "racketeering activity" as any crime
enumerated in sudivisions A, B, C, D, E or F of that subsection.
No crime can be a part of a RICO "pattern of racketeering
activity" unless it is included in this subsection.  Subdivision
A includes "any act or threat involving" the listed types of
state offenses; subdivisions B, C, E, and F include "any act
which is indictable under "the listed federal statutes; and
subdivision D includes "any offense involving" three categories
of federal offenses.  The different introductory wording of the
subdivisions is significant.  For example, courts have held that

---

[2]It should be noted that we have not been able to find any
case law directly on point.

conspiracies or attempts to commit subdivision A and D crimes may be proper RICO predicates because these crimes cover offenses "involving" certain types of conduct.

Here, the government has charged Boidi with using a telephone in connection with his conspiracy to possess cocaine with the intent to distribute it.  This is an offense that *involves* "the felonious buying or selling or otherwise dealing in a controlled substance as defined in Section 102 of the Controlled Substances Act."  This predicate offense is found in subdivision D of Section 1961.  Subdivision D crimes (which are prefaced by the word "involving" are interpreted broadly and are not limited to enumerated crimes.[3]

The defendant argues that Boidi's involvement with cocaine was merely for his personal use and does not involve "the felonious buying or selling or otherwise dealing in a controlled substance as defined in Section 102 of the Controlled Substances Act." .  This is belied by the evidence and will be proven to the contrary at trial.  Boidi is charged with conspiring to possess with intent to distribute in excess of 500 grams or more of cocaine.  The evidence will show that Boidi had two or more sources of supply for cocaine and distributed said cocaine to

---

[3]See United States v. Darden, 70 F.3d 1507, 1524-2 (8th Cir. 1995)(conspiracy to possess, distribute, and possess with intent to distribute controlled substance constitutes a RICO predicate) United States. Vasamento, 887 F.2d 1141, 1165-66 (2d Cir. 1989)(conspiracy to import and distribute narcotics)

others.  Boidi is charged in a single racketeering act of using a
cellular telephone subscribed to the enterprise to call his
source of supply on one specific occasion.  In fact, the evidence
will demonstrate that over a 5 month time period, Boidi and his
source of supply used this same telephone facility some 283
times.  There is no question that Boidi's use of cocaine involved
the felonious buying and selling as prohibited by the Controlled
Substances Act.  Racketeering Act 7 is therefore properly charged
and should not be dismissed.

### Conclusion

For the foregoing reasons, the defendant's motions should be
denied.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:    /s/Laura J. Kaplan
LAURA J. KAPLAN
Assistant U.S. Attorney

September 14, 2005

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served by
hand upon counsel for the defendant, Peter C. Horstmann, Esq.

/s/ Laura J. Kaplan

Laura J. Kaplan
Assistant U.S. Attorney

Dated:    September 14, 2005