```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA    )
                            )
        v.                  )    CRIMINAL NO. 05-10025-GAO
                            )
SCOTT BOIDI                 )
```

GOVERNMENT'S OPPOSITION TO DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS AND/OR SEVER COUNTS OF SECOND SUPERSEDING INDICTMENT AND/OR FOR A BILL OF PARTICULARS

The United States of America, by and through its attorneys, Michael J. Sullivan, United States Attorney, and Assistant U.S. Attorney Laura J. Kaplan, submits this memorandum in support of its motion in opposition to defendant's reply memorandum of law in support of his motion to dismiss and/or sever filed on October 26, 2005.

The only point this memorandum seeks to address relates to defendants Point II – dismissal of Count 7 for being legally defective and duplicitous. The government previously addressed this issue but seeks to supplement it's previous response in light of defendant's reply memorandum. Obviously, the government continues to assert that Count 7 is neither legally defective or duplicitous.

In this case, the defendant is alleged to have possessed a firearm on each and every occasion that there was a drug transaction during the time period of the drug conspiracy. That

is what the government will prove at trial through the evidence of several witnesses. Defendant argues that the government should have charged each §924 © count separately – for each occasion wherein the defendant used a gun in furtherance of a drug offense. While it is true that two courts of appeals that have considered such facts have held that a single predicate offense, such as conspiracy to distribute narcotics, will support multiple §924 © counts and cumulative mandatory sentences when each use of a firearm occurs on a different occasion. See United States v. Camps, 32 F.3d 102, 106-109 (4th Cir. 1994); United States v. Edwards, 994 F.2d 417, 423-24 (8th Cir. 1993).

In contrast, most of the courts of appeals that have addressed this issue have reasoned that §924 © "emphasizes the relationship between the firearms and the underlying drug-trafficking crime, rather that the individual firearms themselves," and that, consequently, the predicate offense, not the firearm, is the unit of prosecution. United States v. Taylor, 13 F.3d 986 (6th Cir. 1994). Under this approach, as the unit of prosecution is based upon the underlying predicate offense, a single firearm can support multiple convictions as long as each is based upon a *different* crime. See United States v. Morris, 247 F.3d 1080(10th Cir. 2001)(a single predicate crime cannot sustain multiple §924 © convictions for using and brandishing); United States v. Dahlman, 13 F.3d 1391, 1401 (10th

2

Cir. 1993). Under this analysis, each §924 © count must, therefore, be based upon a different predicate offense. A single continuing conspiracy - even one that embraces multiple discrete firearms transactions - is insufficient to support multiple § 924 © counts. See, United States v. Tolliver, 61 F.3d 1189,1222 (5th Cir. 1995); United States v. Anderson, 59 F.3rd 1323, 1334 (D.C. Cir.)(en banc); United States v. Hamilton, 953 F.2d 1344, 1346 (11th Cir. 1992)(reversing convictions on multiple § 924 © counts where based upon single conspiracy predicate).

Since the drug conspiracy in this case was a single continuing conspiracy which embraced multiple firearms transactions, it does not support multiple § 924 © counts. That is the reason the government only charged the defendant with a single § 924 © count rather than multiple § 924 © counts which would call for multiple consecutive sentences. Had the government charged multiple § 924 © counts, the defendant would have argued that the indictment was legally insufficient. In addition, it is hard to believe that the defendant would have preferred multiple counts calling for multiple consecutive sentences.

## Conclusion

For the foregoing reasons, the defendant's motion should be

denied.

                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney

                        By:    /s/Laura J. Kaplan
                              LAURA J. KAPLAN
                              Assistant U.S. Attorney

November 9, 2005

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing was served by hand upon counsel for the defendant, Peter C. Horstmann, Esq.

                                  /s/ Laura J. Kaplan

                              Laura J. Kaplan
                              Assistant U.S. Attorney

Dated:    November 9, 2005