UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 05-10025-GAO

UNITED STATES OF AMERICA,
Plaintiff

v.

SCOTT BOIDI,
Defendant

MEMORANDUM AND ORDER
February 24, 2006

O'TOOLE, D.J.

## I.    Introduction

The government has filed a Third Superseding Indictment, charging Scott Boidi, former

business manager of Local 88 of The Laborers' International Union of North America Compressed

Air & Free Air Shafts, Tunnels, Foundations, Caissons Test-Boring, Subway, Sewer Cofferdam

Construction Workers Union of Massachusetts and the Vicinity ("Local 88"), with racketeering in

violation of 18 U.S.C. 1962(c) (Count One); three counts of embezzlement of union assets in

violation of 29 U.S.C. § 501 (c) and 18 U.S.C. § 2 (Counts Two through Four); conspiracy to possess

with intent to distribute cocaine in violation of 21 U.S.C. § 846 (Count Five); knowingly and

intentionally using a communications facility in committing, causing and facilitating a felony drug

offense in violation of 21 U.S.C. § 843(b) (Count Six); knowingly using and carrying a firearm

during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)

(Count Seven); and two counts of witness tampering in violation of 18 U.S.C. §§ 1505 and

1512(b)(1) (Counts Eight and Nine).

Boidi filed a motion to dismiss and/or sever a number of the counts contained in the Second Superseding Indictment and moved for a Bill of Particulars. The Third Superseding Indictment mooted a number of Boidi's arguments;[1] this memorandum and order addresses those which remain. After consideration of the parties' legal memoranda and arguments, I conclude that the defendant's motions should be DENIED in all respects.

## II.   Motion to Dismiss

### A.   Count One

Boidi has moved to dismiss Count One in its entirety or, in the alternative, to strike Racketeering Acts Six and Seven. He argues that Count One should be dismissed because it fails

---

[1] The Second Superseding Indictment had charged Boidi with racketeering (Count One) on the basis of seven predicate acts: mail fraud (Acts 1 and 2); embezzlement (Acts 3 and 4); embezzlement/unlawful conversion of dues (Act 5); possession of cocaine and use of a communications facility to facilitate a narcotics offense (Acts 6(a) and 6(b)); and obstruction of justice (Act 7). It also charged him with the following substantive offenses: embezzlement (Counts Two, Three and Four), possession with intent to distribute cocaine (Count Five), use of a communication facility in committing, causing or facilitating the narcotics transactions (Count Six), carrying a firearm in conjunction with the narcotics offense(s) (Count Seven), and witness tampering (Counts Eight and Nine).
   Boidi's motion sought dismissal of Count One on the grounds that the "pattern of racketeering activity" element of the RICO violation was defective as a matter of law because the predicate offenses in Racketeering Act 6 were:
   (1) neither horizontally nor vertically related as required to establish a "pattern" of racketeering activity; and
   (2) are duplicitous because (a) two separate offenses (possession with intent to distribute and use of a communications facility) are charged in the single racketeering act, and (b) multiple violations of 21 U.S.C. § 841(a)(1) are charged in the single racketeering act.
The filing of the Third Superseding Indictment mooted the second argument by (a) no longer subdividing Racketeering Act 6 and (b) charging Boidi with conspiracy to distribute cocaine rather than possession of cocaine.
   Boidi's motion also sought dismissal of Counts Five and Seven on the grounds that they, like Racketeering Act 6, were duplicitous and facially insufficient. The filing of the Third Superseding Indictment mooted his arguments with respect to Count Five but not Count Seven.

to charge a "unitary pattern of racketeering activity within the meaning of 18 U.S.C. § 1961(5)."

More specifically, he alleges that Count One is defective as a matter of law because the government

has not established that Racketeering Acts Six and Seven are horizontally related to the other

predicate acts and vertically related to the enterprise (Local 88) itself.

It is true that the indictment on its face does not establish the "relatedness" of Racketeering

Acts Six and Seven. However, contrary to Boidi's assertions, this is not required. The same motion

to dismiss standard applies to RICO claims that applies to most other criminal charges. See United

States v. McDonough, 959 F.2d 1137, 1139 (1st Cir. 1992). Therefore, Count One is legally

sufficient so long as it tracks the language of the statute and includes enough facts to put the

defendant on notice of what conduct is being charged by the government. See United States v.

Barker Steel Co., 985 F.2d 1123, 1126 (1st Cir. 1993).

As charged, Count One tracks the language of the RICO statute in all material respects.[2] It

describes Local 88 and its leadership, membership, and associates as an enterprise that was engaged

in, or whose activities affected, interstate commerce, and goes on to allege that Boidi, an employee

of Local 88, "knowingly and intentionally conducted and participated, directly and indirectly, in the

conduct of the affairs of Local 88 through a pattern of racketeering activity." This allegation is

followed by over five pages describing eight racketeering acts, two based on mail fraud, three based

on embezzlement, one based on witness tampering, and the two Boidi objects to, conspiracy to

---

[2]  The statute provides, in relevant part:

> It shall be unlawful for any person employed by or associated with
> any enterprise engaged in, or the activities of which affect, interstate
> or foreign commerce, to conduct or participate, directly or indirectly,
> in the conduct of such enterprise's affairs through a pattern of
> racketeering activity . . . .

