UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 05-10025-GAO |
| | ) | |
| SCOTT BOIDI | ) | |
| | ) | |

### GOVERNMENT'S MOTION IN LIMINE TO ADMIT TESTIMONY OF LIUNA GEB ATTORNEY ROBERT LUSKIN

The United States of America, by United States Attorney Michael J. Sullivan and Assistant United States Attorneys Laura J. Kaplan and Suzanne M. Sullivan, move in limine to admit the testimony of LIUNA GEB attorney Robert Luskin.

The government requests permission to call as a witness at trial Laborer's International Union of North America ("LIUNA") General Executive Board attorney Robert Luskin ("Luskin"). Luskin was (and still is) the LIUNA GEB attorney during the time period specified in the indictment.  Luskin is well versed in the Labor Management Reporting and Disclosure Act ("LMRDA"), the Uniform Local Union Constitution of LIUNA and the LIUNA Ethical Practices Code - all referred to in the Indictment (See paragraphs 1-8 of the Indictment).  The government intends to use Luskin to teach the jurors about these documents which they will need to evaluate the facts in the case.  Luskin, by virtue of his knowledge, skill, experience and training can explain the LMRDA, the Uniform Local Union Constitution of LIUNA and the LIUNA Ethical Practices Code (which he authored).

Luskin came to have specific knowledge about this case as the GEB attorney for LIUNA when the allegations against the defendant, Scott Boidi, were first made to LIUNA. In fact, Luskin directed the investigation that was thereafter conducted by the Inspector General. These allegations, and the subsequent investigation, ultimately resulted in Boidi's dismissal from his union position.

Luskin's testimony is admissible pursuant to Federal Rules of Evidence 402 since it is highly relevant to the honest services mail fraud charges against the defendant in Count One of the Indictment. In addition, Federal Rules of Evidence 702 provides that "if scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." Luskin will unquestionably be of enormous assistance to the jury in educating them about the technical aspects of labor law. The government does not intend to ask Luskin to testify in the form of an opinion. Luskin's sole function will be to educate the jurors as to the general theories contained within the LMRDA, the LIUNA Constitution and Ethical Practice Code.

For all of the above-mentioned reasons, the Government respectfully requests that it be permitted to call Robert Luskin

as a witness at trial.

                                        Respectfully submitted,

                                        MICHAEL J. SULLIVAN
                                        United States Attorney

                      By:

                                        <u>/s/ Laura J. Kaplan</u>
                                        LAURA J. KAPLAN
                                        SUZANNE M. SULLIVAN
                                        Assistant U.S. Attorneys

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)

                                        <u>/s/ Laura J. Kaplan</u>
                                        Laura J. Kaplan
                                        Assistant United States Attorney

Date: August 15, 2006