UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
UNITED STATES OF AMERICA            )
                                    )
v.                                  )   CASE NO. 05CR10025GAO
                                    )
SCOTT BOIDI                         )
_____)

**MOTION IN LIMINE PURSUANT TO FED.R.EVID., RULES 402, 403, 404(b) AND 609(a), TO EXCLUDE EVIDENCE OF DEFENDANT'S PRIOR CONVICTIONS AND CONDUCT AND INCORPORATED MEMORANDUM OF LAW**

NOW COMES, the Defendant, Scott Boidi, through counsel, and respectfully moves this Honorable Court for an Order prohibiting the Government from introducing evidence of the prior convictions of Scott Boidi, or other alleged bad conduct on the grounds that said evidence is not relevant under Fed. R. Evidence 402, the prejudice resulting from the of introduction of this evidence is prohibited under the Fed. R.. Evidence 404(b) and substantially outweighs any legitimate evidentiary purpose there pursuant to Fed. R. Evidence 403 and 609(a).

Specifically, the Defendant pleaded guilty in Norfolk County Superior Court in 2003, to crimes involving an assault and battery upon Thomas Cochran on November 7, 2001, a fellow Local 88 member.

**I. ARGUMENT**

**A.   THE DEFENDANT'S PRIOR CONVICTIONS ARE INADMISSIBLE IN ADDITION TO ANY STATEMENTS REFERENCING IT**

The Federal Rules of Evidence provide for certain exceptions to the general rule that character evidence is not admissible to prove the defendant's conduct at trial. Rule 404(b) provides that:

> [e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action and conformity therewith. It may,

> however, be admissible for the purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused the prosecution in a criminal case should provided reasonable notice in advance of trial, or during trial if the could excuses Pre-Trial notice for good cause shown, of the general nature of any such evidence it intends to introduce at trial.

The United States Supreme Court has held that the Government is required, prior to submitting Rule 404(b) evidence to the jury, to demonstrate its probative value as part of its burden of providing the existence of essential facts upon which the relevance of the evidence hinges. *Huddleston v. United States*, 485 U.S. 681 (1988). Further, the Court stated that a trial court may admit evidence of extrinsic acts under Rule 404(b), provided "there is sufficient evidence to support a finding by the jury that he defendant committed a similar act." *Id.*

The United States Court of Appeals for the First Circuit has held that the use of 404(b) evidence is not limited to those uses listed in the rule, provided the trial court determines: (1) that the proffered evidence is relevant to some issue other than the issue of the defendant's character; and (2) that the evidence, if relevant, is not more prejudicial than prohibitive. *United States v. Walters,* 904 F.2d 765, 768 (1st Cir. 1990); *United States v. Fields,* 871 F.2d 188, 196 (1st Cir. 1989), *cert. denied,* 110 S.Ct. 369 (1989); *Unites States v. Flores-Perez,* 849 F.2d 1, 4 (1st Cir. 1988).

The initial question facing the trial court is whether the proffered evidence is relevant to any issue other than illustrating the defendant's bad character. *United States v. Walters,* 904 F.2d at 768. The Government may not offer evidence of a defendant's bad acts or other crimes for the purpose of showing criminal propensity or bad character. *United States v. Johnson,* 893 F. 2d 451, 453 (1st Cir. 1990); *United States v. Simon*, 842 F. 2d 552, 553 (1st Cir. 1988); *United States v. Rubino Estrada,* 857 F. 2d 845, 847 (1st Cir. 1988).

Evidence is relevant if it has the tendency to make the existence of any fact that is of consequence to the resolution of the matter more probable than it would be without the evidence. Fed. E. Evid. 401; *United States v. Walters supra,* at 768. In the instant case, the proffered evidence is that the Defendant was previously convicted of assaulting Thomas Cochran. There is no similarity to the alleged RICO, drug, embezzlement and obstruction charges in the instant case.

Assuming *arguendo* that this Court determines that such evidence has relevance to an issue to be decided by the jury, it is further submitted that any probative value of this evidence is outweighed by its prejudicial effect on the Defendant, Rules 403 and 609(a). If this evidence of other acts is relevant to a proper purpose under Rule 404(b), the district court must balance the probative value of the evidence against any danger to the defendant of unfair prejudice. *United States v. Johnson*, 863 F. 2d at 453; *United States v. Fields*, 871 F. 2d at 196; Fed. R. Evid. 403. However, in the instant case, the issues facing the jury is likely to be more inflamed by the prior conviction. In fact, the real issues before the Court are completely dissimilar to the convictions. Therefore, the prejudicial effect of a prior conviction for a crime of violence on the part of the Defendant would be substantial given the non-violent nature of the questions facing the jury and the distinct dissimilarity between the proffered 404(b) evidence and those issues.

### B.    EVIDENCE OF OTHER UNCHARGED CONDUCT IS SIMILARLY INADMISSIBLE

The Government has provided the Defendant with a substantial volume of FBI 302s and other miscellaneous reports in which various conduct of the Defendant is described which is not related to the conduct alleged in the Indictment. At the present time, it is not known what, if

any, of this evidence the Government may seek to introduce. Rather than list the conduct herein, it is reasonably anticipated that counsel will discuss these issues prior to the Pretrial Conference in an effort to narrow any potential issues for the Court.

## II. CONCLUSION

WHEREFORE, based upon the foregoing arguments and authorities this Honorable Court is respectfully urged to exclude any use of foregoing evidence at trial.

**THE DEFENDANT REQUESTS A HEARING ON THIS MOTION.**

Respectfully submitted,

Peter Charles Horstmann, Esquire
BBO #556377
PARTRIDGE, ANKNER & HORSTMANN, LLP
200 Berkeley Street, 16th Floor
Boston, Massachusetts 02116
(617) 859-9999

## CERTIFICATE OF SERVICE

I, Peter Charles Horstmann, Esquire, hereby certify that on this 25th day of August, 2006, a copy of the foregoing MOTION TO EXCLUDE EVIDENCE OF DEFENDANT'S PRIOR CONVICTIONS AND INCORPORATED MEMORANDUM OF LAW was served electronically upon Laura Kaplan, Assistant United States Attorney, United States Attorneys Office, One Courthouse Way, Boston, MA 02210.

Peter Charles Horstmann, Esquire