UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 05-10025-GAO |
| | ) | |
| SCOTT BOIDI, | ) | |
| Defendant. | ) | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
IN LIMINE PURSUANT TO FEDERAL RULES OF
EVIDENCE 402, 403, 404(b) AND 609(a)

The United States, by and through its undersigned attorneys, hereby responds to the defendant's motion in limine as follows:

The government does not intend to introduce at trial evidence of defendant Scott Boidi's (hereinafter "defendant") prior conviction pursuant to 404(b) of the Federal Rules of Evidence ("Fed. R. Evid."). However, although the defendant through his counsel has repeatedly stated that he does not intend to testify at trial, should he change his mind the government reserves the right to cross examine him on any prior conviction pursuant to Fed. R. Evid. 609(a) as such evidence would then be admissible and relevant.

The government does, however, seek to introduce evidence of the defendant's drug use during the time period identified in the indictment as such evidence is relevant to the issues in this

case.[1]  Moreover, it is the government's understanding that the
defendant will also seek to introduce evidence of the defendant's
drug use.  The government contends that such evidence is
admissible under Fed. R. Evid. 401, 402 and in the alternative,
under Fed. R. Evid. 404(b).

Evidence of the defendant's drug usage is relevant pursuant
to Fed. R. Evid. 401 to show the defendant's motive for
embezzling union monies as well as being highly probative of the
knowledge and intent elements of the drug trafficking charge in
this case.  There apparently is no dispute that the defendant had
a drug habit that he needed to support.  To do this, he stole
money from the union to pay for cocaine which he then used
himself as well as distributed to others.  Hence, the defendant's
drug usage is admissible as it is directly relevant to
demonstrate the defendant's motive for embezzling union monies.
In addition, evidence of defendant's drug usage is "highly
probative of the knowledge and intent elements" of the drug
trafficking charge in this case.  See United States v. Manning,
79 F.3d 212, 217 (1st Cir. 1996).

In the alternative, the government submits that evidence of

---

[1]     At trial, the government expects to call four witnesses
who will testify to the defendant's drug use and/or distribution.
Two witnesses are expected to testify that they supplied and sold
cocaine to the defendant on a regular basis for several months in
2001.  A third witness is expected to testify that the witness
received a small package of cocaine from the defendant while at
the union hall.  A fourth witness is expected to testify that
he/she used cocaine with the defendant.

the defendant's drug use is probative of the defendant's motive
for illegally embezzling union dues pursuant to Fed. R. Evid.
404(b).  By its terms, Rule 404(b) excludes only extrinsic
evidence, i.e, "evidence of other crimes, wrongs, or acts" where
the probative value of the evidence is limited to the inference
of "criminal propensity." United States v. Trinkler, 61 F.3d 45,
56 (1st Cir. 1995).  Such evidence is admissible under 404(b) as
"other crimes, wrongs, or acts" probative of motive, intent,
plan, and knowledge.  In sum, evidence of the defendant's drug
use is admissible because it: (1) has "special relevance" in
establishing motive, intent and knowledge, and (2) its probative
value is not substantially outweighed by the risk of undue
prejudice.  United States v. Hadfield, 918 F.2d 987, 994 (1st
Cir. 1990).[2]

---

[2]    Rule 404(b) evidence is deemed to have special
relevance if the evidence "would allow a juror to make at least
one inference probative" of a material issue.  United States v.
Nickens, 955 F.2d 112, 124, 125 (1st Cir.) (citations omitted).
In Nickens, the Court of Appeals affirmed the admission of the
defendant's prior narcotics convictions, concluding that a
reasonable jury could have inferred that the defendant's prior
experience selling cocaine made it more likely that he knew how
drug traffickers operate, and therefore less likely that he had
been duped by two friendly young men who, according to the
defendant, had planted drugs in his suitcase.  Id.  See also
United States v. Moccia, 681 F.2d 61, 63 (1st Cir. 1982) (jury
can "infer that one who lives on a farm with marijuana in the
freezer room and under the chicken coop and has a prior
possession conviction is more likely to know about the presence
of marijuana than one who lives on such a farm and does not have
a past possession conviction"); United States v. Carty, 993 F.2d
1005, 1011 (1st Cir. 1993)(affirming admission of "bad act"
evidence because it "permitted at least one relevant non-
propensity and non-character based inference") (citation
omitted).

Finally, it is expected that the defendant will seek to introduce evidence that the defendant was threatened by another Local 88 member named Morgan Curran in January 2001 as his purported reason for possessing a firearm.  The government contends that such evidence is not admissible - it neither is a justification for carrying a firearm during a drug trafficking offense nor is it anything other than inadmissible hearsay. However, should the defendant be permitted to introduce such evidence, the government would rebut it by introducing evidence that the defendant purchased and owned two firearms *prior* to January 2001 - the date he was allegedly threatened.[3]  Indeed, the government expects to have one witness testify that the defendant possessed a firearm as far back as 1991 and that this witness also observed the defendant with a firearm on more than one occasion pre-dating the indictment period.  In addition, the government would seek to introduce evidence to show that the defendant purchased *four* firearms between 1991 and 2001 and two of those firearms were purchased prior to the date of the alleged threat to the defendant.

For these reasons, the government respectfully requests that it be permitted to offer evidence of the defendant's drug use at

---

[3]     Should the defendant press this alleged defense too far, he may open the door to the government seeking to introduce evidence of a November 2001 assault by the defendant and others upon another Local 88 member for which he pled guilty.  This evidence would be highly probative of the fact that Boidi was not a man in fear but rather himself a dangerous and violent enforcer.

trial.  Additionally, should the defendant be allowed to

introduce a possible explanation for his possession of a firearm,

then the government requests that it be allowed to rebut this

argument by introducing evidence of prior firearm purchases as

well as prior occasions of carrying a firearm by the defendant.

                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney

                By:      s/ SUZANNE M. SULLIVAN
                              SUZANNE M. SULLIVAN
                              LAURA J. KAPLAN
                              Assistant U.S. Attorneys
September 5, 2006

**CERTIFICATE OF SERVICE**

    I, Suzanne M. Sullivan, do hereby certify that I have served
the copy of the foregoing to defense counsel by electronic
filing.

                              s/ SUZANNE M. SULLIVAN
                              Suzanne M. Sullivan
                              Assistant U.S. Attorney