UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CASE NO. 04CR10025GAO |
| v.  ) | |
| ) | |
| SCOTT BOIDI ) | |

### DEFENDANT'S EMERGENCY MOTION TO CONTINUE TRIAL DATE

NOW COMES the Defendant, Scott Boidi, through counsel, and respectfully moves this Honorable Court to continue the trial of the instant matter which is currently scheduled to commence on September 18, 2006, for thirty (30) days, for the following reasons:

1. Yesterday, at 5:10 p.m., the undersigned counsel received 1,556 pages of *Jenks* material regarding eleven witnesses.

2. The undersigned counsel has commenced a review of this material which will take weeks to digest.

3. Although the Government represented at the Pretrial Conference last week that the undersigned counsel had been shown some a significant portion of the *Jenks* material, this is not accurate.

4. The only portions of the *Jenks* which counsel was permitted to view earlier this year was the Grand Jury testimony of two witnesses which account for approximately 70 pages of the *Jenks*.

5. A meaningful review of this material would normally take several months.

6. However, given the fact that this trial was expected to take three weeks, the

        undersigned counsel should be able to use this time period and complete his review in 30 days.

7. There will be significant follow-up discovery requests from the Government based upon the *Jenks* disclosures.

8. Several of the witness interview reports include exculpatory evidence which will require further investigation. For example, several Government witnesses indicated in prior statements that (1) the Defendant did not sell drugs and/or (2) that the Defendant carried a firearm only for protection.

9. The foregoing statements have a direct bearing on the most important charges facing the Defendant and may alter the defense trial strategy.

10. Under L.R. 116.2(B)(1)(a), exculpatory evidence should have been disclosed years ago.

11. Some of the *Jenks* reviewed indicates that Government witness Lynne DeMitta gave allegedly false prior testimony to a Grand Jury.

12. Pursuant to L.R. 116.2(B)(2)(a)-(d), this information should have been disclosed 21 days before trial.

13. Several reports refer to other reports which were not disclosed.

14. Under no circumstances will counsel be in a position to give an opening statement without a thorough review and investigation of this material.

15. The Government, through its representative Assistant United States Attorney Laura Kaplan opposes the instant motion.

WHEREFORE, based upon the foregoing this Honorable Court is respectfully urged to continue the trial for 30 days.

**THE DEFENDANT REQUESTS A HEARING ON THIS MOTION.**

Respectfully submitted,

Peter Charles Horstmann, Esquire
BBO #556377
PARTRIDGE, ANKNER & HORSTMANN, LLP
200 Berkeley Street, 16th Floor
Boston, Massachusetts 02116
(617) 859-9999

**CERTIFICATE OF SERVICE**

I, Peter Charles Horstmann, Esquire, hereby certify that on this 12th day of September, 2006, a copy of the foregoing DEFENDANT'S EMERGENCY MOTION TO CONTINUE TRIAL DATE was served electronically upon Laura Kaplan, Assistant United States Attorney, United States Attorneys Office, One Courthouse Way, Boston, MA 02210.

Peter Charles Horstmann, Esquire