UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA      )
                             )
        v.                   )    CRIMINAL NO. 05-10025-GAO
                             )
SCOTT BOIDI                  )


GOVERNMENT'S OPPOSITION TO DEFENDANT'S REQUEST FOR A
CONTINUANCE

The United States of America, by and through its attorneys,
Michael J. Sullivan, United States Attorney, and Assistant U.S.
Attorneys Laura J. Kaplan and Suzanne M. Sullivan, submit this
memorandum in support of its motion in opposition to defendant's
request for a continuance.

Quite clearly this request is nothing more than an attempt
to unnecessarily delay the trial and gain an unfair advantage
over the Government.  Much of the Jencks materials turned over on
September 11, 2006 had previously been disclosed to the defendant
either in this Office or by mail.

In June 2006, the Government invited defendant's counsel to
review certain Jencks materials in an effort to reach a possible
resolution of this case.  At that time, Mr. Horstmann reviewed
the grand jury testimony of two witnesses, the defendant's
American Express statements, handwriting exemplars, and documents
received by the Government from the LIUNA Inspector General's

investigation (many of which have now again been disclosed as Jencks).  Although it was offered, Mr. Horstmann declined to review records relating to dues missing from Local 88 and asked for copies of all American Express statements, various reports and certain LIUNA records – all of which were promptly provided.

The Government has produced Jencks material for *all* potential Government witnesses.  However, on September 12, 2006, and at Mr. Horstmann's request, AUSA Kaplan represented that we believed that in actuality we would call approximately 12 witnesses despite our having listed many more on the witness list.  Thus, the Government has turned over reports of witnesses it may very well not call as witnesses.

Moreover, in an abundance of caution, the Government turned over to Mr. Horstmann much more than is required under the Jencks Act.  For instance, many hundreds of pages of material that were turned over consist of the prior testimony of Robert Luskin, Esq. in cases wherein he has testified over the years.  His testimony in those cases is not related to the subject matter at issue in this case.  Other than the first few pages of each transcript which relate to Mr. Luskin's qualifications, it is unlikely that any of the documents constitute Jencks material.  Certainly, Mr. Horstmann will not need to scrutinize the entirety of these documents.  Again, many of the documents turned over as Jencks come from the LIUNA Inspector General's investigation which Mr.

2

Horstmann has had copies of since at least late June.

The notion that the defendant has not been provided with all exculpatory materials in a timely manner is also specious.  In fact, after Mr. Horstmann received the Government's 21-day letter, he contacted AUSA Kaplan to comment that he had "never seen such a letter" indicating (not that there was so much Giglio material on the Government's witnesses but) that he was more than satisfied that the Government had made all necessary disclosures. The fact is that the defendant has been provided with all exculpatory and impeachment materials in a timely manner.

The defendant claims that he is now, for the first time, reading reports that indicate that the defendant did not "sell" drugs and that this information is somehow "exculpatory."  The fact that there may be witnesses who claim that the defendant did not sell drugs is not exculpatory.  The Government has never claimed that it had evidence that the defendant "sold" drugs. The defendant well knows that the Government does not have to prove that the defendant "sold" drugs for him to be found guilty of distribution.

As to any reports that the defendant carried a gun for protection, these reports *were* all turned over to the defendant several weeks ago as the Government recognized that this might be relevant for the defendant's defense.  Indeed, AUSA Kaplan has had several telephone discussions with Mr. Horstmann about this

possible area of inquiry and subsequently sent him all of the reports which might be relevant to that potential defense.

Finally, despite Mr. Horstmann's assertions to the contrary, in the Government's 21-day letter dated August 28, 2006, it disclosed to Mr. Horstmann that Lynne DeMita had given false testimony in her first grand jury testimony. However, even had the Government not made such a disclosure in its 21-day letter, these are the very charges underlying Count Nine of the Indictment - witness tampering. How is it possible that Mr. Horstmann is taken by surprise that Ms. DeMita lied in her initial grand jury testimony? Obviously, Ms. DeMita lied during her first grand jury session because the Government charged the defendant with corruptly inducing her to do so. The Government long ago identified Ms. DeMita as the John Doe #4 in Count Nine. The defendant cannot claim that this is new information.

The defendant's request for a continuance is nothing more than an attempt by the defendant to unduly delay the trial and obtain an unfair advantage over the Government. To allow the defendant an additional thirty days to review Jencks material which under no local rule or statute is he entitled to would be grossly unfair to the Government. The Government's witnesses are prepared for trial and some of them are coming from out of state. A change in the trial date will necessitate a change in their schedules which will cause them great inconvenience. For all of

4

these reasons, the Government opposes the defendant's motion for a continuance and stands ready for trial.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:    /s/Laura J. Kaplan
LAURA J. KAPLAN
SUZANNE M. SULLIVAN
Assistant U.S. Attorneys

September 13, 2006

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served by electronic filing upon counsel for the defendant, Peter C. Horstmann, Esq.

/s/ Laura J. Kaplan

Laura J. Kaplan
Assistant U.S. Attorney

Dated:    September 13, 2006