UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CASE NO. 04CR10025GAO |
| v. ) | |
| ) | |
| SCOTT BOIDI ) | |

### DEFENDANT'S MOTION FOR COURT ORDERED IMMUNITY
### FOR DEFENSE WITNESS AND INCORPORATED MEMORANDUM OF LAW

NOW COMES the Defendant, Scott Boidi, through counsel, and respectfully moves this Honorable Court to grant use immunity to defense witness Alan Boidi. In support thereof, counsel states the following:

### FACTS

the Government has obtained immunity Orders for two witnesses with extensive criminal backgrounds to testify at trial. Rafael Soto has been given immunity and is expected to testify that he sold the Defendant 50 to 70 grams of cocaine a week for four months. (.8 to 1.12 Kilograms). Hector Vega has also been given immunity and is expected to testify that he sold the Defendant 10 grams of cocaine a day for a nine month period. (2.7 Kilograms). Phone records support Soto's claim that he had contact with the Defendant for approximately four months. Phone records do not support Vega's claim.

Defense witness Alan Boidi, the Defendant's brother, is expected to testify that he lived with Soto and the Defendant at different times during this time period and that he and Vega were runners for Soto and stored cocaine for Soto. Alan Boidi's testimony would substantially refute the quantities that both Soto and Vega attribute to the Defendant's purchases. His testimony

1

would also refute that either Soto or Vega had access to the quantity of cocaine that they allege they sold to the Defendant or the cash needed to purchase the alleged quantities sold. Lastly, he is expected to testify that the Defendant would purchase 1 gram (or 3 $40.00 bags) of cocaine from Soto 2-3 times per week during the same four month period. (420 grams maximum) and that Boidi used most of it himself. This testimony would also refute the testimony of Lynne DeMitta,, who has also been given immunity by the Government, and is similarly expected to exaggerate the Defendant's cocaine purchases.

As the Government is aware Alan Boidi was arrested with Vega in 2002 and charged with cocaine related offenses. This case was ultimately dismissed leaving Alan Boidi's Fifth Amendment Privilege intact. However, he has indicated a strong desire to testify in this case in support of his brother. The Government has refused to grant use immunity to Alan Boidi.

## ARGUMENT

As set forth above, the anticipated testimony of Alan Boidi drives a stake in the heart of the Government's case. In order to prove the five year mandatory minimum quantity against Boidi of possession with intent to distribute 500 grams of cocaine (Count 5), it must secure the unimpeached testimony of Soto, Vega and DeMitta. Alan Boidi's expected testimony as outlined above raises grave concerns about the veracity of the Government's witnesses. Moreover, the Government's refusal to grant immunity to Alan Boidi bespeakes its concern over its content.

This Court has authority in very limited circumstances to grant immunity to defense witnesses, a power generally reserved for the executive branch of Government. 18 U.S.C.6003; *United States v. Mackey*, 117 F.3d 24, 27 (1st Cir. 1997). Those limited circumstances occur

when the prosecutor's refusal to grant immunity violates the Due Process Clause by deliberately distorting the fact finding process. *United States v. Castro*, 129 F.3d 226, 232 (1st Cir. 1997). This type of deliberate distortion can occur in two ways (1) if the Government attempts to intimidate or harass a potential witness, or (2) if the prosecutor deliberately withholds use immunity to hide exculpatory evidence from the jury. *Id*. It is only the second situation which is applicable to the instant case. Here, Alan Boidi clearly possess exculpatory evidence by virtue of his past criminal association with immunized Government witnesses. He worked directly for Soto and with Vega in delivering and storing cocaine during the time period that the Defendant allegedly made his purchases. He would even testify that he made deliveries to the Defendant on behalf of Soto. He has first hand information on the size and scope of Soto's operation and his brother's drug habits and, as a result, is in a unique position to offer exculpatory evidence. As a result, the Government's refusal to grant immunity to Alan Boidi while granting immunity to his drug conspirators, (Vega and Soto), can only be viewed as a deliberate attempt to hide exculpatory evidence form the jury. *Id*.

Additionally, Alan Boidi's testimony as to drug quantity would also tend to exculpate the Defendant on the other five year mandatory minimum charge (Count 7) as well because it is far less likely that the Defendant needed the firearm to protect himself during the hundred dollar purchases Alan Boidi would testify to verses the thousand dollar purchases described by Soto and Vega. Obviously, Counts 5 and 7 are by far the most serious charges set forth in the Third Superceding Indictment and the Government's attempt to limit the defense as to these charges should not be tolerated.

Finally, the Government should not be heard to argue that it is using its discretion not to

grant immunity because of some future planned prosecution of Alan Boidi for events which occurred in 2002. The Government has interviewed Alan Boidi numerous times in an effort to secure his testimony against his brother, (to no avail), and still has not prosecuted him. The Government has also had the cooperation of Soto and Vega for many years and has not charged Alan Boidi. It would be disingenuous for the Government to argue in September of 2006, that it is refraining from granting immunity to Alan Boidi because of its intent to prosecute him.

## CONCLUSION

WHEREFORE, based upon the foregoing arguments and authorities, this Honorable Court is respectfully urged to issue an Order granting use immunity to Alan Boidi.

**The defendant respectfully requests a hearing on the instant motion.**

        Respectfully submitted,

        Peter Charles Horstmann, Esquire
        BBO #556377
        PARTRIDGE, ANKNER & HORSTMANN, LLP
        200 Berkeley Street, 16th Floor
        Boston, Massachusetts 02116
        (617) 859-9999

## CERTIFICATE OF SERVICE

I, Peter Charles Horstmann, Esquire, hereby certify that on this 20th day of September, 2006, a copy of the foregoing motion was served electronically upon Laura Kaplan, Assistant United States Attorney, United States Attorneys Office, One Courthouse Way, Boston, MA 02210.

        Peter Charles Horstmann, Esquire