UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 05-10025-GAO |
| | ) | |
| SCOTT BOIDI | ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION
FOR COURT ORDERED IMMUNITY**

The United States of America, by and through its attorneys, Michael J. Sullivan, United States Attorney, and Assistant U.S. Attorneys Laura J. Kaplan and Suzanne M. Sullivan, submits this memorandum in support of its motion in opposition to defendant's motion for court ordered immunity filed on September 20, 2006.

The defendant argues that the government's refusal to seek immunity for the defendant's brother, Alan Boidi ("the witness"), has been deliberately withheld to hide exculpatory evidence from the jury. There is no evidence to support his argument. Rather, the government has made a reasoned decision not to seek immunity for the witness for several reasons not the least of which is the government's desire not to hinder any future state or federal prosecution of the witness for drug trafficking.

The First Circuit in <u>United States v. Mackey</u>, 117 F.3d 24, 27 (1st Cir. 1997), held that the power to confer witness immunity under the statute has been given to the prosecutor, not the judge. The Court noted that the Circuits have agreed that in certain *extreme cases of prosecutorial misconduct*, the government's refusal to grant immunity could justify a court's

refusal to allow the prosecution to proceed.  However, the Court stated that those cases *go beyond affirmative misconduct* and suggest that the government could not withhold immunity solely in order to keep exculpatory evidence from the jury.  In <u>United States v. Castro</u>, 129 F.3d 226, 231 (1st Cir. 1997), the Court held that the due process clause "constraint" on the government takes on practical significance only when the prosecutor deliberately aspires to distort the fact finding process.

None of the above has occurred in this case.  Despite the defendant's erroneous supposition that the government is unlikely to prosecute the witness, Alan Boidi is an individual who by his own admission was trafficking in cocaine along with two of the government's witnesses.  He was prosecuted by the state in connection with a 2002 and 2004 arrest.  In the 2002 case, the witness was arrested along with one of the government's witnesses, Hector Vega ("Vega") on drug charges.  The other government witness, Ralph Soto ("Soto"), was not arrested in either of those cases and it is not known whether Soto was involved in the criminal activity that gave rise to those cases.  Therefore, the witness has never been prosecuted in connection with his criminal activities with Soto about which he wishes to now testify and a federal or state prosecution of him is entirely possible.[1]

---

[1] The Court in <u>Mackey</u>, id at 28, noted that most courts have been unwilling to engage in a weighing of the government's actual interest in future prosecution of the witness as such an evaluation would be especially cumbersome where the subject is largely within the expertise of the prosecutor.

In addition, the government has evidence which is not contradicted and for this reason is extremely reluctant to immunize a witness who has tremendous motive to lie. The two witnesses, Vega and Soto, will testify about the defendant's involvement in drug trafficking and each will corroborate the other. These two witnesses are also corroborated by the witness Lynne DeMita as well as telephone records. Indeed, in an interview with the Drug Enforcement Administration ("DEA") in November of 2004, the witness stated that Soto had been trafficking in cocaine for several years and sold cocaine to members of Local 88. Thus, the witness's attempt to now minimize Soto's drug dealing activities is belied by his previous statements. He is either manufacturing this testimony to help his brother or he simply was not in a position to know the full extent of the drug conspiracy that his brother was involved in. Thus, the government is hard pressed to believe that this witness's testimony, which is now offered to contradict the government's witnesses relating to the defendant's drug trafficking activities, will be truthful. He is, after all, the brother of the defendant. He is also a substance and alcohol abuser with a lengthy criminal history that dates back to 1978 and continues through 2005.

The government's decision to not seek immunity for the witness does not deprive the defendant of his defense to the drug trafficking charges. The defendant has no overwhelming need for this evidence and, in any event, can obtain it through cross-

examination without a grant of immunity for this witness. The defendant can and presumably will cross-examine the government's witnesses about the quantity of drugs purchased and possessed by the defendant. Moreover, it is disingenuous for the defendant on the eve of trial to now seek an eleventh hour immunity order for this witness. Certainly if the witnesses testimony was truthful, the defendant would have been aware of its existence long before now. If this witness were truly essential to the defendant's defense, clearly the defendant would have sought immunity for him long before the eve of trial.

The defendant has failed to demonstrate affirmative government misconduct or that the government is acting in bad faith when it legitimately asserts that immunity may interfere with the future prosecution of the witness. Defendants simply do not have a right to insist on immunity for defense witnesses. Since the defendant has failed to demonstrate that the government's handling of the request for immunity was motivated by the sole purpose of keeping exculpatory evidence from the jury, his motion should be denied.

                                    Respectfully submitted,

                                    MICHAEL J. SULLIVAN
                                  United States Attorney

                       By:    /s/Laura J. Kaplan
                            LAURA J. KAPLAN
                            SUZANNE M. SULLIVAN
                            Assistant U.S. Attorneys

September 22, 2006

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing was served electronically upon counsel for the defendant, Peter C. Horstmann, Esq.

