# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

```
------------------------------------------------------------X
UNITED STATES OF AMERICA           :
                                   :
            v.                     :   No. 05-10025 GAO
                                   :
SCOTT BOIDI                        :
               Defendant.          :
------------------------------------------------------------X
```

## DEFENDANT SCOTT BOIDI'S PRELIMINARY
## REQUEST FOR JURY INSTRUCTIONS

The Defendant, Scott Boidi, through counsel, hereby submits the attached requested jury instructions pursuant to Rule 30 of the Federal Rules of Criminal Procedure. The Defendant reserves the right to supplement or modify these requested instructions in light of the requests, if any, filed by the Government as well, as the evidence developed during the trial.

Respectfully submitted,

Peter Charles Horstmann, Esquire
BBO # 556377
PARTRIDGE, ANKNER & HORSTMANN
200 Berkeley Street, 16th Floor
Boston, MA 02116
(617) 859-9999

## CERTIFICATE OF SERVICE

I, Peter Charles Horstmann, hereby certify that on this 23st day of September, 2006, a copy of the PROPOSED JURY INSTRUCTIONS was electronically served upon Laura Kaplan, Assistant United States Attorney, United States Attorney's Office, One Courthouse Way, Boston, MA 02210.

Peter Charles Horstmann, Esquire

1

## JURY INSTRUCTION NO. 1

## Duties of the Jury

Ladies and gentlemen:  You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions.  At the end of the trial I will give you more detailed instructions.  Those instructions will control your deliberations.

It will be your duty to decide from the evidence what the facts are.  You, and you alone, are the judges of the facts.  You will hear the evidence, decide what the facts are, and then apply those facts to the law I give you.  That is how you will reach your verdict.  In doing so you must follow that law whether you agree with it or not.  The evidence will consist of the testimony of witnesses, documents and other things received into evidence as exhibits, and any facts on which the lawyers agree or which I may instruct you to accept.

You should not take anything I may say or do during the trial as indicating what I think of the believability or significance of the evidence or what your verdict should be.

First Circuit Pattern Jury Instruction 1.01, Criminal Cases (1997).

## JURY INSTRUCTION NO. 2

### Nature of Indictment; Presumption of Innocence

This criminal case has been brought by the United States government. I will sometimes refer to the government as the prosecution. The government is represented at this trial by an assistant United States attorney, Ms. Laura Kaplan. The defendant, Scott Boidi, is represented by his attorney, Mr. Peter Horstmann.

Mr. Boidi has been charged by the government with violation of four federal laws. He is charged with nine counts alleging multiple offenses which I will describe for you later. The charges against Mr. Boidi are contained in the indictment. The indictment is simply the description of the charges against Mr. Boidi; it is not evidence of anything. Mr. Boidi pleaded not guilty to the charges and denies committing the crimes. Mr. Boidi is presumed innocent and may not be found guilty unless all of you unanimously find that the government has proven his guilt beyond a reasonable doubt.

First Circuit Pattern Jury Instruction 1.02, Criminal Cases (1997).

## JURY INSTRUCTION NO. 3

### Credibility of Witnesses

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe everything a witness says or only part of it or none of it.

In deciding what to believe, you may consider a number of factors, including the following:

(1) the witness's ability to see or hear or know things the witness testifies to;

(2) the quality of the witness's memory;

(3) the witness's manner while testifying;

(4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice;

(5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence; and

(6) how reasonable the witness's testimony is when considered in the light of other evidence which you believe.

First Circuit Pattern Jury Instruction 1.06, Criminal Cases (1997).

## JURY INSTRUCTION NO. 4

### Duty of the Jury to Find Facts and Follow Law

It is your duty to find facts from all the evidence admitted in this case. To those facts you must apply the law as I give it to you. The determination of the law is my duty as the presiding judge in this court. It is your duty to apply the law exactly as I give it to you, whether you agree with it or not. You must not be influenced by any personal likes or dislikes, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single some out and ignore others; they are all equally important. You must not read into these instructions, or into anything I may have said of done, any suggestions by me as to what verdict you should return - that is a matter entirely for you to decide.

First Circuit Pattern Jury Instruction 3.01, Criminal Cases (1997).

## JURY INSTRUCTION NO. 5

### Presumption of Innocence; Proof Beyond a Reasonable Doubt

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and the require the acquittal of a defendant. The defendant before you, Scott Boidi, has the benefit of that presumption throughout the trial, and you are not to convict him of a particular charge unless you are persuaded of his guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that Scott Boidi is guilty of the crimes with which he is charged beyond a reasonable doubt. The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict.

A reasonable doubt may arise not only from the evidence produced but also from a lack of evidence. Reasonable doubt exists when, after weighing and considering all the evidence, using reason and common sense, jurors cannot say that they have a settles conviction of the truth of the charge.

Of course, a defendant is never to be convicted on suspicion or conjecture. If, for example, you view the evidence in the case as reasonably permitting either

of two conclusions - one that a defendant is guilty as charged, the other that the defendant is not guilty - you will find the defendant not guilty.

It is not sufficient for the government to establish a probability, though a strong one, that a fact charged is more likely to be true than not true. That is not enough to meet the burden of proof beyond a reasonable doubt. On the other hand, there are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.

Concluding my instructions on the burden, then, I instruct you that what the government must do to meet its heavy burden is to establish the truth of each part of each offense charged by proof that convinces you and leaves you with no reasonable doubt, and thus satisfies you that you can, consistently with your oath as jurors, base your verdict upon it. If you so find as to a particular charge against Scott Boidi, you will return a verdict of guilty on that charge. If, on the other hand, you think there is a reasonable doubt about whether Scott Boidi is guilty of a particular offense, you must give Mr. Boidi the benefit of the doubt and find him not guilty of that offense.

This instruction is based upon First Circuit Pattern Jury Instruction 3.02, Criminal Cases (1997), and United States v. Cleveland, 106 F.3d 1056, 1062-63 (1st Cir. 1997).

