UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | CASE NO. 04CR10025GAO |
| v. | ) ) |  |
| SCOTT BOIDI | ) ) |  |

**DEFENDANT SCOTT BOIDI'S MOTION
TO ALLOW ELAINE BOIDI TO BE EXCUSED
FROM RULE 615 SEQUESTRATION ORDER
WITH INCORPORATED MEMORANDUM OF LAW**

NOW COMES Defendant, Scott Boidi, through counsel, respectfully moves this Honorable Court for an Order excusing Elaine Boidi from the Rule 615 sequestration order, pursuant to Rule 615(3) of the Federal Rules of Evidence, on the grounds that Elaine Boidi is a person whose presence is essential to the presentation of Mr. Boidi's case.

Boidi submits this memorandum of law in support of his motion.

**Rule 615**

Rule 615 of the Federal Rules of Evidence provides:

> At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion. This rule does not authorize exclusion of (1) a party who is a natural person, or (2) an officer of employee of a party which is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of the party's cause, or (4) a person authorized by statute to be present.

The trial court thus has the discretion to determine whether the witness falls

-1-

within one of the exemptions from exclusion under Rule 615.  <u>United States v. Ortiz</u>, 10 F.Supp.2d 1058, 1061 (N.D.Iowa 1998).

The witness sought to be excluded, Elaine Boidi, in addition to being the Defendant's wife, is a paralegal who has intimate knowledge of the facts of this case, such that Boidi will not be able to effectively function in her absence and without her assistance.  Specifically, Mrs. Boidi is the only person who has reviewed in its entirety the 1600 pages of Jenks material, (with the exception of the Luskin material), served recently by the Government.  Exclusion of Elaine Boidi would prevent Scott Boidi from responding to testimony of witnesses in court with prompt and contrary evidence and testimony.  <u>See Ortiz, supra</u>, 10 F.Supp.2d at 1064-1065.

Further, any information testified to by Elaine Boidi subject to "tailoring" in favor of Boidi could be exposed on cross-examination or by other evidence. <u>See</u> <u>Ortiz, supra</u>, 10 F.Supp.2d at 1062 (citations omitted).

Boidi has made a sufficient showing that the presence of Elaine Boidi in the courtroom during the testimony of other witnesses, even though she is a potential witness on Boidi's behalf, is "essential" within the meaning of the third exemption from Rule 615 exclusion.  Accordingly, Boidi requests this Court to enter an Order excusing Elaine Boidi from the court's sequestration order pursuant to Rule 615(3).

The Government has expressed concern over certain witnesses testifying the presence of Elaine Boidi.  With respect to these two witnesses, it may be

possible to sequester Mrs. Boidi during their examinations so long as the undersigned counsel has an opportunity to confer with Mrs. Boidi at some point during to cross-examination.

                            Respectfully submitted,

Peter Charles Horstmann, Esquire
BBO # 556377
PARTRIDGE, ANKNER &
HORSTMANN LLP
200 Berkeley Street, 16th Floor
Boston, MA 02116
(617) 859-9999

### CERTIFICATE OF SERVICE

I, Peter Charles Horstmann, hereby certify that on this 1st day of September, 2006, a copy of the foregoing motion was electronically served upon Laura Kaplan, Assistant United States Attorney, United States Attorney's Office, One Courthouse Way, Boston, MA 02210.

                            Peter Charles Horstmann, Esquire