UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------------X
**UNITED STATES OF AMERICA**      :
                                  :
   v.                             :   No. 05-10025 GAO
                                  :
**SCOTT BOIDI**                   :
            **Defendant.**        :
------------------------------------------------------------X

**DEFENDANT SCOTT BOIDI'S SUPPLEMENTAL
REQUEST FOR JURY INSTRUCTIONS**

The Defendant, Scott Boidi, through counsel, hereby submits the attached proposed requested jury instructions pursuant to Rule 30 of the Federal Rules of Criminal Procedure. The Defendant reserves the right to supplement or modify these requested instructions in light of the requests, if any, filed by the Government as well, as the evidence developed during the trial.

Respectfully submitted,

Peter Charles Horstmann, Esquire
BBO # 556377
PARTRIDGE, ANKNER & HORSTMANN
200 Berkeley Street, 16th Floor
Boston, MA 02116
(617) 859-9999

CERTIFICATE OF SERVICE

I, Peter Charles Horstmann, hereby certify that on this 10th day of October, 2006, a copy of the SUPPLEMENTAL JURY INSTRUCTIONS was electronically served upon Laura Kaplan, Assistant United States Attorney, United States Attorney's Office, One Courthouse Way, Boston, MA 02210.

Peter Charles Horstmann, Esquire

GOVERNMENT INFORMERS

There has been evidence introduced at trial that the government used an informer in this case. I instruct you that there is nothing improper in the government's use of informers and, indeed, certain criminal conduct never would be detected without the use of informers. You, therefore, should not concern yourselves with how you personally feel about the use of informers, because that is really beside the point. Put another way, your concern is to decide whether the government has proved the guilt of the Defendant beyond a reasonable doubt, regardless of whether evidence was obtained by the use of an informer.

On the other hand, where an informer testifies, as he did here, his testimony must be examined with greater scrutiny than the testimony of an ordinary witness. You should consider whether he received any benefits or promises from the government which would motivate him to testify falsely against the Defendant. For example, he may believe that he will only continue to receive these benefits if he produces evidence of criminal conduct.

If you decide to accept his testimony, after considering it in the light of all the evidence in this case, then you may give it whatever weight, if any, you find it deserves. Bush v. United States, 375 F.2d 602 (D.C. Cir. 1967); United States v. Delicata, 584 F.2d 974 (2d Cir. 1978); United States v. Orza, 320 F.2d 576 (2d Cir. 1963); United States v. Masina, 275 F.2d 129 (2d Cir. 1960); United States v. Sarris, 632 F. 2d 1341 (5th Cir. 1980).

**Defendant's Request: Credibility of Witnesses—Immunized Witness**

The testimony of an immunized witness, someone who has been told either that his or her crimes will go unpunished in return for testimony, or that his or her testimony will not be used against him or her in return for that cooperation, must be examined and weighed by you with greater care than the testimony of someone who is appearing in court without the need for such an agreement with the government. The following witnesses may be considered immunized witnesses in this case (list to be compiled at the conclusion of testimony). It is for you to determine whether the testimony of an immunized witness has been affected by self interest or by the agreement he or she has with the government, or by his or her own interest in the outcome of this case, or by any prejudice held against the defendant.

**AUTHORITY:** slightly modified version from *O'Malley*, *Federal Jury Practice and Instructions*, 5th Ed. West Group, §15.02; *United States v. Winter*, 663 F.2d 1120, 1134 (1st Cir., 1981) (approval of an immunized witness instruction).

**Defendant's Request: Credibility of Witnesses—Drug or Alcohol Abuser**

The testimony of a drug or alcohol abuser must be examined and weighed by the jury with greater care than the testimony of a witness who does not abuse drugs or alcohol. It is for you to determine what witnesses, if any, are substance abusers. You must determine whether the testimony of a substance abuser has been affected by their substance abuse or their need for drugs or alcohol.

**AUTHORITY:** modeled on *O'Malley*, § 15.05, (modifications address issues raised in *United States v. Williams*, 809 F.2d 75, 87 (1st Cir. 1986).