UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
UNITED STATES OF AMERICA    )
                            )
        v.                  )   Criminal No. 05-10025-GAO
                            )
SCOTT BOIDI,                )
                            )
        Defendant.          )
```

**MOTION FOR ORDER OF FORFEITURE**

The United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, respectfully moves this Court for the issuance of an Order of Forfeiture in the above-captioned case, pursuant to 18 U.S.C. § 1963 and 28 U.S.C. § 2461(c).  A proposed Order of Forfeiture is submitted herewith.  In support thereof, the United States sets forth the following:

1.  On February 3, 2005, a federal grand jury sitting in the District of Massachusetts returned a nine-count Indictment charging Defendant Scott Boidi (the "Defendant") with the following violations: Racketeering, in violation of 18 U.S.C. § 1962(c) (Count One); Embezzlement of Union Assets, in violation of 29 U.S.C. § 501 and 18 U.S.C. § 2 (Counts Two through Four); Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2 (Count Five); Use of a Communication Facility, in violation of 21 U.S.C. § 843(b) (Count Six); Carrying a Firearm, in violation of 18 U.S.C. § 924 (Count Seven); and Witness Tampering, in violation of 18 U.S.C. § 1512 (Counts Eight and Nine).

2. The first Criminal Forfeiture Allegation of the Indictment sought the forfeiture, in the event of the Defendant's conviction on the Racketeering offense alleged in Count One, of: (1) any interest the Defendant acquired or maintained in violation of 18 U.S.C. § 1962, pursuant to 18 U.S.C. § 1963(a)(1); and (2) any property constituting or derived from proceeds which the Defendant obtained, directly or indirectly, from racketeering activity in violation of 18 U.S.C. § 1962, pursuant to 18 U.S.C. § 1963(a)(3). Such property specifically included, but was not limited to, $25,000.

3. The second Criminal Forfeiture Allegation of the Indictment sought the forfeiture, upon conviction of one or more of the Embezzlement offenses alleged in Counts Two through Four, of any property constituting or derived from proceeds obtained directly or indirectly as a result of such violations, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). Such property included, but was not limited to, $25,251.45.

4. The first and second Criminal Forfeiture allegations further provided that, if any of the forfeitable property, as a result of any act or omission by the Defendant (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled

with other property which cannot be subdivided without difficulty, it is the intention of the United States, pursuant to 18 U.S.C. § 1963(m) and/or 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the Defendant up to the value of the forfeitable property.

5. On October 13, 2006, after a twelve-day trial, a jury found the Defendant guilty on the RICO, embezzlement and drug conspiracy counts of the Indictment. The jury acquitted the defendant of the witness tampering, mail fraud, and possession of a gun counts. The Defendant had elected to have the Court determine forfeiture in this action, and a hearing on forfeiture issues is scheduled for November 2, 2006.

6. During trial, the government presented evidence establishing that the proceeds traceable to Counts One, Two, Three, and Four of the Indictment totaled $25,451.45 in United States currency. In particular, the evidence established that the Defendant embezzled $25,451.45 in union assets.

7. The United States has not, as of this date, identified specific assets that constitute or were derived from proceeds of the Defendant's crimes.

8. Accordingly, the United States seeks the entry of an Order of Forfeiture consisting of a personal money judgment against the Defendant, in the amount of $25,451.45 in United States currency, an amount representing the proceeds of the

Defendant's illegal activity in Counts One through Four of the Indictment.

9.  The entry of an Order of Forfeiture in the form of a personal money judgment is specifically authorized by Rule 32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure, and such orders of forfeiture are commonplace.  See, e.g., United States v. Candelaria-Silva, 166 F.3d 19, 42 (1st Cir. 1999)(criminal forfeiture order may take several forms, including an in personam judgment against defendant for amount of money defendant obtained as proceeds of offense); United States v. Hall, 434 F.2d 42, 59 (1st Cir. 2006) (reaffirming holding in Candelaria-Silva that money judgments are permitted as part of criminal forfeiture orders).

10.  Once the Order of Forfeiture is entered, the Government may move at any time, pursuant to Rule 32.2(e)(1)(B), to amend the Order to forfeit specific property of the Defendant, having a value up to the amount of the money judgment, as substitute assets.  See Candelaria-Silva, 166 F.3d at 42 (once government has obtained money judgment, it may forfeit defendant's real property in partial satisfaction of that judgment).

