UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                              )
UNITED STATES                 )
                              )   CASE NO. 05CR10025GAO
v.                            )
                              )
SCOTT BOIDI                   )
_____)


**DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL AND/OR FOR
NEW TRIAL AND INCORPORATED MEMORANDUM OF LAW
REGARDING FORFEITURE COUNTS**

NOW COMES the Defendant, Scott Boidi, through counsel, and respectfully moves this Honorable Court to enter a Judgment of Acquittal pursuant to Fed.R.Crim.P., Rule 29(c) as to Counts 1, 2 and the remaining forfeiture counts and/or to grant him a New Trial pursuant to Fed.R.Crim.P., Rule 33(a).  In support thereof, counsel states the following:

1.      On or about February 3, 2005, Scott Boidi was indicted in a nine count Indictment.

2.      Count One charged him with a substantive RICO violation (to wit; 18 U.S.C. §1962[c]).  It charged that the Defendant conducted he affairs of the "enterprise" (said to be Local 88 of the Laborer's International Union of North America Compressed Air & Free Air Shafts, Tunnels, Foundations, Caissons Test-Boring, Subway, Sewer, Sewer Cofferdam Construction Workers Union of Massachusetts and Vicinity, hereinafter referred to as "Local 88") through a pattern of racketeering activity.

1

3.  Counts Two, Three and Four of the Indictment allege the same conduct described in Racketeering Act Nos. 3, 4 and 5 as being the alleged embezzlement of Union funds on three separate occasions in violation of 29 U.S.C. §501(c).

4.  Counts Five and Six of the Indictment alleged the same conduct described in Racketeering Act Nos. 6 and 7 alleging a conspiracy to possess with intent to distribute cocaine and use of a communications facility as part of the conspiracy.

5.  Boidi was also charged with three separate Criminal Forfeiture Counts based individually upon the drug charges, the embezzlement charges and the RICO charge.

6.  On or about September 26, 2006, a trial commenced in the instant matter.

7.  At trial, the Government introduced evidence generally that the Defendant was the Business Manager of Local 88 and embezzled small amounts of money both in the form of cash and expense reimbursements from Local 88 which he used to purchase cocaine while at Local 88's offices and elsewhere and which he personally used and shared with friends and coworkers at Local 88 and other places.

8.  With respect to Count Two the evidence at trial consisted of a $16,148.93 reimbursement check to Boidi which was in large part for valid expenditures incurred by Boidi for Local 88 on his American Express credit card, but which Boidi ever failed to pay to American Express.

9.  At the conclusion of the Government's case Boidi moved for a required finding of not guilty as to Counts One, Two, Six and the drug forfeiture count.

10. Although the Court denied the motion, significant discussions were had on the adequacy of the Government's proof as to Count Two and what instructions should be given to the jury as to Count Two.

11. On or about October 12, 2006, the Jury began its deliberations.

12. On October 13, 2006, the Jury returned a verdict convicting Boidi of the substantive embezzlement and drug counts in Counts Two thru Six and, as a result, the RICO Conspiracy set forth in Count One.[1]

13. The jury found that Racketeering Acts 1, 2, 7 and 8 were <u>not</u> proved and found Boidi not guilty of Counts Seven, Eight and Nine. (Possession of a Firearm during a drug trafficking crime and two counts of witness tampering).

14. The jury was discharged and the Court scheduled a hearing on the forfeiture counts for November 2, 2006.

15. The Government has indicated that it is not going forward on the drug forfeiture theory, but will go forward on the other two theories.

16. Pursuant to Fed.R.Crim.P., Rule 29(c) this Court may enter a judgment of acquittal after the discharge of the jury.

17. Pursuant to Fed.R.Crim.P., Rule 33(a) this Court may vacate any judgment and order a new trial because the interest of justice so requires.

## ARGUMENT

**A.  WITH RESPECT TO COUNT TWO, THE GOVERNMENT FAILED TO PROVE THAT $14,842.08 OF THE $16,148.93 WAS RELATED TO LEGITIMATE LOCAL 88 BUSINESS.**

Dominic Mazzeo testified on behalf of the Government that the Defendant requested reimbursement of the 16     From Local 88 for expenses incurred on his September and October 2001 American Express Card Statements for Union business. He further testified that of the

---

[1] The Court's instructions and the jury's verdict on Count Five rendered the Rule 29 argument on Count Six moot.

3

charges set forth on those two statements $14,842.08 were legitimately related to the business of Local 88. During closing arguments counsel for the Government argued that because Mazzeo testified that the Defendant told Mazzeo that he had already paid American Express, the Defendant was not entitled to any portion of the $16,148.93. Although the jury may have agreed with this argument as evidenced by its Verdict, this was not an accurate statement of the law with respect to those charges that the evidence conclusively established were related to Local 88 business.

The traditional concept of embezzlement comprises (1) an unauthorized appropriation of property belonging to another when (2) the property is lawfully in the defendant's possession and (3) the defendant acts with the knowledge that his appropriation of the property was unauthorized, or without a "good faith" belief that it has been authorized. *United States v. Stockton*, 788 F.2d 201, 217 (4th Cir. 1986).

The United States Court of Appeals for the First Circuit has held that it order for a defendant to be convicted of embezzlement of union assets, the Government must prove beyond a reasonable doubt that the defendant submitted his requests for payment with the (1) intent to obtain money which had not been spent for a union purpose and (2) did thereafter use that money for a non-union purpose. *United States v. Colella*, 360 F.2d 792, 804 (1st Cir. 1966). In either case, if the funds were spent for a union purpose the defendant was ***not guilty*** of embezzlement. *Id.* In the instant case, the evidence from Dominic Mazzeo was uncontested that $14,842.08 of the $16,148.93 were for legitimate union expenses. As a result, the Jury could not have found the Defendant guilty on Count Two as to the amount charges in the Indictment.

