UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                    )
UNITED STATES OF AMERICA        )
                                                    )        CASE NO. 04CR10025GAO
v.                                                 )
                                                    )
SCOTT BOIDI                              )
_____)

### DEFENDANT'S EMERGENCY MOTION FOR RELEASE PENDING SENTENCING HEARING AND INCORPORATED MEMORANDUM OF LAW

NOW COMES the Defendant, Scott Boidi, through counsel, and pursuant to 18 U.S.C.

§3145 (c) respectfully moves this Honorable Court to release him on bail pending a Sentencing

Hearing in the instant matter on the basis of the following factors which were **not** brought to the

Court's attention following the Verdict on October 13, 2006.  First, Mr. Boidi has been

diagnosed with a hernia which requires immediate surgery which would be better conducted

outside the Bureau of Prisons before he begins serving any sentence.  Second, the Defendant is

eligible for the safety valve set forth in 18 U.S.C. § 3553(f)[1] giving this Court substantial

discretion in imposing a sentence beneath the five year mandatory minimum in this matter which

could also reflect the Defendant's post-incident substance abuse rehabilitation.  In support

thereof, counsel states following:

1.        On October 13, 2006, a jury returned a verdict in this case convicting the

Defendant of conspiracy to possess with intent to distribute 500 grams of cocaine which carries a

---

[1]The Government has indicated that it will object to the Defendant's qualifications for the safety valve based upon the acquitted gun charge and acquitted witness tampering charges. However, the Parties have agreed to conduct a safety valve proffer on November 2, 2006.

five year mandatory minimum sentence.

2.      As a result, this Court remanded the Defendant to the custody of the Marshals pending sentencing pursuant to 18 U.S.C. 3143(a)(2).

3.      This Court has scheduled a Sentencing Hearing for January 17, 2006.

4.      Mr. Boidi was recently treated at Plymouth County House of Corrections and diagnosed with a hernia which is need of immediate surgery.[2]

5.      Plymouth will not perform this surgery prior to Mr. Boidi's Sentencing Hearing.

6.      Pursuant to 18 U.S.C. § 3145 (c), this Court retains discretion to release a defendant who has been detained pursuant to section 3143(a)(2), where the defendant otherwise meets the criteria for release set forth in section 3143(a)(1) or (b)(1), "if it is clearly shown that there are exceptional reasons why the person's detention would not be appropriate."

7.      Title 18 U.S.C. § 3143 (a)(2) compels the incarceration of a defendant convicted of a narcotics violation.   Title 18 U.S.C. § 3145 (c), however, permits the Court to continue the release of a defendant otherwise subject to the compulsory imprisonment mandate of § 3143 if "exceptional reasons" are demonstrated.

8.      While § 3145 (c) appears at first reading to contemplate release pending appeal rather than pending sentencing, every Federal appellate Court which has considered the issue has held that the reach of the statute encompasses the authority of the District Courts to exercise their discretion to continue the release of convicted defendants pending sentencing when "exceptional reasons" for such release are present. *United States v. Jones,* 979 F.2d 804 (10th Cir. 1992) (per

---

[2]Counsel has requested documentation of this condition and it will be provided to the Court upon receipt.

curiam); *United States v. Koon,* 6 F.3d 561, 562-563 (9th Cir. 1993); *United States v. Mostrom,*

11 F.3d 93, 95 (8th Cir. 1993); *United States v. DiSomma,* 951 F.2d 494, 496 (2d Cir. 1991);

*United States v. Carr*, 947 F.2d 1239, 1240 (5th Cir. 1991); *Unitec States v. Herrera-Soto,* 961

F.2d 645, 646-47 (7th Cir. 1992). The Sixth Circuit followed these decisions in an unpublished

opinion, *United States v. Thompson,* 951 F.2d 351 (1991).

      9.     The First Circuit has not explicitly held that § 3145 (c) empowers the District

Court to continue the release of a convicted defendant otherwise subject to § 3143 mandatory

incarceration, if exceptional reasons are demonstrated. In *United States v. Mitchell,* 23 F.3d 1 (1st

Cir. 1994), however, the Court reviewing a District Court denial of release pending sentencing

pursuant to § 3143 (a)(2) assumed without deciding that the District Court had the power to

consider continued release pending sentencing. The defendant in that case had failed to make an

argument that exceptional reasons for release existed within the purview of § 3145(c), however,

so there was no analysis of the scope of that specific statute. Given the weight of authority in

other circuits and the silence of the First Circuit in *Mitchell, supra,* where it certainly had the

opportunity to weigh in against District Court authority under § 3145 (c) had it been so inclined,

it may be reasonably presumed that the First Circuit would approve of the position taken by its

brother Circuits on this issue.

