UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CASE NO. 04CR10025GAO |
| v. ) | |
| ) | |
| SCOTT BOIDI ) | |

**DEFENDANT'S OBJECTION TO CONTINUANCE OF SENTENCING
HEARING BASED UPON HIS MEDICAL CONDITION AND
RENEWED MOTION FOR RELEASE PENDING SENTENCING,
AN INDEPENDENT MEDICAL EXAMINATION AND/OR A
TRANSFER TO FORT DEVENS MEDICAL CENTER**

NOW COMES the Defendant, Scott Boidi, through counsel, and respectfully objects to the continuance requested by the Probation Department[1] based upon his medical condition and lack of treatment at Plymouth House of Correction. In support thereof, counsel states the following:

1. The Defendant has twice previously moved for release pending sentencing on the basis that his medical condition is not being addressed at Plymouth House of Correction.

2. The Defendant incorporates by reference his prior memoranda for support for his release pending sentencing.

3. The Defendant submits an Affidavit herewith outlining the lack of medical

---

[1]The Defendant does not dispute the Probation Department's asserted reason for the continuance. However, any continuance that prolongs his stay at Plymouth is viewed as detrimental to his health.

        attention available to him at Plymouth.

4.     The Defendant objects to a continuance of his Sentencing Hearing based upon the delay which will result in his obtaining adequate medical treatment.

5.     As set forth in the Affidavit, the Defendant's condition is bad enough that he has been restricted from recreation and lifting anything over 10 pounds, but has received no follow-up treatment from a doctor since his arrival at Plymouth in October.

6.     Based upon information and belief there is a forty day or more delay in transfering inmates from Plymouth once thy are sentenced.

7.     This Court also has authority to order an independent medical examination of the Defendant and/or to transfer him to Ft. Devens for further medical treatment

WHEREFORE, this Honorable Court is respectfully urged to release Mr. Boidi on bail or conditions of home confinement pending a Sentencing Hearing in the instant matter or to grant

any further relief it may deem appropriate.

                                              Respectfully submitted,

                                              _____
                                              Peter Charles Horstmann
                                              BBO# 556377
                                              Partridge, Ankner & Horstmann
                                              200 Berkeley Street
                                              Boston, MA 02116
                                              (617) 859-9999

## **CERTIFICATE OF SERVICE**

     I, Peter Charles Horstmann, hereby certify that on this 12th day of January, 2007, a copy of the foregoing was served electronically upon Laura Kaplan, AUSA, U.S. District Attorney's Office, John Joseph Moakley U.S. Courthouse, One Courthouse Way, Boston, MA 02110.

                                              _____
                                              Peter Charles Horstmann

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES )<br>)<br>v. )<br>)<br>SCOTT R. BOIDI, )<br>    Defendant. )<br>) | Criminal No.: 05 CR 10025-GAO |

### AFFIDAVIT OF SCOTT BOIDI

I, SCOTT BOIDI, hereby declare under the penalties of perjury that:

1. I am the Defendant in the instant matter.

2. I was diagnosed with an inguinal hernia upon my arrival at Plymouth.

3. I have not been examined by a doctor since my initial intake and the intake examination was limited to a visual observation.

4. The nursing staff provided me with a truss to eliminate my pain and discomfort.

5. The pain continues to increase and the hernia is increasing in size.

6. I continue to complain about pain and discomfort and I was given Advil for one and a half weeks, which inexplicably stopped.

7. I was also issued a bottom bunk pass and a doctor's recommendation for: no lifting over 10 pounds, no physical activities and no recreation deck. In other words, I cannot do anything.

1

8. At my last meeting with the nursing staff I was asked by a female nurse why I cannot, "just tuck it back in?" in an insulting tone that suggested that I was not suffering from a medical condition. I was further told that, "if you can tuck it in, you are O.K."

9. No surgical consultation has been scheduled for me.

10. I am worried about retaliation for complaining too much because I have heard that inmates who complain too much may be denied medical treatment altogether and I have witnessed this with respect to another prisoner on my block.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 11th DAY OF JANUARY, 2007.

_____
Scott Boidi