18 U.S.C. § 1962(c).

possess with intent to distribute cocaine and use of a communication facility in furtherance of a drug offense.

It is evident from a reading of the indictment that the government has adequately charged each of the elements of the racketeering count. In order to charge a RICO violation properly, the government need only allege four elements: (1) the existence of an "enterprise" (2) that was engaged in interstate commerce and (3) a defendant who was associated with or employed by the enterprise (4) who conducted the affairs of the enterprise through a pattern of racketeering activity. Boidi relies on H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229 (1989) to argue that "relatedness" and "continuity" must also be shown by the allegations of the indictment. I do not read H.J. Inc. to require that relatedness and continuity be particularly alleged in the indictment.

A common sense reading of H.J. Inc. instead suggests that the Court's explication was meant to provide guidance as to what types of evidence would satisfy RICO's "pattern" requirement. "Relatedness" and "continuity" are not elements of the offense, but rather means of proving a pattern of racketeering. See United States v. Boylan, 898 F.2d 230, 250 (1st Cir.) ("In the absence of any pat formula, the [Supreme] Court has instructed us to use a flexible approach toward the pattern requirement, 'deriv[ing] from a common-sense, everyday understanding of RICO's language and Congress' gloss on it.' . . . The Court itself has focused on 'relatedness' and 'continuity' as useful tools in proving a pattern of racketeering activity. . . . It follows, of course, that continuity is not an element of a RICO offense, *stricto senso*, but it is nevertheless a necessary characteristic of the evidence used to prove the existence of a pattern.") (internal citations omitted), cert. denied, 498 U.S. 849 (1990); United States v. Mavroules, 819 F. Supp. 1109, 1117-18 (D. Mass. 1993) ("Accepting the allegations of the indictment as true, as must be done in determining

4

sufficiency, the indictment is sufficient. It is true that at trial, the Government must offer **evidence** sufficient for the jury to find beyond a reasonable doubt that 'a pattern of racketeering activity' has been **proved**. But 'continuity' or 'relatedness' need not be alleged. As the First Circuit has noted: The [Supreme] Court itself has focused on 'relatedness' and 'continuity' as useful tools in proving a pattern of racketeering.") (internal citations omitted, emphasis in original).

Applying H.J. Inc. as interpreted by the First Circuit, and consistent with other cases from this District like Mavroules and United States v. Habicht, 766 F. Supp. 22, 25-26 (D. Mass. 1991), I conclude that Count One should not be dismissed. Whether the government can prove that a pattern existed by demonstrating the requisite relatedness and continuity of the predicate acts is a question properly reserved for trial.

### B.    Count Seven

Boidi has moved to dismiss Count Seven on the grounds that, as charged, it is duplicitous. He argues that because Count Five charges a continuing offense–conspiracy to posses with intent to distribute cocaine–it is "impossible to discern from the Indictment on which of the multiple times that the proof may show that the defendant possessed cocaine, he allegedly 'use[d] and carr[ied] a firearm.'"

Boidi's argument on this issue misses the mark. While it may be pertinent to his request for a bill of particulars, see discussion, infra, it does not support dismissal of Count Seven. As Boidi himself acknowledges, the appropriate predicate for prosecution of a charge under 18 U.S.C. § 924(c) is the underlying drug trafficking offense. Thus, a defendant must commit multiple drug

trafficking or violent crimes in order to be found guilty of multiple 924(c) violations. See United States v. Lindsay, 985 F.2d 666, 674 (2d Cir. 1993). Generally speaking, a single predicate crime cannot support multiple § 924(c) convictions. Cf. United States v. Morris, 247 F.3d 1080, 1084 (10th Cir. 2001); United States v. Taylor, 13 F.3d 986, 992-93 (6th Cir. 1994); United States v. Dahlman, 13 F.3d 1391, 1401 (10th Cir. 1993).

Here, the defendant is charged with a single, albeit continuous, predicate drug offense, conspiracy to possess with intent to distribute cocaine. While the question is, strictly speaking, an open question in the First Circuit, other circuits have held that in this circumstance a defendant can only be charged with a single firearms count. See United States v. Tolliver, 61 F.3d 1189, 1222 (5th Cir. 1995); United States v. Anderson, 59 F.3d 1323, 1334 (D.C. Cir. 1995) (en banc); United States v. Hamilton, 953 F.2d 1344, 1346 (11th Cir. 1992). While it is true that courts in the Fourth and Eighth Circuits have held that a single predicate act, such as conspiracy to distribute cocaine, can support multiple § 924(c) counts, see United States v. Camps, 32 F.3d 102, 106-09 (4th Cir. 1994); United States v. Edwards, 994 F.2d 417, 423-24 (8th Cir. 1993), I think the better view is that the drug conspiracy can be but a single predicate for a single § 924(c) count. Accordingly, Count Seven is not duplicitous.