                                          /s/ Laura J. Kaplan

                                        Laura J. Kaplan
                                        Assistant U.S. Attorney

Dated:   September 22, 2006

                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA    )
                            )
        v.                  )    CRIMINAL NO. 05-10025-GAO
                            )
SCOTT BOIDI                 )


        **GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION**
              **FOR COURT ORDERED IMMUNITY**

   The United States of America, by and through its attorneys, Michael J. Sullivan, United States Attorney, and Assistant U.S. Attorneys Laura J. Kaplan and Suzanne M. Sullivan, submits this memorandum in support of its motion in opposition to defendant's motion for court ordered immunity filed on September 20, 2006.

   The defendant argues that the government's refusal to seek immunity for the defendant's brother, Alan Boidi ("the witness"), has been deliberately withheld to hide exculpatory evidence from the jury. There is no evidence to support his argument. Rather, the government has made a reasoned decision not to seek immunity for the witness for several reasons not the least of which is the government's desire not to hinder any future state or federal prosecution of the witness for drug trafficking.

   The First Circuit in United States v. Mackey, 117 F.3d 24, 27 (1st Cir. 1997), held that the power to confer witness immunity under the statute has been given to the prosecutor, not the judge. The Court noted that the Circuits have agreed that in certain *extreme cases of prosecutorial misconduct*, the government's refusal to grant immunity could justify a court's

refusal to allow the prosecution to proceed.  However, the Court stated that those cases *go beyond affirmative misconduct* and suggest that the government could not withhold immunity solely in order to keep exculpatory evidence from the jury.  In <u>United States v. Castro</u>, 129 F.3d 226, 231 (1st Cir. 1997), the Court held that the due process clause "constraint" on the government takes on practical significance only when the prosecutor deliberately aspires to distort the fact finding process.

None of the above has occurred in this case.  Despite the defendant's erroneous supposition that the government is unlikely to prosecute the witness, Alan Boidi is an individual who by his own admission was trafficking in cocaine along with two of the government's witnesses.  He was prosecuted by the state in connection with a 2002 and 2004 arrest.  In the 2002 case, the witness was arrested along with one of the government's witnesses, Hector Vega ("Vega") on drug charges.  The other government witness, Ralph Soto ("Soto"), was not arrested in either of those cases and it is not known whether Soto was involved in the criminal activity that gave rise to those cases.  Therefore, the witness has never been prosecuted in connection with his criminal activities with Soto about which he wishes to now testify and a federal or state prosecution of him is entirely possible.[1]

---

[1] The Court in <u>Mackey</u>, id at 28, noted that most courts have been unwilling to engage in a weighing of the government's actual interest in future prosecution of the witness as such an evaluation would be especially cumbersome where the subject is largely within the expertise of the prosecutor.

In addition, the government has evidence which is not contradicted and for this reason is extremely reluctant to immunize a witness who has tremendous motive to lie.  The two witnesses, Vega and Soto, will testify about the defendant's involvement in drug trafficking and each will corroborate the other.  These two witnesses are also corroborated by the witness Lynne DeMita as well as telephone records.  Indeed, in an interview with the Drug Enforcement Administration ("DEA") in November of 2004, the witness stated that Soto had been trafficking in cocaine for several years and sold cocaine to members of Local 88.  Thus, the witness's attempt to now minimize Soto's drug dealing activities is belied by his previous statements.  He is either manufacturing this testimony to help his brother or he simply was not in a position to know the full extent of the drug conspiracy that his brother was involved in.  Thus, the government is hard pressed to believe that this witness's testimony, which is now offered to contradict the government's witnesses relating to the defendant's drug trafficking activities, will be truthful.  He is, after all, the brother of the defendant.  He is also a substance and alcohol abuser with a lengthy criminal history that dates back to 1978 and continues through 2005.

    The government's decision to not seek immunity for the witness does not deprive the defendant of his defense to the drug trafficking charges.  The defendant has no overwhelming need for this evidence and, in any event, can obtain it through cross-

examination without a grant of immunity for this witness. The defendant can and presumably will cross-examine the government's witnesses about the quantity of drugs purchased and possessed by the defendant. Moreover, it is disingenuous for the defendant on the eve of trial to now seek an eleventh hour immunity order for this witness. Certainly if the witnesses testimony was truthful, the defendant would have been aware of its existence long before now. If this witness were truly essential to the defendant's defense, clearly the defendant would have sought immunity for him long before the eve of trial.

The defendant has failed to demonstrate affirmative government misconduct or that the government is acting in bad faith when it legitimately asserts that immunity may interfere with the future prosecution of the witness. Defendants simply do not have a right to insist on immunity for defense witnesses. Since the defendant has failed to demonstrate that the government's handling of the request for immunity was motivated by the sole purpose of keeping exculpatory evidence from the jury, his motion should be denied.

> Respectfully submitted,
>
> MICHAEL J. SULLIVAN
> United States Attorney
>
> By:  /s/Suzanne M. Sullivan
> LAURA J. KAPLAN
> SUZANNE M. SULLIVAN
> Assistant U.S. Attorneys

September 22, 2006

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing was served electronically upon counsel for the defendant, Peter C. Horstmann, Esq.

                                                   /s/ Laura J. Kaplan

                                     Laura J. Kaplan
                                     Assistant U.S. Attorney

Dated:    September 22, 2006