7

## JURY INSTRUCTION NO. 6

### What is Evidence; Inferences

The evidence from which you are to decide what the facts are consists of sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witnesses; the exhibits that have been received into evidence; and any facts to which the lawyers have agreed or stipulated. A stipulation means simply that the government and Mr. Boidi accept the truth of a particular proposition of fact. Since there is no disagreement, there is no need for evidence apart from the stipulation. You must accept the stipulation as fact even though nothing more was said about it one way or the other.

Although you may consider only the evidence presented in the case, you are not limited in considering that evidence to the bald statements made by the witnesses or contained in the documents. You are permitted to draw from facts that you find to have been proven such reasonable inference as you believe are justified in the light of common sense and personal experience.

First Circuit Pattern Jury Instruction 3.04, Criminal Cases (1997).

## **INSTRUCTION NO. 7**

### **Kinds of Evidence; Direct and Circumstantial**

There are two kinds of evidence:  direct and circumstantial.  Direct evidence is

direct proof of a fact, such as testimony of an eyewitness that the witness saw

something.  Circumstantial evidence is indirect evidence, that is proof of a fact or

facts from which you could draw the inference, by reason and common sense, that

another fact exists, even though it has not been proven directly.  You are entitled

to consider both kinds of evidence.  The law permits you to give equal weight to

both, but it is for you to decide how much weight to give to any evidence.


First Circuit Pattern Jury Instruction 3.05, Criminal Cases (1997).

**<u>JURY INSTUCTION NO. 8</u>**

**Cautionary and Limiting Instructions as to**

**Particular Kinds of Evidence**

A particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I have told you when that occurred, and instructed you on the purposes for which the item can and cannot be used.

First Circuit Pattern Jury Instruction 3.07, Criminal Cases (1997).

## JURY INSTRUCTION NO. 9

### What is Not Evidence

Certain things are not evidence.  I will list them for you:

(1)  Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they say in their opening statement, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence.  Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by my ruling on it.

(3)  Anything that I have excluded from evidence or ordered stricken and instructed you to disregard is not evidence.  You must not consider such items.

(4)     Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at trial.

(5)     The indictment is not evidence.  This case, like most criminal case, began with an indictment.  You will have that indictment before you in the course of your deliberations in the jury room.  That indictment was returned by a grand jury, which heard only the government's side of the case.  I caution you, as I have before, that the fact that Mr. Boidi has had an indictment filed against him is no

11

evidence whatsoever of his guilt.  The indictment is simply an accusation.  It is the means by which the allegations and charges of the government are brought before this court.  The indictment proves nothing.

First Circuit Pattern Jury Instruction 3.08, Criminal Cases (1997).

## JURY INSTRUCTION NO. 10

### Foreperson's Role; Unanimity

I come now to the last part of the instructions, the rules for your deliberations.

When you retire you will discuss the case with other jurors to reach agreement if you can do so. You shall permit your foreperson to preside over your deliberations, and your foreperson will speak for you here in court. Your verdict must be unanimous.

First Circuit Pattern Jury Instruction 6.01, Criminal Cases (1997).

## JURY INSTRUCTION NO. 11

### Consideration of Evidence

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions.  However, nothing that I have said or done is intended to suggest what your verdict should be - that is entirely for you to decide.

First Circuit Pattern Jury Instruction 6.02, Criminal Cases (1997).

## JURY INSTRUCTION NO. 12

### Reaching Agreement

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.

Do not be afraid to change your opinion if you think you are wrong.  But do not come to a decision simply because other jurors think it is right.

This case has taken time and effort to prepare and try.  There is no reason to think it could be better tried or that another jury is better qualified to decide it. It is important therefore that you reach a verdict if you can do so conscientiously. If it looks at some point as if you may have difficultly in reaching a unanimous verdict, and if the greater number of you are agreed on a verdict, the jurors in both the majority and the minority should reexamine their positions to see whether they have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with them.  You should not hesitate to reconsider your views from time to time and to change them if you are persuaded that this is appropriate.

It is important that you attempt to return a verdict, but of course, only if each of you can do so after having made your own conscientious determination. Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

First Circuit Pattern Jury Instruction 6.03, Criminal Cases (1997).

15

## JURY INSTRUCTION NO. 13

## Mere Presence at Crime Scene

The Defendant can be convicted for his own unlawful conduct; not that of any other person.  Thus, in order to obtain a conviction on this indictment, the prosecution must prove beyond a reasonable doubt that the defendant actually participated in the commission of the crime charged.  Mere presence at the scene of the crime, and even failure to take affirmative steps to prevent the crime, does not render a person liable as a participant.  The fact that a person leaves an area where an unlawful act has occurred is not enough to convict him as a participant in that act.  A suspicion or conjecture on your part that the Defendant may have been a participant in the crime charged is not enough for a conviction.  You may find him guilty if, and only if, you find beyond a reasonable doubt that he actually participated in the crime charged.  Unless you find such proof beyond a reasonable doubt, you must return a verdict of not guilty.

Commonwealth v. Richards, 363 Mass. 299, 306, 293 N.E.2d 854, 859 (1973).
Commonwealth v. Fancy, 340 Mass. 196, 200, 207 N.E.2d 276, 279 (1965).
Commonwealth v. Benders, 361 Mass. 704, 707-708, 282 N.E.2d 405, 407-408 (1972)
Commonwealth v. Chinn, 6 Mass.App.Ct. 714, 716, 383 N.E.2d 90, 92 (1978).
Commonwealth v. Amaral, 13 Mass.App.Ct. 238, 241, 431 N.E.2d 941, 944 (1982).
Commonwealth v. Spina, 1 Mass.App.Ct. 805, 805-806, 294 N.E.2d 500-501 (1973).
Bailey v. United States, 416 F.2d 1110, 1114-1115 (D.C. Cir. 1969).