WHEREFORE, by virtue of the jury's verdicts and the evidence presented at trial, a money judgment should be entered against the Defendant. The United States respectfully requests that this Court enter an Order of Forfeiture in the form submitted herewith.

                                            Respectfully submitted,

                                            MICHAEL J. SULLIVAN
                                            United States Attorney

                               By:  /s/Kristina E. Barclay
                                   LAURA KAPLAN
                                   SUZANNE M. SULLIVAN
                                   KRISTINA E. BARCLAY
                                   Assistant U.S. Attorney
                                   U. S. Attorney's Office
                                   John Joseph Moakley
                                   United States Courthouse
                                   1 Courthouse Way, Suite 9200
                                   Boston, MA  02210
Dated: October 17, 2006        (617) 748-3100

**CERTIFICATE OF SERVICE**

    This is to certify that the foregoing Motion Order of Forfeiture and the proposed Order of Forfeiture, filed through the Electronic Case Filing system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                                            /s/Kristina E. Barclay
                                            Kristina E. Barclay
                                            Assistant United States Attorney
Dated: October 17, 2006

```
               UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA   )
                           )
         v.                )   Criminal No. 05-10025-GAO
                           )
SCOTT BOIDI,               )
                           )
         Defendant.        )
```

**ORDER OF FORFEITURE**

**O'TOOLE, D.J.**

WHEREAS, on February 3, 2005, a federal grand jury sitting in the District of Massachusetts returned a nine-count Indictment charging Defendant Scott Boidi (the "Defendant") with the following violations: Racketeering, in violation of 18 U.S.C. §1962(c) (Count One); Embezzlement of Union Assets, in violation of 29 U.S.C. § 501 and 18 U.S.C. § 2 (Counts Two through Four); Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2 (Count Five); Use of a Communication Facility, in violation of 21 U.S.C. § 843(b) (Count Six); Carrying a Firearm, in violation of 18 U.S.C. § 924 (Count Seven); and Witness Tampering, in violation of 18 U.S.C. § 1512 (Counts Eight and Nine);

WHEREAS, the first Criminal Forfeiture Allegation of the Indictment sought the forfeiture, in the event of the Defendant's conviction on the Racketeering offense alleged in Count One, of: (1) any interest the Defendant acquired or maintained in violation of 18 U.S.C. § 1962, pursuant to 18 U.S.C. § 1963(a)(1); and (2) any property constituting or derived from

proceeds which the Defendant obtained, directly or indirectly, from racketeering activity in violation of 18 U.S.C. § 1962, pursuant to 18 U.S.C. § 1963(a)(3), including without limitation $25,000;

    WHEREAS, the second Criminal Forfeiture Allegation of the Indictment sought the forfeiture, upon conviction of one or more of the Embezzlement offenses alleged in Counts Two through Four, of any property constituting or derived from proceeds obtained directly or indirectly as a result of such violations, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), including without limitation $25,451.45;

    WHEREAS, the first and second Criminal Forfeiture Allegations further provided that, if any of the forfeitable property, as a result of any act or omission by the Defendant (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be subdivided without difficulty, it is the intention of the United States, pursuant to 18 U.S.C. § 1963(m) and 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the Defendant up to the value of the forfeitable property described above;

    WHEREAS, on October 13, 2006, after a twelve-day trial, a

jury found the Defendant guilty on Counts One through Six of the Indictment;

WHEREAS, the Defendant had elected to have the Court determine forfeiture in this action;

WHEREAS, during trial, the government presented evidence establishing that the proceeds traceable to Counts One, Two, Three, and Four of the Indictment totaled $25,451.45 in United States currency;

WHEREAS, the United States has not, as of this date, identified specific assets that constitute or were derived from proceeds of the Defendant's racketeering and/or embezzlement crimes;

WHEREAS, the United States has filed a Motion for Order of Forfeiture which would consist of a personal money judgment against the Defendant in the amount of $25,451.45 in United States currency; and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1.  The Defendant shall forfeit to the United States the sum of $25,451.45 in United States currency, pursuant to 18 U.S.C. § 1963, 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2.  This Court shall retain jurisdiction in the case for

the purpose of enforcing this Order.

3.   The United States may, at any time, move pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Order to substitute property having a value not to exceed the amounts set forth in Paragraph 1 to satisfy the money judgment in whole or in part.

                                                        _____
                                                        GEORGE A. O'TOOLE, JR.
                                                        United States District Judge

Date: _____