4

A "variance" occurs when the facts charged differ from the facts proved. *Haines v. Risley*, 412 F.3d 285, 291-292 (1st Cir. 2005)(a variance between facts charged and facts proved is permissible, provided it is not prejudicial). Here, there was a variance between the charges and the proof of $14,842.08. This represents an error by the Government of over 91% in the amount allegedly embezzled. Such an overstatement of the crime must be prejudicial *per se*. The difference in the amounts by itself may have influenced the Jury. See *United States v. Bird*, 30 C.M.R. 752, 754 (1961)(variance of $4.00 was not prejudicial). The mere fact that the Government had proven two other embezzlement charges may have led the Jury to agree with the Government's calculation rather than the Defendant's. More importantly, the defense was tailored to first proving that a vast majority of the charges were legitimate union expenses then proving that the personal charges were subsequently reimbursed to Local 88. These are completely different defenses and as such the Jury may concluded that the Defendant was just throwing out defenses to see whether anything stuck. Had the Indictment reflected an accurate amount the defense would have been uniform and the result different.

**B.     THE JURY'S VERDICT IS INCONSISTENT WITH GUILT AS TO COUNT ONE OF THE INDICTMENT**

The Defendant incorporates by reference all previous memoranda and motions regarding the inadequacy of the RICO charges set forth in Count one and the Government's evidence at trial.

In addition, the Jury's verdict establishing the Defendant's guilt as to Count One is not supported by the Racketeering Acts it found to be proved. Specifically, it does not appear that the jury considered the lack of any relationship between Counts Five and Six to the alleged enterprise, Local 88. There was nothing in the record to establish that Local 88 was in the business of distributing cocaine. The Government must show the racketeering acts relate to the

5

enterprise which is known as "vertical relatedness". Vertical relatedness may be shown by showing that the acts related to the business of the enterprise or that the defendant was able to commit the acts solely because of his position in the enterprise. *United States v. Minicone*, 960 F.2d 1099, 1106 (2d Cir. 1998).

Local 88 was a labor union, charged with finding jobs and managing the group benefits and assets of its membership. The evidence of cocaine distribution was that the Defendant would use his union cell phone to arrange for the purchase cocaine while at work, sometimes buy cocaine at the union hall, and use it at the union hall sometimes with other Local 88 members and others. This evidence does not establish either that Local 88 was an "enterprise"[2] engaged in drug distribution or, more importantly, that the drug distribution was related to the business of Local 88. As discussed, the Government took the position that the Defendant stole from Local 88 to buy drugs. Without more, this evidence cannot constitute sufficient evidence of "vertical" relatedness between the Racketeering Acts and the alleged enterprise.

Even assuming that the embezzlement charges were related to the enterprise the Defendant should be granted a new trial as to all counts remaining because he was clearly prejudiced by the presence of the drug counts in this trial which would not have been admissible if the charges were severed.

### C. THE GOVERNMENT'S THEORY OF FORFEITURE IS INCONSISTENT WITH THE EXISTENCE OF ANY FORFEITABLE ASSET

The Government's theory of prosecution was that the Defendant embezzled assets from Local 88 to purchase drugs which he shared with others and personally used. Under this theory there is no forfeitable asset available to the Government. There is certainly restitution of

---

[2]The Government did not charge that Local 88 was in the business of distributing drugs.

6

embezzled assets for the Defendant to contend with, but without a forfeitable *res*, the Government's forfeiture counts must fail. *United States v. Ofchinick*, 883 F.2d 1172, 1183-1184 (3d Cir. 1989)(Congress intended RICO forfeiture statute to remove the profit from organized crime by separating the defendant from his dishonest gains). Here, the Government conceded that there are no dishonest gains to be forfeited.

**D.    THE GOVERNMENT'S DUEL FORFEITURE CHARGES ARE DUPLICITOUS AND WOULD VIOLATE THE DEFENDANT'S DOUBLE JEOPARDY RIGHTS**

The jury found the Defendant guilty of embezzlement and RICO based upon the same embezzled property. Although both statutes enable the Government to seek the forfeiture of assets, the facts in this case are that the underlying conduct is the same embezzlement charges. An indictment is multiplicious if it charges the same act in separate counts. *United States v. Serino*, 835 F.2d 924, 930 (1st Cir. 1987). As a result, it would constitute double jeopardy for the Defendant to be punished twice for the same conduct regardless of whether it is under two different statutes. *Ofchinick*, at 1182.(we do not believe Congress intended to permit the doubling of a forfeiture verdict because the property subject to forfeiture happened to be forfeitable under another forfeiture statute.

7

WHEREFORE, based on the foregoing arguments and authorities this Honorable Court is respectfully urged to enter a judgment of acquittal for the Defendant, or in the alternative grant the Defendant a new trial.

Respectfully submitted,

Peter Charles Horstmann, Esquire
BBO #556377
PARTRIDGE, ANKNER & HORSTMANN
200 Berkeley St., 16th Floor
Boston, Massachusetts 02116
(617) 859-9999

## CERTIFICATE OF SERVICE

I, Peter Charles Horstmann, Esquire, hereby certify that on this 20th day of October, 2006, a copy of the foregoing DEFENDANT'S MOTION FOR JUDGEMENT OF ACQUITTAL AND/OR FOR NEW TRIAL was served electronically upon Laura Kaplan, Assistant United States Attorney, United States Attorneys Office, One Courthouse Way, Suite 9200, Boston, MA 02210.

Peter Charles Horstmann, Esquire