      10.    "The determination of whether exceptional reasons have been clearly shown

quintessentially is a fact-finding inquiry requiring a case-by-case analysis." *United States v.*

*Herrera-Soto,* 961 F.2d 645, 647 (7th Cir. 1992). The Second Circuit has defined "exceptional

reasons" as being "a unique combination of circumstances giving to situations that are out of the

ordinary." *United States v. DiSomma,* 951 F.2d 494, 497 (2d Cir. 1991).

11.    The following illustrative District Court decisions have found the "exceptional

reasons" contemplated by § 3145 (c) absent from the facts before them: *United States v. Scott,*

1995 U.S. Dist. Lexis 17820 (E.D. Tex Nov. 22, 1995) (need to assist an infirm parent, including

contributions from employment, disruption of family, insufficient to be exceptional reasons for

release pending sentencing); *United States v. Mahabir,* 858 F.Supp. 504 (D. Md. 1994)

(disruption of family life); *United States v. Taliaferro,* 779 F. Supp.836 (E.D. Va. 1992)

(defendant's daughter's difficult pregnancy); *United States v. Lippold,* 175 F. Supp. 537 (S.D.

N.Y. 2001) (work, church involvement, minimal role in offense insufficient to constitute

exceptional reasons).

12.    Other District Courts have found exceptional reasons under § 3145 (c) for pre-

sentencing release present in the following cases: *United States v. Bleka,* 2005 U.S. Dist. Lexis

32153 (N.D. Ill. 2005) (defendant sole owner of trucking company which provided entire income

for family, who needed the time to arrange for sale of company prior to incarceration); *United

States v. Charger,* 918 F. Supp. 301 (D.S.D. 1996) (positive family influence on alcoholic

defendant and likely granting of downward departure at sentencing); *United States v. Perez,* 1998

U.S. Dist. Lexis 10113 (D. Conn. June 10, 1998) (learning disability, mental condition, potential

custody issues of children and employment record); *United States v. Ameneiro*, 1996 U.S. Dist.

Lexis 1448 (N.D. Ill. 1996) (employment up until time of incarceration, failure to flee while on

bond, ties to community and length of expected sentence); *United States v. Boston,* 824 F. Supp.

98 (N.D. Tex. 1993) (defendant pleaded guilty and cooperated and might be subject to retaliation

if incarceration before sentencing); *United States v. Bloomer,* 791 F. Supp. 100, 102 (D. Vt.

1992) (relationship to family, and to unrelated family, medical condition, and employment);

*United States v. Stein,* 1992 U.S. Dist. Lexis 10781 (D. Or. July 15, 1992) (employment and a

place to stay while on release, full cooperation with Pretrial Services before trial, strong family

ties and no risk of danger to community).

13.     Mr. Boidi presents reasons more exceptional than these illustrative cases cited. He

is in need of immediate surgery which would be test performed outside of the Bureau of Prisons.

He is also eligible for a safety valve reduction in his mandatory minimum sentence which

combined with his exceptional drug rehabilitation and his eligibility for the drug program, could

result in a relatively short prison sentence.

14.     Mr. Boidi is clearly not a danger to the community or a risk of flight.  His

personal history and ties to the community are also compelling evidence of his lack of

dangerousness and the remoteness of any flight attempt.

15.     Mr. Boidi has fully complied with all his conditions of release since his arrest, and

may be expected to continue his faithful compliance if his release is continued until he is

ultimately sentenced.

16.     Mr. Boidi was released for over a year pending trial in this case and received a

glowing report from Pretrial Services regarding his cooperation and perfect compliance with

random drug testing.

17.     Mr. Boidi can also be released on electronic monitoring and home confinement

during the period of time before his sentencing hearing with exclusions for medical treatment.

18.     All of the facts described above should be considered in the Court's analysis of

whether they individually or as a whole constitute "exceptional reasons" for his continued release

pending sentencing.  Mr. Boidi's health alone is a sufficient "exceptional reason" for his

5

continued release, and that the facts taken together compel the conclusion that his continued

release would be appropriate, humane, and in full accordance with the intent and spirit of 18

U.S.C. § 3145 (c).

WHEREFORE, this Honorable Court is respectfully urged to release Mr. Boidi on bail or

conditions of home confinement pending a Sentencing Hearing in the instant matter.

Respectfully submitted,

_____
Peter Charles Horstmann
BBO# 556377
Partridge, Ankner & Horstmann
200 Berkeley Street
Boston, MA 02116
(617) 859-9999

**CERTIFICATE OF SERVICE**

I, Peter Charles Horstmann, hereby certify that on this ___ day of October, 2004, a copy
of the foregoing was served electronically upon Laura Kaplan, AUSA, U.S. District
Attorney's Office, John Joseph Moakley U.S. Courthouse, One Courthouse Way, Boston,
MA 02110.

_____
Peter Charles Horstmann