### C.    *Racketeering Act Number Seven*

Boidi also urged the court to dismiss Racketeering Act Seven, arguing that violation of 21 U.S.C. § 843(b), use of a communications facility, does not qualify as a "racketeering activity" within the meaning of 18 U.S.C. § 1961. Section 1961(1)(D) defines "racketeering activity" to include "any offense involving . . . the felonious . . . receiving, . . . buying, selling, or otherwise

dealing in a controlled substance." Knowingly or intentionally using a communications facility in committing, causing or facilitating a felony drug offense falls within that definition, and therefore Racketeering Act Seven should not be dismissed.

## III.    Motion to Sever

Boidi alternatively argued that Counts Five, Six and Seven should be severed because the firearm and drug-related charges are not sufficiently similar to the other counts of the indictment to meet the requirements of Fed. R. Crim. P. 8(a) and would be unduly prejudicial in a case "otherwise involving allegations of non-violent Union fraud, embezzlement and bribery."

Rule 8(a) permits joinder of offenses so long as they "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." The rule is "generously construed in favor of joinder," United States v. Melendez, 301 F.3d 27, 35 (1st Cir. 2002), and thus does not create a rigorous standard for the prosecution to overcome. See United States v. Dominguez, 226 F.3d 1235, 1239 (11th Cir. 2000) (holding joinder proper where the government had sufficiently explained the basis for joinder in response to defendant's motion to sever, even assuming the allegations in the indictment were insufficient on their own to warrant joinder).

As Count One of the indictment indicates, the government claims that Boidi's alleged violations of the fraud, embezzlement, drug, firearms and witness tampering statutes are all part of a unitary "pattern of racketeering activity." This is sufficient to satisfy Rule 8(a)'s requirement that the counts be "connected with or constitute parts of a common scheme or plan."[3] At the hearing, the

---

[3] In a roughly analogous context, a number of courts have held that joinder of defendants under Fed. R. Crim. P. 8(b) is proper where "a single RICO count 'embrace[s] all of the acts and

government also claimed that Boidi was prompted to embezzle money from Local 88 by his desire

to purchase the cocaine which forms the basis of Counts Five through Seven. This further supports

the conclusion that joinder is proper. See United States v. George, No. 03-10091-PBS, 2004

WL 746282 at *2 (D. Mass. Apr. 6, 2004) ("Joinder is proper under the 'common scheme or plan'

prong of 8(a) when 'one illegal activity provides the impetus for the other illegal activity.'" (quoting

Dominguez, 226 F.3d at 1239))).

Boidi made only passing reference to the possibility that he might be prejudiced by the

joinder of Counts Five through Seven in his motion to sever, and at the hearing he made it clear that

he was proceeding under Rule 8(a) rather than Fed. R. Crim. P. 14(a). As there has been no showing

of potential prejudice by the defendant, I find severance under Rule 14(a) unwarranted. See United

States v. Green, 324 F. Supp.2d 311, 327 (D. Mass. 2004) ("Rule 14 gives the district judge wide

authority to sever defendants, counts, or both, upon a showing of prejudice." (quoting United

States v. DeCologero, 364 F.3d 12, 24 (1st Cir. 2004))).

## IV.    Motion for Bill of Particulars

Finally, Boidi has moved for a bill of particulars with respect to the drug and firearms counts,

arguing that the indictment does not contain enough factual detail to enable him to prepare his

defense. At the hearing, the government volunteered to provide the defendant with some additional

details about the conspiracy count (i.e., a brief letter generally outlining what the government

believes its evidence will be at trial) and indicated, as it had previously in its response, that Boidi is

alleged to have carried a gun on each and every occasion there was a drug transaction. Because the

_____

transactions upon which the other . . . counts [are] based.'" See, e.g., United States v. Boylan, 898
F.2d 230, 245 (quoting United States v. Tashjian, 660 F.2d 829, 833 (1st Cir.), cert. denied, 454 U.S.
1102 (1981)).

language of the indictment tracks the statutes charged and the government has voluntarily provided or will provide defense counsel with additional information about the conspiracy and firearms counts, the defendant's motion for a bill of particulars is denied.

## V.    **Conclusion**

For the foregoing reasons, Boidi's motion to dismiss, motion to sever and motion for a bill of particulars are all DENIED.

It is SO ORDERED.


February 24, 2006 _____                    \s\ George A. O'Toole, Jr. _____
DATE                                                 DISTRICT JUDGE