## JURY INSTRUCTION NO. 14

### Jury Cannot Convict on Basis of Association

In order to hold the defendant criminally responsible for the acts of others, the prosecution must first prove beyond a reasonable doubt that he intentionally assisted the principal in the commission of the crime.  Second, the prosecution must also prove beyond a reasonable doubt that he shared with the principal the mental state, or intent, required for that crime.  Evidence that the defendant knew the other person(s) charged with the crime, or that he was with that (those) person(s) before, during or after the incident giving rise to these charges, without more, is not enough evidence for a conviction.  Our law does not permit a finding of guilty by **association**.

Commonwealth v. Perry, 357 Mass. 149, 151 256 N.E.2d 745, 747 (1970).
Fancy, supra, at 200, 207 N.E.2d at 279.

17

## JURY INSTRUCTION NO. 15

### Racketeering - 18 U.S.C. §1962(c)

The Defendant is charged in Count One of the Indictment with racketeering, in violation of 18 U.S.C. §1962(c).   This law makes it a crime for anyone to associate with an interstate enterprise and then knowingly and deliberately participating in the affairs of that enterprise through a pattern of racketeering activity.

<u>JURY INSTRUCTION NO. 16</u>

**"Racketeering activity" – Defined**

The terms "racketeering activity" or racketeering acts, as used in these instructions, mean specific illegal actions.

Count One of the indictment alleged eight acts of racketeering.  The alleged acts are summarized as follows:

Acts Number One and Two allege honest services mail fraud;

Acts Numbers Three, Four and five allege embezzlement of union assets;

Act Six alleges conspiracy to possess with intent to distribute cocaine;

Act Seven Alleges use of a communication facility; and

Act Eight alleges witness tampering.

In determining whether or not the Defendant has committed any of the alleged acts of racketeering, you are to be guided by the following instructions:

The racketeering act of honest services mail fraud as alleged in Count One of the indictment has several essential elements.  In order to find that the Defendant committed this racketeering act, the Government must prove each of the following elements beyond a reasonable doubt:

<u>First:</u>            that there was a scheme, substantially as charged in the indictment, to defraud;

<u>Second:</u>         that the scheme to defraud involved the deprivation of Local 88 and its members of their intangible right to the Defendant's honest services as Business Manager of Local

19

88;

Third:    that the Defendant knowingly and willfully participated in this scheme with the intent to deprive Local 88 and its members of the intangible right of his honest services;

Fourth:    That the Defendant knowingly and willfully participated in this scheme with the intent to deceive Local 88 and its members, by means of false or fraudulent pretenses, representations, promises or other deceptive conduct; and

Fifth:    that the United States mail was used, on or about the date(s) charged, in furtherance of this scheme.

A scheme includes any plan, pattern or course of action. The term "defraud" means to deprive another of something of value by means of deception or cheating. A scheme to defraud is ordinarily accompanied by a design or purpose to bring about some gain or benefit to oneself or some other person or by a desire or purpose to cause some loss to some person. It includes a scheme to deprive another of the intangible right of honest services.

Defendant acted "knowingly' if he was conscious and aware of his actions, realized what he was doing or what was happening around him, and did not act because of ignorance, mistake or accident.

An act or failure to act is "willful" if done voluntarily and intentionally, and with the specific intent to do something the law forbids, or with specific

20

intent to fail to do something the law requires to be done; that is, with bad purpose either to disobey or to disregard the law.  Thus, if the Defendant acted in good faith, he cannot be guilty of the crime.  The burden to prove intent, as with all other elements of the crime, rests with the government.

To act "with intent to defraud" means to act willfully and with the specific intent to deceive or cheat for the purpose of either causing some financial loss to another or bringing about some financial gain to oneself.   Thus, if the defendant acted in good faith, he cannot be guilty of the crime.  The Government must prove intent, as with all other elements of the crime.

Intent or knowledge may not ordinarily be proven directly because there is no way of directly scrutinizing the workings of the human mind.  In determining what the Defendant knew or intended at a particular time, you may consider any statements made or acts done or omitted by Defendant and all other facts and circumstances received in evidence that may aid in your determination of Defendant's knowledge or intent.  You may infer, but you certainly are not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.  It is entirely up to you, however, to decide what facts are proven by the evidence received during this trial.

The mailing does not itself have to be essential to the scheme, but it must have been made to carry it out. There is no requirement that Defendant himself was responsible for the mailing, that the mailing itself was fraudulent or that the use of the mail was intended as the specific or exclusive means of accomplishing

the alleged fraud.  But the Government must prove beyond a reasonable doubt that the Defendant knew, or could have reasonably foreseen, that use of the mail would follow in the course of the scheme.

The racketeering acts of embezzlement of union assets as alleged in Counts Two, Three and Four contains several essential elements. In order to find that Defendant committed these racketeering acts, the Government must prove the following essential elements beyond a reasonable doubt:

First:     That the Defendant embezzled, stole, and unlawfully and willfully abstracted and converted to his own use the specific assets charged in Counts Two, Three and Four;

Second:    That said assets were the property of Local 88, as charged; and

Third:     That the Defendant acted willfully and with the knowledge that his use of the property was not intended nor authorized.

You are instructed that as a matter of law, the Defendant was an officer of the Local 88 at all times relevant hereto.

The term "embezzle" means willfully or deliberately to take or convert the money or property of another after the money or property came into the possession of the person who eventually took it.  This situation can occur as the result of some office, employment, or position of trust to which the alleged embezzler held.

22

The term "abstract" means to take or withdraw from.

The term "convert to one's own use" means to apply, appropriate, or use such money or property with the expectation of benefit or profit to the wrongdoer.

The Government must prove beyond a reasonable doubt that the Defendant did not have a good faith belief that the union funds were spent for the benefit of the union. Unless you are convinced beyond a reasonable doubt that the Defendant lacked a good faith belief that the expenditure of the funds was for the benefit of the union, then an embezzlement, theft, abstraction or conversion would not have occurred within the meaning of the law.

In evaluating the Defendant's intent, you may consider whether he acted in good faith under the applicable provisions of the Uniform Local Union Constitution of the LIUNA and the bylaws of Local 88 which are in evidence before you. An officer cannot spend money for personal purposes of his own. However, the bylaws may establish broad purposes for all kinds of different things that may be done for the benefit of the union.

The racketeering act of conspiracy to possess with intent to distribute cocaine, as alleged in Count Five of the indictment, contains several essential elements. In order to find that Defendant committed this racketeering act, the Government must prove the following essential elements beyond a reasonable doubt:

> First:     That the agreement specified in the Indictment, and not
>
>            some other agreement or agreements, existed between at

least two people to possess with intent to distribute

cocaine; and

Second:          That the Defendant willfully joined in that agreement.

A conspiracy is an agreement, spoken or unspoken.  The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details.  But the Government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime.  Mere similarity of conduct among various people, or the fact that they may have associated with each other or discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy, but you may consider such factors.

To act "willfully" means to act voluntarily and intelligently and with the specific intent that the underlying crime be committed - that is to say, with bad purpose, either to disobey or disregard the law – not to act by ignorance, accident or mistake.  The Government must prove two types of intent beyond a reasonable doubt before the Defendant can be said to have willfully joined the conspiracy: an intent to agree and an intent, whether reasonable or not, that the underlying crime be committed.  Mere presence at the scene of a crime is not alone enough, but you may consider it among other factors.  Intent may be inferred from the surrounding circumstances.

Proof that the Defendant willfully joined in the agreement must be based upon evidence of his own words and/or actions.  You need not find that the

24

Defendant agreed specifically to or knew about all the details of the crime, or knew every other co-conspirator or that he participated in each act of the agreement or played a major role, but the Government must prove beyond a reasonable doubt that he knew the essential features and general aims of the venture. Even if the Defendant was not part of the agreement at the very start, he can be found guilty of conspiracy if the Government proves that he willfully joined the agreement later. On the other hand, a person who has no knowledge of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator.

The Government does not have to prove that the conspiracy succeeded or was achieved. The crime of conspiracy is complete upon the agreement to commit the underlying crime.

The racketeering act of use of a communication facility as alleged in Count Six of the indictment contains several essential elements. In order to find that Defendant committed this racketeering act, the Government must prove the following essential elements beyond a reasonable doubt:

First:      That the Defendant used a communication facility to commit, cause and facilitate a drug trafficking offense, as charged in Count Five;

Second:    That the Defendant did so knowingly and intentionally.

The term "communication facility"means any and all public and private instrumentalities used or useful in the transmission of writing, signs, signals,

25

pictures, or sounds of all kinds and includes mail, telephone, wire, radio and all other means of communication.

The term "knowingly"as used in these instructions to describe the alleged state of mind of the Defendant means that he was conscious and aware of his actions, realized what he was doing or what was happening around him, and did not act because of ignorance, mistake or accident.

The racketeering act of witness tampering as alleged in Count Nine of the indictment contains several essential elements.  In order to find that Defendant committed this racketeering act, the Government must prove the following essential elements beyond a reasonable doubt:

First:    That the person described in the Indictment was a witness in a federal grand jury sitting in the District of Massachusetts, as charged;

Second:    That the Defendant used intimidation, threats and corrupt persuasion against such person, as charged; and

Third:    That the Defendant did so knowingly and willfully with the intent to influence, delay or prevent the testimony of the witness.

The term "intimidation" means the use of any words or actions intended or designed to make another person timid or fearful or make that person refrain from doing something the person would otherwise do, or do something that person would otherwise not do.

26

An act is done with "corrupt persuasion" if it is done voluntarily and intentionally to bring about false or misleading testimony, or to delay or prevent testimony with the hope or expectation of some benefit to oneself or another person.

The indictment alleges that Defendant committed more than one act of racketeering. In order to find Defendant guilty of the crime charged in Count One of the indictment, the Government must prove beyond a reasonable doubt and you must unanimously agree on the identity of at least two of the same racketeering acts alleged to have been committed by Defendant. It is not sufficient that some members of the jury find that the defendant committed two of the racketeering acts charged while other members of the jury find that the Defendant committed different racketeering acts. You must be unanimous as to which acts, if any, you believe Defendant committed.

Adapted from O'Malley, Grenig & Lee, 2B Federal Jury Practice & Instructions, §56.06 (5th ed. 2000); United States v. Sawyer, 85 F.3d713,732 n.16 (1st Cir. 1996); Pattern Jury Instructions of the First Circuit, Criminal Cases, Instr.No. 4.18.1341 (2005); O'Malley, Grenig & Lee, 1A Federal Jury Practice & Instructions §16.01; 29 U.S.C. 501©; United States v. Tham, 655 F.2d 855, 858 (9th Cir. 1981), cert. denied, 456 U.S. 944 (1982); Black's Law Dictionary, p.4 (5th ed. 1983); First Circuit Pattern Jury Instructions: Criminal, Committee on Pattern Criminal Jury Instructions  First Circuit (West 1998) §4.03; 21 U.S.C. §843(b); O'Malley, Grenig & Lee, 1A Federal Jury Practice and Instructions §17.04 (5th ed. 2000); Tenth Circuit Pattern Jury Instructions (Criminal Cases), Committee on Pattern Jury Instructions Tenth Circuit (West 2006) §2.65; Eleventh Circuit Pattern Jury Instructions (Criminal Cases), Committee on Pattern Jury Instructions Eleventh Circuit (West 2003), §57.2; 18 U.S.C. §1515(a)(6).

## JURY INSTRUCTION NO. 17

### A "pattern of racketeering activity" - defined

In order to establish a "pattern of racketeering activity" as alleged in Count One of the indictment, the Government must prove the following elements beyond a reasonable doubt:

First:        That at least two acts of racketeering, as set forth in the indictment, were committed within ten years of each other;

Second:        That the racketeering acts were related to each other. The racketeering acts are related if they had the same or similar purposes, results, participants, victims or methods or commission, or are otherwise interrelated by distinguishing characteristics and are not isolated events; and

Third:        That the racketeering acts themselves constitute a threat of continued activity. This threat of continued activity may be established when the evidence shows that the racketeering acts are part of a ling-term association that exists for criminal purposes or when the racketeering acts are shown to be a regular way of conducting a defendant's ongoing legitimate business or enterprise.

Adapted from O'Malley, Grenig & Lee, 2B Federal Jury Practice & Instructions, §56.07 (5th ed. 2000).

28

<u>**JURY INSTRUCTION NO. 18**</u>

**18 U.S.C. §1962(c) - Elements**

In order to sustain its burden of proof for the crime of participating in the affairs of an  interstate enterprise through a pattern of racketeering activity as charged in Count One of the indictment, the Government must prove the following five (5) essential elements beyond a reasonable doubt:

<u>First</u>:           That an enterprise, as described in the indictment, existed on or  about the time alleged in the indictment;

<u>Second</u>:       That the enterprise affected interstate commerce;

<u>Third</u>:         That the Defendant was employed by or was associated with the enterprise;

<u>Fourth</u>:       That the Defendant  participated, either directly or indirectly, in the affairs of the enterprise; and

<u>Fifth</u>:          That the Defendant participated in the affairs of the enterprise  through a pattern of racketeering activity, as described in the indictment, through the knowing and intentional commission of at least two racketeering acts, as described in the indictment, within ten years of each other.

Some of the terms used in this instruction will be defined and explained for you now.

Adapted from O'Malley, Grenig & Lee, <u>2B Federal Jury Practice & Instructions</u>, §56.03 (5th ed. 2000).

29

## JURY INSTRUCTION NO. 19

### "Enterprise" – Defined

The term "enterprise" includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity.

The term "enterprise" may include a group of people associated in fact, even though this association is not recognized as a legal entity. A group or association of people can be an "enterprise" if these individuals have joined together for the purpose of engaging in a common course of conduct. Such an association of persons may be established by evidence showing an ongoing organization, formal or informal, and by evidence that the people making up the association functioned as a continuing unit. Such an association of individuals may retain its status as an "enterprise" even though the membership of the association change by adding or losing individuals during the course of its existence.

Adapted from O'Malley, Grenig & Lee, 2B Federal Jury Practice & Instruction, §56.04 (5th ed. 2000).

## JURY INSTRUCTION NO. 20

**"Engaged in, or the activities of which affect, interstate commerce" - Defined**

Interstate commerce means trade, or business, or travel between states. The phrase "engaged in, or the activities of which affect, interstate...commerce," as used in these instructions, means to be involved in or to affect in some way trade, or business, or travel between the states.

The Government does not have to prove that the Defendant knew that the enterprise would affect interstate commerce or to prove that the Defendant intended to affect interstate commerce. The Government is required to prove beyond a reasonable doubt, however, that the "enterprise" was engaged in or did affect interstate commerce.

Adapted from O'Malley, Grenig & Lee, 2B Federal Jury Practice and Instructions §56.05 (5th ed. 2000).

31

<u>**JURY INSTRUCTION NO. 21**</u>

**To conduct or participate directly or indirectly
in the conduct of" the affairs of the enterprise - defined**

The term "conduct or participate, directly or indirectly, in the conduct of"

the affairs of the enterprise means the performance of acts, functions, or duties

which are necessary or helpful in the operation of the enterprise.

A person may be found to conduct or participate in the conduct of an

enterprise even though that person is merely a servant or employee, as long as the

Government also proves that the person participates somehow in the operation as

management of the enterprise.

O'Malley, Grenig & Lee <u>2B Federal Jury Practice & Instruction</u> §56.08 (5th ed.

2000).

<u>**JURY INSTRUCTION NO. 22**</u>

**Conspiracy to Possess with Intent to Distribute Cocaine**

**21 U.S.C. §846**

**{It is further requested that the Court refer to the requested Special Verdict Form filed separately by the Defendant}**

The Defendant is charged in Count Five with conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §846. This law makes it a crime for a person to conspire with someone to commit this crime.

To find the Defendant guilty of conspiracy, you must be convinced that the Government has proven each of the following elements beyond a reasonable doubt:

<u>First</u>:         That the agreement specified in the Indictment, and not some other agreement or agreements, existed between at least two people to possess with intent to distribute cocaine; and

Second:      That the Defendant willfully joined in that agreement. A conspiracy is an agreement, spoken or unspoken.

The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details. But the Government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime. Mere similarity of conduct among various people, or the fact that they may have associated with each other

or discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy, but you may consider such factors.

To act "willfully" means to act voluntarily and intelligently and with the specific intent that the underlying crime be committed - that is to say, with bad purpose, either to disobey or disregard the law – not to act by ignorance, accident or mistake. The Government must prove two types of intent beyond a reasonable doubt before the Defendant can be said to have willfully joined the conspiracy: an intent to agree and an intent, whether reasonable or not, that the underlying crime be committed. Mere presence at the scene of a crime is not alone enough, but you may consider it among other factors. Intent may be inferred from the surrounding circumstances.

Proof that the Defendant willfully joined in the agreement must be based upon evidence of his own words and/or actions. You need not find that the Defendant agreed specifically to or knew about all the details of the crime, or knew every other co-conspirator or that he participated in each act of the agreement or played a major role, but the Government must prove beyond a reasonable doubt that he knew the essential features and general aims of the venture. Even if the Defendant was not part of the agreement at the very start, he can be found guilty of conspiracy if the Government proves that he willfully joined the agreement later. On the other hand, a person who has no knowledge of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator.

The Government does not have to prove that the conspiracy succeeded or was achieved.  The crime of conspiracy is complete upon the agreement to commit the underlying crime.

Adapted from First Circuit Pattern Jury Instructions: Criminal, Committee on Pattern Criminal Jury Instructions  First Circuit (West 1998) §4.03.

## <u>JURY INSTRUCTION NO. 23</u>

### Purchases by an addict for personal use

You are instructed that purchases of drugs made by an addict or casual user do not automatically make one a member of a conspiracy to distribute. This fact alone, should you find it, would not constitute a basis to convict the defendant on Count 5.

*United States v. Innamorati*, 996 F.2d 456, 492 (1st Cir. 1993)

<u>**JURY INSTRUCTION NO. 24**</u>

**Quantity of drugs attributable to conspiracy cannot include personal use**

Similarly, if you find that the Government has proven all of the elements of the conspiracy beyond a reasonable doubt you must then determine whether the Government has proven that the defendant intended to distribute a specific quantity of drugs beyond a reasonable doubt.  In deciding any quantity, you may not consider any quantities of drugs you find that the defendant intended for personal use.  You may only use in your calculation of any alleged quantities of drugs those quantities which the Government has proven beyond a reasonable doubt that the defendant intended to distribute.


*United States v. Marks*, 365 F.3d 101 (1st Cir. 2004)

*United States v. Williams,* 247 F.3d 353, 357-359 (2d Cir. 2001)

*United States v. Kipp*, 10 F.3d 1463 (9th Cir. 2002)

## JURY INSTRUCTION NO. 25

### 18 U.S.C. §924(c)(1)(A)

Count Seven of the Indictment charges the Defendant with knowingly using and carrying a firearm, during and in relation to a drug trafficking crime, in violation of 18 U.S.C. §924(c)(1)(A).  The drug trafficking crime is charged in Count Five of the Indictment, that is, conspiracy to possess cocaine with intent to distribute.

## JURY INSTRUCTION NO. 26

### 18 U.S.C. §924(c)(1)(A) – The Statute

Section 924(c)(1)(A) of Title 18 of the United States Code provides for increased punishment, in addition to the punishment provided for the underlying crime, for:

> Any person who, during and in relation to... any drug trafficking crime ... uses or carries a firearm.

See 18 U.S.C. §924(c)(1)(A).

## JURY INSTRUCTION NO. 27

## 18 U.S.C. §924(c)(1)(A) - Elements

For you to find the Defendant guilty of the crime of using and carrying a firearm during and in relation to a drug trafficking crime, as charged in Count Five of the Indictment, you must be satisfied that the Government has proven each of the following things beyond a reasonable doubt:

First, that the Defendant committed the crime of drug trafficking, as charged in Count Five of the Indictment;

Second, that the Defendant knowingly used and carried the firearm; and

Third, that the Defendant's use of the firearm occurred during and in relation to the drug trafficking crime charged in Count Five.

The term "knowingly" means that an act was done voluntarily and intentionally, not because of mistake or accident.

To "carry" a firearm means to move or transport the firearm on one's person or in a vehicle or a container; the firearm need not be immediately accessible.

To "use" a firearm during and in relation to a drug trafficking crime means to employ the firearm actively, such as to brandish, display, barter, strike with, fire or attempt to fire it, or even to refer to it in a way calculated to affect the underlying crime.

To possess a firearm "during and in relation to" the underlying crime, here, drug trafficking, means that the Government must clearly show that the

40

firearm was possessed to advance or promote the commission of the drug trafficking crime. The Government must illustrate through specific facts, which tie the Defendant to the firearm, that the firearm was possessed to advance or promote the drug trafficking offense. It is not sufficient for the Government to prove simply that the Defendant possessed a firearm during the same time that the drug trafficking offense occurred. The Government must prove beyond a reasonable doubt that the firearm had a specific and direct connection to the commission of the crime charged in Count Five in order for this element to be satisfied.

Some factors you may consider when deciding whether the Defendant possessed a firearm in furtherance of the crime charged in Count Five include the legality of the weapon's possession, the type of weapon, whether the gun was loaded, whether the weapon was stolen, and the time and the circumstances under which the firearm was found.

If a firearm is present simply as a result of coincidence or accident, it cannot be said that it was used or carried in relation to the drug trafficking offense. The firearm must have facilitated or have had the potential to facilitate the drug offense. Mere possession of a firearm during the course of the drug trafficking crime is not a sufficient basis for conviction under the statute.

If you find that the Defendant was carrying his firearm only for self-defense, and had formed no intent to facilitate his drug trafficking in any way, there is not a sufficient basis for conviction under this statute.

41

Adapted from First Circuit Criminal Pattern Jury Instructions §4.07; <u>see</u> <u>also</u>
<u>United States v. Roberson</u>, 2006 WL 2328586, at *3-7 (1st Cir. 2006); <u>United</u>
<u>States v. Felton</u>, 417 F.3d 97, 104-05 (1st Cir.2005); <u>United States v. Grace</u>, 367
F.3d 29, 35 (1st Cir. 2004); <u>Currier v. United States</u>, 320 F.3d 52, 56-57 & n.2 (1st
Cir. 2003).

## JURY INSTRUCTION NO. 28

### "Drug Trafficking Crime" defined

The term "drug trafficking crime" means any felony punishable under the Controlled Substances Act, the Controlled Substances Import and Export Act, or the Maritime Drug Law Enforcement Act.

I instruct you, as a matter of law, that the offense of conspiracy to possess cocaine with intent to distribute, as charged in Count Five, is a "drug trafficking crime" within the meaning of this statute.

See 18 U.S.C. §924(c)(2).

## JURY INSTRUCTION NO. 29

### "Firearm" defined

The term "firearm" means any weapon which will or is designed to or may be readily converted to expel a projectile by the action of an explosive, any firearm muffler or firearm silencer, or any destructive device. The term "firearm" includes handguns.

A "handgun" is defined as a firearm which has a short stock and is designed to be held and fired by the use of a single hand.

See 18 U.S.C. §921(a).

## JURY INSTRUCTION NO. 30

### Use of a Communication Facility – 21 U.S.C. §843(b)

The Defendant is charged in Count Six with using a communication facility, in violation of 21 U.S.C. §843(b). This law makes it a crime for anyone to knowingly or intentionally use any communication facility in committing or causing or facilitating the commission of any act or acts constituting a felony under any provision of subchapter I or II of Title 21.

To find the Defendant guilty of this crime, you must be convinced beyond a reasonable doubt that the Government has proved each of the following elements beyond a reasonable doubt:

First:    That the Defendant used a communication facility to commit, cause and facilitate a drug trafficking offense, as charged in Count Five;

Second:    That the Defendant did so knowingly and intentionally.

The term "communication facility" means any and all public and private instrumentalities used or useful in the transmission of writing, signs, signals, pictures, or sounds of all kinds and includes mail, telephone, wire, radio and all other means of communication.

The term "knowingly" as used in these instructions to describe the alleged state of mind of the Defendant means that he was conscious and aware of his actions, realized what he was doing or what was happening around him, and did not act because of ignorance, mistake or accident.

45

21 U.S.C. §843(b); O'Malley, Grenig & Lee, <u>1A Federal Jury Practice and Instructions</u> §17.04 (5th ed.) Thomson/West (2006).

## JURY INSTRUCTION NO. 31

### Witness Tampering – 18 U.S.C. §1512(b)(1)

The Defendant is charged in Count Nine with witness tampering, in violation of 18 U.S.C. §1512(b)(1).   This law makes it a crime for anyone knowingly to use intimidation, threats, or corrupt persuasion with the intent to influence, delay or prevent the testimony of any person in an official proceeding.

To find the Defendant guilty of this crime, you must be convinced that the Government has proved each of the following elements beyond a reasonable doubt:

|   |   |
|---|---|
| First: | That the person described in the Indictment was a witness in a federal grand jury sitting in the District of Massachusetts, as charged; |
| Second: | That the Defendant used intimidation, threats and corrupt persuasion against such person, as charged; and |
| Third: | That the Defendant did so knowingly and willfully with the intent to influence, delay or prevent the testimony of the witness. |

The term "intimidation" means the use of any words or actions intended or designed to make another person timid or fearful or make that person refrain from doing something the person would otherwise do, or do something that person would otherwise not do.

An act is done with "corrupt persuasion" if it is done voluntarily and

intentionally to bring about false or misleading testimony, or to delay or prevent

testimony with the hope or expectation of some benefit to oneself or another

person.


Adapted from <u>Tenth Circuit Pattern Jury Instructions (Criminal Cases)</u>,

Committee on Pattern Jury Instructions Tenth Circuit (West 2006) §2.65;

<u>Eleventh Circuit Pattern Jury Instructions (Criminal Cases)</u>, Committee on Pattern

Jury Instructions Eleventh Circuit (West 2003), §57.2; 18 U.S.C. §1515(a)(6).

<u>JURY INSTRUCTION NO. 32</u>

**29 U.S.C. 501(c) - Embezzlement of Union Assets**

The Defendant is charged in Counts Two, Three and Four with embezzlement of union assets, in violation of 29 U.S.C. 501(c). This law makes it a crime for anyone to embezzle, steal, or unlawfully and willfully abstract or convert to his own use, or the use of another, any of the moneys, funds, securities, property or other assets of a labor organization of which he is an officer or by which he is employed, directly or indirectly.

To find the Defendant guilty of this crime, you must be convinced that the Government has proved each of the following elements beyond a reasonable doubt:

<u>First:</u>     That the Defendant embezzled, stole, and unlawfully and willfully abstracted and converted to his own use the specific assets charged in Counts Two, Three and Four;

<u>Second:</u>     That said assets were the property of Local 88, as charged; and

<u>Third:</u>     That the Defendant acted willfully and with the knowledge that his use of the property was not intended nor authorized.

You are instructed that as a matter of law, the Defendant was an officer of the Local 88 at all times relevant hereto.

The term "embezzle" means willfully or deliberately to take or convert the

money or property of another after the money or property came into the possession of the person who eventually took it.  This situation can occur as the result of some office, employment, or position of trust to which the alleged embezzler held.

The term "abstract" means to take or withdraw from.

The term "convert to one's own use" means to apply, appropriate, or use such money or property with the expectation of benefit or profit to the wrongdoer.

The Government must prove beyond a reasonable doubt that the Defendant did not have a good faith belief that the union funds were spent for the benefit of the union.  Unless you are convinced beyond a reasonable doubt that the Defendant lacked a good faith belief that the expenditure of the funds was for the benefit of the union, then an embezzlement, theft, abstraction or conversion would not have occurred within the meaning of the law.

In evaluating the Defendant's intent, you may consider whether he acted in good faith under the applicable provisions of the Uniform Local Union Constitution of the LIUNA and the bylaws of Local 88 which are in evidence before you.  An officer cannot spend money for personal purposes of his own. However, the bylaws may establish broad purposes for all kinds of different things that may be done for the benefit of the union.


Adapted from O'Malley, Grenig & Lee, 1A Federal Jury Practice & Instructions §16.01 (Thomson/West 2006); 29 U.S.C. 501(c); United States v. Tham, 655 F.2d

855, 858 (9th Cir. 1981), <u>cert.denied</u>, 456 U.S. 944 (1982); <u>Black's Law</u>

<u>Dictionary</u>, p.4 (5th ed. 1983).

<u>JURY INSTRUCTION NO. 33</u>

**18 U.S.C. §2 – Elements**

In addition to the substantive crimes charged against the Defendant in

Counts Two, Three, and Four - that is, the embezzlement of union assets - these

Counts also charge the Defendant with violating Title 18, United States Code,

Section 2, which is commonly referred to as the aiding and abetting statute.  This

is charged as an alternative method of proof.

Title 18, United States Code, Section 2 provides:

Whoever commits an offense against the United States, or aids, abets,
counsels, commands, induces, or procures its commission, is punishable as
a principal.

Whoever willfully causes an act to be done, which if directly performed
by him or another would be an offense against the United States, is
punishable as a principal.

To "aid and abet"means intentionally to help someone else commit a

crime.  To establish aiding and abetting, the Government must prove beyond a

reasonable doubt the following essential elements:

<u>First:</u>          That someone else committed the charged crime; and

<u>Second</u>;          That the Defendant willfully associated himself in some

                   way with the crime and willfully participated in it as he

                   would in something he wished to bring about.

This means that the Government must prove that the Defendant consciously

shared the other person's knowledge of the underlying criminal act - in this case,

the embezzlement of union assets as charged - and intended to help the other

person.  The Defendant need not perform the underlying criminal act, be present when it is performed, or be aware of the details of its execution to be guilty of aiding and abetting.

But a general suspicion that an unlawful act may occur or that something criminal was happening is not enough to establish that the Defendant aided and abetted the crime.  Mere presence at the scene of a crime and knowledge that a crime is being committed are not sufficient to establish that the Defendant aided and abetted the crime.

An act is done "willfully" if done voluntarily and intentionally with the intent that something the law forbids be done - that is to say with bad purpose, either to disobey or disregard the law.


Adapted from First Circuit Pattern Criminal Jury Instructions (Criminal Cases), Committee on Pattern Criminal Jury Instructions First Circuit (West 1998), §4.02; United States v. Spinney, 65 F.3d 231, 234-35 (1st Cir. 1995); United States v. Loder, 23 F.3d 586, 590-91 (1st Cir. 1994).

**JURY INSTRUCTION NO. 34**

**Obstruction of Proceedings – 18 U.S.C. §1505**

The Defendant is charged in Count Eight with obstruction of proceedings, in violation of 18 U.S.C. §1505.  This law makes it a crime for anyone corruptly and by threats to influence, obstruct or impede or endeavor to influence, obstruct or impede the due and proper administration of the law under which any proceeding is pending before a department or agency of the United States, in this case, the National Labor Relations Board ("NLRB").

To find the Defendant guilty of this crime, you must be convinced that the Government has proved each of the following elements beyond a reasonable doubt:

First:      That the Defendant knew there was a proceeding pending before the National Labor Relations Board, as charged;

Second:   That the Defendant used threats to influence, obstruct or impede or endeavor to influence, obstruct or impede the due and proper administration of law, as charged; and

Third:     That the Defendant did so corruptly and with the intent to influence, obstruct or impede the due and proper administration of law under which a proceeding was pending before the National Labor Relations Board.

The term "corruptly" means acting with an improper purpose, personally or by influencing another, including making a false or misleading statement, or

54

withholding, concealing, altering or destroying a document or other information.

18 U.S.C. §§1505, 1515(b).

## JURY INSTRUCTION NO. 35

### Good Faith Defense - Explained

The good faith of the Defendant is a complete defense to the charge of embezzlement of union assets contained in Counts Two, Three and Four of the indictment because good faith on the part of the Defendant is simply inconsistent with the intent to convert money to his own use as alleged in that charge.

A person who acts, or causes another person to act, on a belief or an opinion honestly held is not punishable under this statute merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong. An honest mistake in judgment or an honest error in management does not rise to the level of criminal conduct.

The law is written to subject to punishment only those people who willfully convert money to their own use with the knowledge that such use was not intended or authorized.

While the term "good faith" has no precise definition, it encompasses, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to avoid taking unfair advantage of another.

In determining whether or not the Government has proven that Defendant acted with an intent to convert money to his own use, with the knowledge that such use was not intended nor authorized, or whether the Defendant acted in good faith, the jury must consider all of the evidence received in the case bearing on the Defendant's state of mind.

The burden of proving good faith does not rest with the Defendant because the Defendant does not have any obligation to prove anything in this case.  It is the Government's burden to prove to you, beyond a reasonable doubt, that Defendant acted with intent to convert money to his own use, with the knowledge that his use of the property was not intended nor authorized.

If the evidence in the case leaves the jury with a reasonable doubt as to whether the Defendant acted with the intent to convert the money to his own use, with the knowledge that his use of the property was not intended nor authorized, or in good faith, the jury must acquit the Defendant.

Adapted from O'Malley, Grenig & Lee, <u>1A Federal Jury Practice & Instructions</u>, §19.06 (5th ed. 2000).

<u>**JURY INSTRUCTION NO. 36**</u>

**"MERE PRESENCE," "MERE KNOWLEDGE," AND "MERE**

**ASSOCIATION"**

Merely being present at the scene of a crime or merely knowing that a crime is being committed or is about to be committed is not sufficient conduct to find that the Defendant committed that crime.  Mere association between the principal and those accused of aiding and abetting or conspiracy is not sufficient to establish guilt.

In order to find the defendant guilty of the crime, the government must prove beyond a reasonable doubt that Defendant knowingly participated in the crime in some way – more than as a mere spectator – and had a stake in the outcome.

*See United States v. Aponte-Suarez*, 905 F.2d 483, 491 (1st Cir. 1990) (evidence of mere presence and mere association insufficient to establish guilt on conspiracy and aiding and abetting charges where principals accused of importation of narcotics).

<u>**JURY INSTRUCTION NO. 37**</u>

**Character Evidence**

**Reputation of the Defendant**

The Defendant has offered evidence of his good general reputation for honesty and integrity.  I instruct you that this evidence of an established reputation for honesty and integrity is part of the evidence which you must consider, because if you accept such evidence, it may be such as to raise a reasonable doubt in your mind which could justify an acquittal.  You should consider this evidence, along with all the other evidence in the case, in reaching your verdict.


Adapted from O'Malley, Grenig & Lee, 1A Federal Jury Practice and Instructions, §15.15 (5th ed.) (Thomson/West 2006); United States v. Southard, 700 F.2d 1, 23 (1st Cir. 1983).

## JURY INSTRUCTION NO. 38

### Defendant's Election Not To Testify

A defendant has an absolute right not to testify.  The fact that the Defendant did not testify cannot be considered by you in any way.  Do not even discuss it in your deliberations.  Remember, it is up to the Government to prove the Defendant guilty beyond a reasonable doubt.  It is not up to the Defendant to prove that he is innocent.

First Circuit Pattern Jury Instruction 3.03, Criminal Cases (1997);  Adapted from Sixth Circuit Pattern Jury Instructions (Criminal Cases) §7.02A (Thomson/West 2005); United States v. Skidmore, 254F.3d 635, 640 (7th Cir. 2001).